C-07-4925 CW

FILED
SEP 2 1 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND SF

2 of

EXHIBIT

"A"

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: FEB 2 1 2007

In re: Woodson, P-76095
High Desert State Prison
P.O. Box 270220
Susanville, CA 96127

IAB Case No.: 0606000 Local Log No.: SVSP 06-00952

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. G. Arceo, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I **APPELLANT'S ARGUMENT:** It is the appellant's position that on March 23, 2006, while in handcuffs, Correctional Officers (CO) J. Rodriguez, Vega, Camerena and others under the supervision of Correctional Sergeant Kircher used excessive and deliberate force to control him. He requests an internal affairs investigation into this misconduct; and he wants to suffer no reprisals for filing this complaint.

II **SECOND LEVEL'S DECISION:** The reviewer found that an appeal inquiry was conducted into the appellant's complaint. Supervisory staff completed the inquiry, notified the appellant upon completion, and notified him of the inquiry's findings at the Second Level of Review (SLR). The appeal was partially granted at the SLR.

III **DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A. FINDINGS:** Upon review of the documentation submitted, it is determined that the staff complaint has received the required review.

In the event that staff misconduct is substantiated, the institution will take the appropriate course of action. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public or the inmate population, and would not be released to the appellant. In this case, the institution has reported the disposition to the appellant.

Although the appellant has the right to submit an appeal as a staff complaint, the request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the appeals process.

**B. BASIS FOR THE DECISION:**
California Penal Code Section: 832.5, 832.8
California Code of Regulations, Title 15, Section: 3004, 3371.1, 3391

**C. ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc: Warden, HDSP
Appeals Coordinator, HDSP
Appeals Coordinator, SVSP

Attachment E 2/21/06

State of California

# Memorandum

RET'D JUN - 2 2006

Date : April 25, 2006

To : Inmate Woodsen, Thomas (P-76095)
D-8 124, SVSP

Subject: **STAFF COMPLAINT RESPONSE - APPEAL # SVSP-C-06-00952**

**APPEAL ISSUE:** Appellant alleges that on March 23, 2006 Correctional Officer's J. Rodriguez, D. Vega, E. Camarena and Correctional Sergeant M. Kircher used excessive force when escorting him to the Facility holding cells. The Appellant alleges that as a result of the excessive force used he incurred multiple injuries to include a swollen scraped eye, knot on shoulder with skin scraped off, separated shoulder and scraped knees.

**DETERMINATION OF ISSUE:** A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal has been handled as follows:

☒ PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY

**SUMMARY FOR APPEAL INQUIRY:**
You were interviewed on May 4, 2006 by Lieutenant P. Roque and stated you had nothing further to add. The following information was reviewed as a result of your allegations of staff misconduct: Your CDCR 602 form, CDCR 7219 medical evaluation and incident package SVP-FC3-06-03-0167.

**FINDINGS FOR AN APPEAL INQUIRY:**
Your appeal is PARTIALLY GRANTED at the ☒ First level, as an inquiry into your allegation has been conducted **OR** as an investigation is being conducted. ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, results of any inquiry/investigation will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review. Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

P. Roque, Facility Lieutenant

G. Ponder, Facility Captain

Attachment E 2/21/06

State of California

# Memorandum

Date: August 10, 2006

To: Woodson, # P-76095
C3-105, Salinas Valley State Prison

Subject: **STAFF COMPLAINT RESPONSE - APPEAL # SVSP-C-06-00952**

**APPEAL ISSUE:** The appellant states that on March 23, 2006 Correctional Officers J. Rodriguez, D. Vega, E. Camarena and Correctional Sergeant M. Kircher used unnecessary force against the appellant even though the appellant was cooperating with the officers.

**DETERMINATION OF ISSUE**: A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal has been handled as follows:

☒ PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐ REFERRED TO THE OFFICE OF INTERNAL AFFAIRS (Note: You will be notified of the conclusion of any internal affairs investigation)

**SUMMARY FOR APPEAL INQUIRY:**
The appellant was interviewed on May 4, 2006 by Lt. P. Roque and stated that he had nothing further to add to his appeal. The following witnesses were questioned: Correctional Officers E. Camarena, J. Rodriguez, D. Vega, J. Parra, and Correctional Sergeant M. Kircher. The following information was reviewed as a result of your allegations of staff misconduct: CDC 7219, incident package (FC3-06-03-0167), Use of Force Critique for said incident, RVR Log #C06-03-0020 "Resisting Staff with Physical Force" adjudicated 6/19/06 where the appellant was found guilty of the charged offense.

**FINDINGS FOR AN APPEAL INQUIRY:**
Your appeal is PARTIALLY GRANTED at the ☐ First level ☒ Second level, as an inquiry into your allegation has been conducted. ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, results of any inquiry/investigation will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review.

Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

A. HEDGPETH / [signature] CDW
Chief Deputy Warden
Salinas Valley State Prison

8/14/06
Date

State of California

# INMATE / PAROLEE APPEAL SCREENING FORM

Department of Corrections and Rehabilitation
CDCR-695

INMATE: Woodson CDC #: P-76095 CDC HOUSING: C3-105

THIS IS *NOT* AN APPEAL RESPONSE – THIS APPEAL IS EITHER REJECTED FOR ONE OR MORE REASONS NOTED BELOW OR RETURNED TO YOU TO ATTACH SUPPORTING DOCUMENTS.

**YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):**

[ ] Duplicate Appeal; Same Issue
[ ] Do Not Combine Staff Complaints with Other Issues
[ ] Time Constraints Not Met
[ ] Cannot Submit On Behalf Of another Inmate
[ ] No Significant Adverse Effect Demonstrated
[ ] Pointless Verbiage/Appeal is vague
[ ] Incomplete 602
[X] Attempting to Change Original Appeal Issue
[ ] Not Authorized to Bypass Any Level
[ ] Request for Interview; Not an Appeal
[ ] Numerous and separate issues
[ ] Limit of One Continuation Page May Be Attached
[ ] Inappropriate Statements
[ ] Action / Decision Not Taken By CDCR
[ ] DRB Decisions Are Not Appealable
[ ] Appealing Action Not Yet Taken
[ ] May Submit One (1) Non-Emergency Appeal Per Week
[ ] Not A Request Form; Use CDCR-7362 – to access Medical Services, submit your request on a CDCR-Form 7362. If necessary, sign up for sick call.
[ ] Write your appeal in black or blue ink, this is a legal document and pencil/inks other than black or blue do not copy legibly

**PLEASE FOLLOW INSTRUCTIONS AND RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS**

**Comments: You may write on back of this form to clarify or respond to the above.**

you are attempting to change the appeal issue.

↓ note ↓

REC'D JUL 05 2006

It is incomprehensible to Appellant that you Eloy Medina have difficulty understanding an appeal in such conspicuous language as this one. Internal Affairs has not contacted Appellant with information of the investigation. However Appellant has and is suffering plenty of harrassment and ill treatment in A.S.U as a result of its filing. Mr. Medina, the reverse side of this sheet is information to further clarify myself in this matter, should that still not satisfy you, I am willing to sit down and interview with you per. CCR 3084.3, "when an appeal indicates the Appellant has a difficulty describing the problem in writing . . . The Appeals Coordinator shall (mandatory language) arrange an interview with the Appellant to provide assistance in clarifying or completing the appeal."

— SEE Reverse Side —

REC'D AUG 01 2006

Eloy Medina, CC-II
Appeals Coordinator

Date: 6/15/06

DELIVERED JUN 27 2006

**This screening action may not be appealed. If you allege the above reason is inaccurate, then attach an explanation on a separate piece of paper, or use the back of this screen out – *do not write any more on the appeal itself.* Please return this form to the Appeals Coordinator with the necessary information attached.**

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

This Appeal indicates violation of Cal. Code Reg. 3391(a) misconduct

CDW/Medina 3rd

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE APPEAL FORM

CDC 602 (12/87)

Location: Institution/Parole Region 1. SVSP C 2.

Log No. 1. 06-00852 2.

Category 7

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

Staff Complaint — resisting staff 837 3/23/06

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
| --- | --- | --- | --- |
| Woodson | P-76095 | | C-3-105 |

A. Describe Problem: ON march 23, 2006 a willful and deliberate Eighth Amendment right violation was Committed under color of state law by S.V.S.P C/o's J. Rodriguez, Vega, Camerena and a troop of other officers of which Appellant didn't catch there names. The excessive and brutal treatment of Appellant was sanctioned by Sergeant Kircher who stood by deliberately indifferent and made no attempts to tame, Control, manage, or restrain his subordinates from using excessive force Against Appellant while Appellant was handcuffed and cooperative. Appellant was treated with unreasonable and harsh brutality for asking to speak with Sgt. Kircher about C/o J. Rodriguez thrashing Appellants cell on a spontaneas search for a "lid". The brutality produced the Causation of multiple injuries. During the brutalizat[ion] App[ellant]

If you need more space, attach one additional sheet. Please see Continuation sheet front and back w/ misconduct form Attached

B. Action Requested: A full investigation into the misconduct to be conducted by Internal Affairs and the appropriate disciplinary measures be implemented. Appellant would like the institution to abide by the "NO reprisal" Policy per. Cal. Code reg. 3084.1 (d) D.O.M 31140.1

Inmate/Parolee Signature: Thomas Woodson

REC'D MAR 27 2006

Date Submitted: 3/26/06

C. INFORMAL LEVEL (Date Received: ____________)

RET'D JUN - 2 2006

REC'D JUL 0 5 2006

Staff Response:

BYPASS

Staff Signature: ____________ Date Returned to Inmate: ____________

RECEIVED SEP 12 2006 INMATE APPEALS BRANCH

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

REC'D AUG 01 2006

RECEIVED NOV 20 2006 INMATE APPEALS BRANCH

BYPASS

Signature: ____________ Date Submitted: ____________

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

mm

First Level ☐ Granted ☒ P. Granted ☐ Denied ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 3/28/06 Due Date: 5/9/06

Interviewed by: See attached.

Staff Signature: (4) [signature] Title: ______ Date Completed: ______

Division Head Approved: Returned

Signature: ______ Title: ______ Date to Inmate: ______

RET'D AUG 21 2006

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

DELIVERED JUL 28 2006

Section F amended by Appellant; see attached page

~~Appellant is dissatisfied with the [illegible] appellant is suffering behind staff complaint [illegible] SVSP [illegible] in violation of CCR 3084.1(d) being isolated in administrative segregation and placed on a disciplinary status stripped of property and privileges and treated unjustly. Administrative officers Lt [illegible] and Sgt. Shelby authorized by [illegible] has sanctioned this treatment against Appellant under the guise of investigation precautionary measure. Appellant seeks relief from this arbitrary and capricious situation.~~

Signature: Thomas Woodson Date Submitted: 6/14/06

RECEIVED JUN 15 2006 RECD JUN 30 2006 DELIVERED JUN 27 2006

Second Level ☐ Granted ☒ P. Granted ☐ Denied ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 8/2/06 Due Date: 8/29/06

☒ See Attached Letter

DELIVERED JUL 27 2006

Signature: [signature] Date Completed: 8/10/06

Warden/Superintendent Signature: [signature] RET'D AUG 21 2006 Date Returned to Inmate: ______

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

This staff misconduct Complaint appropriately and timely submitted per 3391 of the T.15 Admin. Code has not been taken serious by prison officials. It is and was warranting an Internal Affairs investigation independent of the S.V.S.P "Green Wall Mafia" Nothing has been done other than to further harrass and discourage Appellant. Appellants witnesses were never interviewed and statements never recorded. The only witnesses interviewed were the perpetraitors of the malicious, wanton and sadistic acts themselves. The only evidence relied upon is a cover up, retaliatory RVR # C06-03-0020 written after and given to Appellant after Appellant reported the excessive and (See Attached sheet) Yellow sheet

Signature: Thomas Woodson Date Submitted: 9/3/06

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

RECEIVED SEP 05 2006 [illegible]

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☒ Denied ☐ Other

☒ See Attached Letter

Date: FEB 21 2007

CDC 602 (12/87)

Pg 2. Cont.: from Section A 3/24/06

incurred multiple injuries. A swollen eye with skin scraped off facial area directly under eye. Swollen knot on shoulder with skin scraped off. Shoulder seperation, swollen and scraped skin off knees. Severe back pain. Appellant was examined by Dr. Sid and 2nd watch R.N. injuries were documented on a 7219 injury report. Appellant requested shoulder harness or sling for injured shoulder. Appellant was denied due to the bone popping back into socket. Appellant was denied the right to have photos taken of injuries. Appellant was placed in standing room only cage in leg irons and hand cuffs squeezed tightly to cut off circulation. The cage located in a small room in the back of the old hobbie shop, Appellant was placed in the area in the Mechanical restraints and injured, with the lights turned off for over 3 hours as the C/O's J. Rodriguez, Vega, Caremena and Sgt Kircher laughed and obscenely ridiculed Appellants pleas for just treatment during the assault. The pain, anguish, and emotional stress was Tantamount to a Guantanamo Bay or ABu Graib experience in violation of Cal. Code Regs. § 3280 (b) Const. Amendment VIII, See furman v. Georgia, 408 U.S. 238, 279, 92 S. ct. 2726, 33 L. Ed. /408 F. Supp. at 547. / Violation of Cal. Code Reg. § 3280 (a). The treatment of Appellant unequivocally qualifies as unnecessary excessive force (Hudson v. McMillian, 503 U.S. 1 (1992) for its unnecessary and wanton infliction of pain, suffering and injury. There is no program here, just an ongoing campaign of harassment spurring frustration and an unhealthy environment with no oversight for lawless officials. Warden Micheal Evans and C-facility Captain Ponder are as culpable as their subordinates who commit these violations of policy, procedure and constitutional law. Salinas Valley's notorious "Green Wall Gang", is alive and well.

T. Woodson P-76095

1. Back Side

Continued: from section H:

unnecessary use of force resulting in injury. Appellant re-allege and re-incorporate Section A. and Continuation Sheet of 602 Appeal, truthfully and honestly of events occuring on March 23, 2006 at approx. 1:30 p.m., Violating Title 15 Admin. Code 3268 (a)(2)(3), 3004 (a)(b), 3271. In addition California Penal Code § 2650-2652 and the Eighth Amendment to the Constitution of the United States (see Hudson V. McMillan U.S., 112 Sct. 995 (1992). for the foregoing reasons and the retaliatory measures, treatment, and tactics (3084.1(d) T.15 Admin. Code) further destableizing Appellant. As set forth above Appellant brings forth this Staff Complaint per T. 15 Admin. Code 3391(a), P.C. 832.5 for Directors level assistance at the third level of review. Thank you.

Respectfully /s/ Thomas Woodson
9/3/06

Department of Correction

# ALLEGATION OF MISCONDUCT BY PEACE OFFICER
## NOTICE OF RIGHTS AND RESPONSIBILITIES

**Penal Code Section 148.6 - Falsely Reporting Police Misconduct.**

(a) Every person who files any allegation of misconduct against any peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2, knowing the report to be false, is guilty of a misdemeanor.

(b) Any law enforcement agency accepting an allegation of misconduct against a peace officer shall require the complainant to read and sign the following information advisory, all in boldface type:

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A DEPARTMENTAL PEACE OFFICER FOR ANY IMPROPER PEACE OFFICE CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. COMPLAINTS AND ANY REPORTS OF FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING THAT IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE IN A CRIMINAL COURT.**

Thomas Woodson
Complainant's Signature

P-76095
CDC No.

3-24-06
Date Signed

Receiving Staff's Signature

Date Signed

Log No.

Thomas Woodson P76095, D-2-127
Salinas Valley State Prison
P.O. Box 1050
Soledad CA 93960-1050

7/31/06

To: Appeals Coordinator for SVSP (Eloy Medina)

RE: Staff Complaint 602 Log # SVSP C-06-00952
Notice to Amend Section F. on 602 form

The statements set forth below in this document are to Amend section F. of 602 Appeal log # SVSP C-06-00952.

Section F of 602: Dissatisfaction Comes from the serious appeal of staff misconduct per Calif. Code of Reg. T.15 § 3391 (a) § 3268 (a)(2)(3) § 3268.2 (b)(1)(5) of excessive, sadistic, malicious, and wanton use of unnecessary force where Appellant sustained serious injury as defined in Cal. Code of Reg. Title 15 § 3000, not being properly or appropriately investigated by the Office of Internal Affairs, with relevant evidence (witnesses) as defined in CCR T.15 § 3000 not being reviewed as defined in CCR T.15 § 3000. With the incident being properly reported by Appellant per. Cal. Code of Reg. T.15 § 3391 § 3382 (b) to the Appropriate Administrative remedy per. CCR T.15 § 3084.1 "Right to Appeal". The inquisition into the matter has fell below Departmental standards per. P.C. 830. In turn violating Appellant procedural due process and equal protection under Legislative operational policy CCR.

[signature] P76095
7/31/06

State of California

# INMATE / PAROLEE APPEAL SCREENING FORM

Department of Corrections and Rehabilitation
CDCR-695

NMATE: Woodson CDC #: P-76095 CDC HOUSING: C3-105

THIS IS *NOT* AN APPEAL RESPONSE – THIS APPEAL IS EITHER REJECTED FOR ONE OR MORE REASONS NOTED BELOW OR RETURNED TO YOU TO ATTACH SUPPORTING DOCUMENTS.

**YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):**

[ ] Duplicate Appeal; Same Issue
[ ] Do Not Combine Staff Complaints with Other Issues
[ ] Time Constraints Not Met
[ ] Cannot Submit On Behalf Of another Inmate
[ ] No Significant Adverse Effect Demonstrated
[ ] Pointless Verbiage/Appeal is vague
[ ] Incomplete 602
[X] Attempting to Change Original Appeal Issue
[ ] Not Authorized to Bypass Any Level
[ ] Request for Interview; Not an Appeal
[ ] Numerous and separate issues

[ ] Limit of One Continuation Page May Be Attached
[ ] Inappropriate Statements
[ ] Action / Decision Not Taken By CDCR
[ ] DRB Decisions Are Not Appealable
[ ] Appealing Action Not Yet Taken
[ ] May Submit One (1) Non-Emergency Appeal Per Week
[ ] Not A Request Form; Use CDCR-7362 – to access Medical Services, submit your request on a CDCR-Form 7362. If necessary, sign up for sick call.
[ ] Write your appeal in black or blue ink, this is a legal document and pencil/inks other than black or blue do not copy legibly

PLEASE FOLLOW INSTRUCTIONS AND RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS

**Comments: You may write on back of this form to clarify or respond to the above.**

Woodson- I am having no difficulty understanding your appeal or your statements of dissatisfaction. Your original appeal issue was your allegations of misuse of force on 3/23/06. Your appeal was correctly accepted as a "Staff Complaint" and processed. In Section F you attempted to introduce additional allegations (retaliation, ASU placement, disciplinary restrictions). You have already placed appeals in on these other peripheral issues. Therefore, as I stated before, you are attempting to change your appeal issue. You need to amend Section F to only pertain to the original appeal issue. refusal to cooperate is grounds for cancellation of the appeal.

RECD AUG 01 2006

Amendment enclosed (section F.)

Eloy Medina, CC-II
Appeals Coordinator

Date: 7/6/06

This screening action may not be appealed. If you allege the above reason is inaccurate, then attach an explanation on a separate piece of paper, or use the back of this screen out – *do not write any more on the appeal itself.* Please return this form to the Appeals Coordinator with the necessary information attached.

PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE

STATE OF CALIFORNIA
COUNTY OF MONTEREY

(C.C.P. SEC. 466 & 2015.5; 28 U.S.C. SEC. 1746)

I, Thomas Woodson declare under penalty of perjury that: I am the Declarant in the above entitled action; I have read the foregoing documents and know the contents thereof and the same is true of my own knowledge, except as to matters stated therein upon information, and belief, and as to those matters, I believe they are true.

Executed this 3rd day of September, 2006, at Salinas Valley State Prison, Soledad, California 93960-1050.

(Signature) [signature]
DECLARANT/PRISONER

---

PROOF OF SERVICE BY MAIL
(C.C.P. SEC 1013(a) & 2015.5; 28 U.S.C. SEC. 1746)

I, Thomas Woodson, am a resident of California State Prison, in the County of Monterey, State of California; I am over the age of eighteen (18) years and am/am not a party of the above entitled action. My state prison address is: P.O. Box 1050, Soledad, California 93960-1050.

On Sept. 3rd, 2006, I served the foregoing: Staff complaint per 3391(a) and P.C. 832.5

(Set forth exact title of document(s) served)

On the party(s) herein by placing a true copy(s) thereof, enclosed in sealed envelope(s), with postage thereof fully paid, in the United States Mail, in a deposit box so provided at Salinas Valley State Prison, Soledad, California 93960-1050.

Director of Correction P.O. Box 942883 Sacramento, CA 94283-0001

(List parties served)

There is delivery service by United States Mail at the place so addressed, and/or there is regular communication by mail between the place of mailing and the place so addressed.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: Sept. 3rd, 2006

[signature]
DECLARANT/PRISONER

Thomas Woodson P-76095, D-8-225
Salinas Valley State Prison.
P.O. Box 1050
Soledad CA 93960-1050

Date: 11/16/06

To: Mr. Grannis, Chief Inmate Appeals Branch

The documentation you are asking for is seperate and subsequent to the filing of this misconduct appeal. The CDC 115 Rules Violation Report (C06-03-0020) is already in your office, sent 8/30/06 complete with CDC 7219 injury report and 837 incident report (FC3-06-03-0167). The above RVR and such is smear campaign and retaliation for the matter set forth before you wich preceeded that action. Please process this appeal to avoid undue delay and irrepperable harm that may ultimately result in injustice (See, Greenbolt V. Munro (1958) 161 Cal. App. 2d 596, 606.

[signature]
Thomas Woodson P-76095

STATE OF CALIFORNIA – DEPARTMENT OF CORRECTIONS AND REHABILITATION ARNOLD SCHWARZENEGGER, GOVERNOR

***INMATE APPEALS BRANCH***

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001




November 9, 2006

WOODSON, CDC #P-76095
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

Re: Institution Appeal Log #SVSP 06-00952 Staff Complaint

Dear Mr. WOODSON:

The enclosed documents are being returned to you for the following reasons:

Your appeal is incomplete. You must include supporting documentation. Your appeal is missing the completed CDC 115, Rule Violation Report (C06-03-0020); the CDC 7219, Report of Injury; the complete CDC 837, Incident Report (FC3-06-03-0167).

Your assigned counselor, the Appeals Coordinator, or your Parole Agent can answer any questions you may have regarding the appeals process. Library staff can help you obtain any addresses you need.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

Declaration

On the 23 of March 2006 Officers Came into Search for a "missing Lid" they were Visibly angry and used aggressive language to get each Cell to "CUFF UP".

we also witnessed Officers forcibly "Take down" Inmate Woodson from cell #105 for nothing other than attempt to ask for the Sgt.

Officers Slammed this cuffed and non resisting inmate into the ground and they planted Knees into his back, legs and neck.

And Still he did not resist. Correctional Officers could be seen yankin up his arms and twisting his foot as they placed leg irons on him.

This was Completely unnecssary and unprofessional in method, tactic and procedure - all under the Supervision of the Sgt.

They then lauGhed about it front of his cell and ear shot of us inmates in #104 "Tear his fucken house up" one said and they Could be heard doing So.

we do declare under the Penalties of Perjury that this declaration is true and Correct.

We witnessed this on the 23rd day of march 2006.

Victor A. Roldán # H05477 C3104 [signature] Victor A. Roldán

George M. Flores # H62771 C3104 [signature] George Flores

# - Declaration -

Date 3-23-06

On the above Datee, Officer where doing a cell search, About 1:30 - 2:0'clock I heard officer say, Take him down... So I went to the cell door look out window... An say 4 To 5 Officer Rushing an inmate to Ground that was hand cuff already...

This is my statement on this issue

Inmate Brown #P-16432, Bed 211L

Michael Day H-84996 C3-204

On 3-23-06, I (Michael Day H-84996) Saw The C/O's push Inmate Woodson P76095 to the ground in The A Section door, like ten to fifteen, and excessivly restraining his already hand cuffed arms.

I didn't See the incident that Started it all as it happened on first teir, but I Saw the officer's trying to manhandle MR. Woodson towards The door of A Section, Then throw him to The floor and practically "dog pile" on top of him, ten to fifteen officers deep, Then hit Their alarm - for whatever reason.

After a few minutes of This "restraining" They got MR. Woodson up and took him out of The Section.

AFFIDAVIT

I, MICHAEL JACKSON SWEAR THAT THE FOLLOWING IS TRUE TO THE BEST OF MY KNOWLEDGE.

MARCH 23, 2006 WHILE INMATE Woodson P-76095 WAS BEING ASSAULTED, I WITNESS UP TO 15 OR MORE CORRECTIONAL OFFICERS USE EXCESSIVE FORCE. AT THAT TIME, I NOTICE THE OFFICERS PLACING INMATE Woodson P-76095 IN LEG CHAINS WHILE KICK'IN HIM, UNJUSTIFIED SINCE THE RESULT OF SUCH PUNISHMENT WAS, WHILE HE WAS ALREADY IN HANDCUFFS. INFLICTION OF PAIN WITH NO LEGITMATE PURPOSE.

DATED: MARCH 24, 2006 SIGNED: Michael Jackson / T-86753

I, Tyrone Browder C-16314 declare that On Thursday 3/23/06 inmate Woodson C-3-105L called me to his cell befor I started cleaning his section, after Facility C staff/officers had pull inmates out of their cells in handcuffs to serch the cell. And, subsequenlly inmate Woodson inform me of the injuries he suffered due to him complaining of a improper search of his cell, also I personally seen some fresh wounds on his body wherein it appeared he had been drag on the right side of his face, right shoulder, and both of his Knees. Also, these wounds are for certain consistent with being drag in handcuffs.

I, declare under penalty of perjury that the forgoing is true and correct.

[signature]

Date: March 26, 2006

Declaration of (Mike Jacobsen V-51620)

I am a prisoner at Salinas Valley State Prison, P.O. Box 1050 Soledad, CA. 93960, if called to testify to the statements below I could and would competently testify to the matter set forth below

On March 23, 2006 at approx. 2:00 p.m. I, Mike Jacobsen V-51620 was taken from one standing room only cage in the back of the hobby shop to a room with four other standing room only cages. Officer J. Rodriguez escourted me from one room to the other. While entering the 2nd room C/O J. Rodriguez purposely walked my right shoulder into the door frame as we entered, then threw my while cuffed and shackled into the small standing room only cage, my head slamming into the back wall. As C/O J. Rodriguez locked my cage he stated "Dont ever tell me 'fuck you'." This was C/O J. Rodriguezs' retaliation for words we had had while I was in the 1st 'olding cell cage over not getting decontaminated from the O.C. spray I had on me.

In this new room with 4 standing cages inmate Woodson P-76095 was in the cage next to me. He was moaning and appeared to be in extreeme pain. His legs were still in shackles but he had been uncuffed for the MTA to examine him. I was not present while the MTA had examined him. Tim Woodson P-76095 did appear to have a sarape under his right swollen eye

He told me that he had suffered a dislocated shoulder. I/m Woodson P-76095 told me that he had been brutalized by C/o J. Rodriguez, C/o D. Vega, C/o Camerena, C/o J. Parra, and Sgt. Kirchar had told them to do it. He said he tried to report harrassment during a cell search and Sgt. Kircher refused to intervene or do anything and ordered I/m Woodson P-76095 taken down.

As Woodson was telling me what happened C/o J. Rodriguez intered the room, laughed at I/m Woodson and told him "you got fucked up". He told I/m Woodson to turn around and cuff up. I/m Woodson sated that he had a dislocated shoulder and the MTA told him he was getting a "cuff-in-the-front" chrono. C/o J. Rodriguez pulled out his pepper spray, aimed it at I/m Woodsons face and told him, "turn around and cuff up or get sprayed".

By this C/o J. Rodriguez being the same officer who purposely walked me into the wall then threw me into my cage, there is no doubt in my mind that he participated in the abuse of I/m Woodson P-76095 on March 23, 2006.

I mike Jacobsen V-51620 declare under penalty of perjury that the foregoing is true & correct. Executed on this 8th day of December 2006 at Salinas Valley State Prison, P.O. Box 1050, Soledad, CA. 93960.

Mike Jacobsen V-51620

Mike Jacobsen

DECLARATION OF MICHAEL BELL C.D.C T-43037

I AM A PRISONER AT SALINAS VALLEY PRISON, P.O. BOX 1050, SOLEDAD C.A. 93960-1050; IF CALLED TO TESTIFY TO THE STATEMENTS BELOW I COULD AND COMPETENTLY TESTIFY TO THE MATTER SET FORTH BELOW

ON 3-23-06 AT APPROX 1:30 P.M. I INMATE MICHAEL BELL T43037 RESIDED IN BLDG C-3, CELL 201 WITNESSED SEVERAL OFFICERS THROW INMATE WOODSON P-26095 TO THE GROUND WITH EXCESSIVE PHYSICAL FORCE FOR NO APPARENT REASON. INMATE WOODSON P-26095 WAS HANDCUFFED AND NON COMBATIVE. THE OFFICERS KICKED INMATE WOODSON P-26095 AND DOG PILED ON HIM WHILE HE HOLLERED FOR THE SERGEANT: HELP WHO WAS STANDING NEAR BY AND DID NOTHING. I OBSERVED A C/O I WAS TOLD WAS J. RODRIGUEZ HIT INMATE WOODSON P-26095 LEG'S WITH WHAT APPEARED TO BE A STICK BATON OR FLASHLIGHT. THIS INCIDENT HAPPEN IN THE A-POD DAY ROOM NEAR THE DOOR TO THE ROTUNDA.

I MICHAEL BELL T43037 DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON THIS 26TH DAY OF APRIL, 2006 AT SALINAS VALLEY STATE PRISON P.O. BOX 1050 SOLEDAD C.A. 93960

NOTARY NOT REQUIRED
U.S.C. § 2071
[illegible] V. CLARK 616 F. 2D 228, 230

Michael Bell T43037
DECLARANT SIGNATURE

EXHIBIT

"B"

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: NOV 3 0 2006

In re: Woodson, P-76095
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

IAB Case No.: 0603277 Local Log No.: SVSP 06-02173

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. G. Arceo, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I **APPELLANT'S ARGUMENT:** The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log #C06-03-0020, dated March 23, 2006, for Resisting Staff With Physical Force. It is the appellant's position that his due process rights were violated in that an Investigative Employee (IE) was not assigned; and the charge does not fit the Serious offense classification as outlined in the California Code of Regulations, Title 15, Section (CCR) 3315. He requests that the RVR be reissued and reheard to afford him an IE or dismiss the RVR.

II **SECOND LEVEL'S DECISION:** The reviewer found that the appellant was afforded procedural safeguards and due process in the adjudication of the RVR. The appellant has presented no new evidence that was not available to him prior to the disciplinary hearing. The finding of guilt was based on the written report and the preponderance of evidence presented to the Senior Hearing Officer (SHO) during the hearing. The appellant did not meet the criteria for an IE or Staff Assistant. Time constraint violations occurred that prevented a forfeiture of credit. The appellant has presented no evidence to warrant a rehearing.

III **DIRECTOR'S LEVEL DECISION:** Appeal is denied.

A. **FINDINGS:** The documentation and arguments are persuasive that the appellant has failed to support his appeal issues with sufficient evidence or facts to warrant a modification of the Second Level of Review. There is no evidence that supports the appellant's contentions that the evidence presented at the hearing does not support the charge or the guilty finding or that his due process rights were violated during the hearing process. The appellant provided no additional evidence to mitigate or warrant a different finding by the SHO. The circumstances of the specific act are simple and not complex. The appeals examiner concurs with the institution's decision in this matter. Relief at the Director's Level of Review is not warranted.

B. **BASIS FOR THE DECISION:**
CCR: 3041, 3270, 3287, 3291, 3315, 3320, 3323, 3341.5
Deputy Directors, Institutions and Health Care Services Divisions, August 14,1998, Memorandum: ADJUDICATION OF RULE VIOLATION REPORTS INVOLVING MENTAL HEALTH SERVICES DELIVERY SYSTEM INMATE PROGRAM PARTICIPANTS/ PATIENTS

C. **ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc: Warden, SVSP
Appeals Coordinator, SVSP

# Memorandum

Date: August 16, 2006

To: Woodson, P-76095
Salinas Valley State Prison

Subject: SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-D-06-02173

**ISSUE**:

The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log#C06-03-0020, dated 3/23/06 for "Resisting Staff w/Physical Force."

Appellant contends that he was denied an Investigative Employee and therefore necessary witnesses were not questioned. In addition, the charged offense is not listed in the California Code of Regulations, Title 15.

Appellant requests the RVR be reissued/reheard or dismissed.

**REGULATIONS**: The rules governing this issue are:

CCR Title 15 §3005(b) Conduct, Obeying Orders
CCR Title 15 §3315 Serious Rule Violations
CCR Title 15 §3320 Hearing Procedures and Time Limitations
CCR Title 15 §3323 Disciplinary Credit Forfeiture Schedule

**SUMMARY OF INVESTIGATION**:

The First Level of Review was bypassed per CCR 3084.5(B). Eloy Medina, Appeals Coordinator, was assigned to investigate this appeal at the Second Level of Review. All submitted documentation and supporting arguments have been considered. Additionally, a thorough examination/evaluation of the claim presented by the appellant was conducted in accordance with Salinas Valley State Prison Operational Procedures (OP); the CCR; and the Departmental Operations Manual (DOM). The appellant was interviewed by Eloy Medina.

The appellant was charged with a violation of CCR 3005(c) Force or Violence, for the specific act of "Resisting Staff." The charge was classified as a Division "D" offense.

The appellant states the charged offense is not listed in the disciplinary Credit Forfeiture Schedule.

CCR, Title 15 §3323(f)(6) lists "willfully resisting, delaying, or obstructing any peace officer in the performance of duty" as a Division "D" offense.

The discovery date of the RVR was 3/23/06. The appellant received his copy of the RVR on 4/5/06, which was within fifteen (15) days of the discovery. The appellant was provided with his copy of the entire RVR and all supplemental reports.

The RVR was not referred to the Monterey County District Attorney's (DA) office for prosecution.

The RVR reflects that the appellant attended the disciplinary hearing held on 4/5/06, and pled "not guilty" to the charge. The hearing was not conducted within 30 days of the appellant receiving his initial copy of the RVR.

The Senior Hearing Officer (SHO) determined a guilty finding, and assessed zero (0) days credit loss forfeiture due to lost time constraints.

A Staff Assistant was not assigned per CCR 3312(d)(2).

The appellant is a participant in the Mental Health Services Delivery System, (MHSDS) at the Correctional Clinical Case Management (CCCMS) level of care.

An Investigative Employee (IE) was not assigned because the appellant because the appellant remained in general population and was able to gather his own evidence.

The appellant states because he was not afforded an IE, key witnesses were not questioned that would have exonerated him of the charges.

The appellant did not request assignment of an IE upon issuance of the RVR (refer to 115A). The appellant remained housed in general population from the period of 3/23/06 until 4/11/06 which afforded the appellant an opportunity to gather evidence on the appellant's behalf. On 4/11/06, the appellant was re-housed in ASU due to the need to protect the integrity of an investigation into the appellant's submission of a staff complaint regarding this incident (SVSP Appeal Log # SVSP-C-06-00952). In the staff complaint submitted by the appellant on 4/11/06, the appellant alleged misuse of force by staff in this incident. The staff complaint was investigated at the First Level of Review and the Second Level of Review. In the staff complaint, the appellant identified witnesses and those witnesses were interviewed on behalf of the appellant. The results of that staff complaint are confidential and cannot be disclosed to the appellant. However, it should be noted that the results were examined during this level of review for this RVR appeal to ensure the RVR was appropriate. That examination resulted in this reviewer determining that the RVR was appropriate for the events on 3/23/06.

Therefore, the appellant was afforded the opportunity to request witnesses and an IE during issuance of the RVR but did not request either. The appellant remained in general population for a number of days allowing the appellant to collect evidence on his behalf. During the hearing of the RVR, the appellant had the opportunity to present a defense and request witnesses/evidence but the appellant declined to do so. Instead, the appellant pled not guilty and remained silent.

A review of this matter reflects that all issues pertaining to due process have been met.

**DECISION**: The appeal is DENIED.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

A. HEDGPETH
Chief Deputy Warden
Salinas Valley State Prison

CDW/Medina 2nd

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE APPEAL FORM

CDC 602 (12/87)

Location: Institution/Parole Region 1. SVSP 2.

Log No. 1. 06-02173 2.

Category 1

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

RVR C05-03-0020

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Woodson, Thomas | P-76095 | | D-2-127 |

A. Describe Problem: Appellant Aver that his Due Process right to an investigative employee to gather Appellants information, evidence and witnesses per California Code of Regulations §3318 (a)(8)(c) has been denied Appellant. Appellant Aver that 3005 (c) and its definition per CCR does not fit the Charged offense in R.V.R Log # 03-0020, nor is the charged offense listed anywhere in §3315 of the CCR Title XV specified as meeting the criteria as a Serious Rule Violation. Appellant Aver there were several witnesses to this incident whom would have provided eye witness account exculpatory and crucial to Appellants defense should Appellant had been Afforded an I.E. These witnesses would have Provided testimony exonerating Appellant from the misleading and Spurious charge.

These witnesses are: V. Roldan #H05477 G. Flores #H62771, K. George #V04691 Gaines #P-76605, M. Jackson # J-86753, M. Day #H84996, Brown P-1613 Browder C-3-118

If you need more space, attach one additional sheet.

B. Action Requested: Appellant request for a reissue/rehear and an I.E. to gather witness information or dismiss this 115 R.V.R in the interest of Justice.

DELIVERED JUL 07 2006

RET'D JUL 0 6 2006

Inmate/Parolee Signature: Thomas Woodson

RECEIVED JUN 28 2006

Date Submitted: 6/25/06

C. INFORMAL LEVEL (Date Received: )

Staff Response:

BYPASS

RECEIVED SEP 15 2006 INMATE APPEALS BRANCH

Staff Signature:

Date Returned to Inmate:

D. FORMAL LEVEL

REC'D JUL 14 2006

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature:

Date Submitted:

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

Ma

First Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: Due Date:

Interviewed by:

BYPASS

Staff Signature: Title: Date Completed:

Division Head Approved: Returned

Signature: Title: Date to Inmate:

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

BYPASS

Signature: Date Submitted:

Second Level ☐ Granted ☐ P. Granted ☒ Denied ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 7/17/06 Due Date: 8/23/06

☒ See Attached Letter

Signature: [signature]

DELIVERED AUG 23 2006

Date Completed: 8/16/06

Warden/Superintendent Signature: [signature]

Date Returned to Inmate:

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Appellant re-allege and re-incorporate Section A. Of this 602 in addition Appellant rejects and objects to the erroneous second level memorandum attempting to legitimize a retaliatory RVR (enclosed) that was written after Appellant reported excessive and unnecessary wanton use of force while Appellant was handcuffed and non-combative (RVR Date: 3/30/06 115) on 3/23/06. The RVR was slid under Appellants door by a c/o while Appellants back was turned and in the cell preoccupied. The c/o was nowhere to be found when Appellant discovered the RVR. The fifth paragraph in the Summary of investigation that Appellant received his copy of the RVR on 4/5/06, then goes on to say (See Attached)

Signature: Thomas Woodson Date Submitted: 9/10/06

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☒ Denied ☐ Other

☒ See Attached Letter

CDC 602 (12/87)

Date: NOV 30 2006

Continued from Section H. :

in the seventh paragraph that Appellant had a disciplinary hearing on the same day. This is a misrepresentation of the facts. Appellants hearing was conducted against Appellants wishes on 5/19/06. In the eleventh paragraph of the Summary investigation, it is stated that Appellant was not assighned an investigative employee because Appellant remained on the general population yard.. Title 15 Admin. Code 3318 does not Support this statement with regard to I.E. assistance, further more an I.E. was necessary due to the new discriminatory "pick and choose" policy on who comes out of there cells. Appellant has not been able to come out of his cell since July 05 with no explanation. Appellant qualifies for an I.E. per. Title 15 Admin. Code 3315 (d) (1)(A)(2). With regard to the CDC 115-A Appellant has never seen the document before this 602 and subsequent forms were returned to Appellant with this 602. Notice that nothing has been sighned, requested, waived or refused on the form by Appellant. A staff member has never approached Appellant with this form. As you see there is not even a legible or clear staff signature date or time indicated. The 115-A form is fraudulent. Appellant puts the Chief of inmate appeals on notice of the blatant retaliatory abuse of procedural ethics, utilizing deception as a tool to deny Appellant procedural due process and equal protection (See Wolf V. McDonnell (1974) 418 U.S. 539, Penal Code Section 2932 Subdivison (a)(3))

"The failure of Prison officials to Appoint an Investigative employee or Staff assistant Violated Appellants rights to a fair hearing as protected by Title 15 Cal. Admin. Code Section 3315(d) and 3318 (b) and the due process clause of the state and federal Constitutions."

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| P-76095 | Woodson | | SVSP | FC-C3-105 | C06- |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3005(c) | Resisting Staff With Physical Force | Fac 'C' C3 105 | 03-23-06 | 1330 Hours |

CIRCUMSTANCES On 03-23-06, at approximately 1330 hours, while performing my duties as C1 Yard #2 Officer, while conducting mass searches of Charlie 3 Building, Seargeant Kircher instructed C/O Parra and myself to escort inmate Woodson, P-76095 to the Health Service Annex. While escorting Woodson became resistive and started to twist and turn back and forth. Fearing that Woodson would break our grip, C/O Parra and myself using physical force placed inmate Woodson on the ground. I placed my right arm under Woodsons left arm to apply physical force to Woodsons upper back, while placing my left hand on his neck and head area. C/O Parra was on his right side. Once Woodson was proned out on the floor, responding staff arrived to assist. Someone placed leg irons on Woodson. As a result of C/O Parra and myself proning Woodson out, Sergeant Kircher instructed C/O Rodriguez and Camarena to continue the escort to the Health Service Annex. This concludes my report.

Inmate Woodson [is] [is not] a participant in the Mental Health Services Delivery System and is aware of this report.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| D. Vega, Correctional Officer [signature] | 3-30-06 | C1 Yard #2 | T/W |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING |
|---|---|---|
| [signature] | 3/29/06 | DATE ______ LOC. ______ |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | D | 3/30/06 | R. Dena, CC II [signature] | ☐ HO ☒ SHO ☐ SC ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | |
|---|---|---|---|---|---|---|
| ☒ CDC 115 | C/O [signature] | [illegible] | [illegible] | | | |
| ☒ INCIDENT REPORT LOG NUMBER: [illegible] | C/O [signature] | [illegible] | [illegible] | BY: (STAFF'S SIGNATURE) | DATE | TIME |

**Plea:** The charges were read aloud as written to Inmate Woodson, who acknowledged understanding the charges and who entered a plea of Not Guilty.

**Findings:** Inmate Woodson was found **Guilty** of violating CCRS 3005(c); specifically, 'Resisting Staff W/Physical Force,' a Division 'D' offense (CCRS 3323(f)(6)).

**Disposition:** Assessed 0 days forfeiture due to Time Constraints not being met. Inmate was counseled, warned and reprimanded.

**Additional Disposition:** None.

**Classification Referral:** Refer to UCC for Program Review.

**Disposition continued on CDC 115C**

REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | | SIGNATURE | DATE | TIME |
|---|---|---|---|---|
| P. Roque, Lieutenant | | [signature] | 6/15/06 | 1620 |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | |
| G. Ponder, Captain [signature] | [illegible] | M. Moore, C.D.O. [signature] | 6/[illegible] | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) [signature] | DATE | TIME |

CDC 115 (7/88)

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

RULES VIOLATION REPORT - PART C

PAGE___OF___

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P-76095 | Woodson | C06-03-0020 | SVSP | 05-19-06 |

☐ SUPPLEMENTAL ☒ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☒ HEARING ☐ IE REPORT ☐ OTHER________

**Hearing:** This hearing commenced on 05-19-06 at 1930 hours.

**Inmate's health:** Inmate Woodson stated his health was good and that he was ready to proceed with the hearing.

**MHSDS:** Inmate Woodson is a participant in the Mental Health Services Delivery System (MHSDS)at the Correctional Clinical Case Management System (CCCMS) level of care. The circumstances of the Rules Violation Report do not indicate that Inmate Woodson exhibited any bizarre behavior that would raise concerns about his mental health. At the hearing, Inmate Woodson did not demonstrate any strange, bizarre, of irrational behavior. Based on this and pursuant to recent changes approved by the U.S. District Court in Coleman, a mental health assessment was not initiated. Consequently, a staff assistant was not deemed necessary.

**Date of discovery:** 03-23-06
**Hearing Completed on:** 05-19-06
**DA Postponed Date:** N/A

**Initial RVR copy issued on:** 04-05-06
**Last document Issued to Inmate on:** 04-05-06
**Date DA results issued:** N/A

**Time Constraints:** All time constraints have not been met pursuant to CCR§ 3320. Inmate was not afforded a hearing within thirty days from the date that he received initial copy of CDC 115. No extraordinary circumstances exist.

**Staff Assistant (SA):** Inmate Woodson is not non-English speaking and has no mental illness that would require assistance in understanding the disciplinary hearing process and his rights related to the same. As a result, Staff Assistance was not assigned.

**Investigative Employee (IE):** Inmate Woodson does not meet the criteria for assignment of an Investigative Employee.

**DA Referral:** This matter was not referred to the Monterey County District Attorney's Office.

**Evidence Requested or Used:** Inmate Woodson did not request that evidence be produced for this hearing at the time he was issued a copy of his CDC 115A.

**Video Tape Evidence:** None.

**Inmate Plea and Statement:** Inmate Woodson entered a plea of "Not Guilty," and further elected to remain silent.

**Witnesses Requested or Provided:** Inmate Woodson did not request that any staff or inmate witnesses be produced for this hearing.

**Witness Testimony at Hearing:** No witnesses were requested or granted by the SHO.

**Confidential Information:** None

P. Rogue, Lieutenant

| | SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|---|
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

CDC 115-C (5/95)

OSP 99 25082

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

RULES VIOLATION REPORT - PART C

PAGE___OF___

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P-76095 | Woodson | C06-03-0020 | SVSP | 05-19-06 |

[ ] SUPPLEMENTAL [X] CONTINUATION OF: [ ] 115 CIRCUMSTANCES [X] HEARING [ ] IE REPORT [ ] OTHER ______

**Findings:**
Inmate Woodson is found guilty of the charged offense of violating CCR§ 3005(c); for the specific act of "Resisting Staff W/Physical Force," a Division 'D' offense (CCR§ 3323(f)(6)). The evidence used to render this finding included:

1) The facts contained within the body of the Rules Violation Report authored by D. Vega.

Based on the observations of Officer Vega, Inmate Woodson became resistive and started to twist and turn back and forth while being escorted. Officer Vega along with Officer Parra using physical force took Woodson to the ground and placed him in the prone position.

Based on the aforementioned facts, this SHO finds the preponderance of the evidence has been met to render and sustain a finding of guilt on the charged offense of violating CCR§ 3005(c); specifically, "Resisting Staff W/Physical Force." a Division 'D' offense (CCR§ 3323(f)(6).

**Additional Disposition:** None.

**Enemy Concerns:** None

**Appeal Rights:** Inmate Woodson was advised that the disposition of this Rules Violation Report would not become final until approved by the Chief Disciplinary Officer, at which time he will receive a final copy of the completed CDC 115. He was also advised of his rights to appeal the findings of this hearing, the methods of appealing, and credit restoration rights pursuant to CCR§ 3327 & 3328, governing the restoration of forfeited credits.

P. Roque, Lieutenant

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| | | 6.15.06 |

| [✓] COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**

PAGE____OF____

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P-76095 | Woodson | C05-03.0070 | SVSP | 03-23-06 |

[X] SUPPLEMENTAL [ ] CONTINUATION OF: [ ] 115 CIRCUMSTANCES [ ] HEARING [ ] IE REPORT [ ] OTHER________

On 03-23-06, at approximately 1330 hours, while performing my duties as C Yard Recreation Officer, while conducting mass searches of C3-A-Section. Inmate Woodson became disruptive. Seargeant Kircher instructed myself and C/O D. Vega to escort inmate Woodson, P-76095 to the Health Service Annex. While escorting Woodson became disruptive by screaming and yelling. At that time Inmate Woodson resisted the escort by stopping and twisting his body. At that time I forced his body to the ground by pushing down on his arm and shoulder. C/O D. Vega and myself had inmate Woodson prone on the ground. At that time C/O J. Rodriguez placed leg restraints on Woodson and C/O J. Rodriguez and E. Camarena relieved myself and C/O D. Vega of the escort. This concludes my report.

J. Parra, Correctional Officer

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| [signature] | 3/30/06 |

| COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| [X] | [signature] | [illegible] | [illegible] |

CDC 115-C (5/95)

OSP 99 25082

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| P-76095 | Woodson | 3005(c) | 03-23-06 | SVSP | 03- |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| | |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I REVOKE** my request for postponement. | ▶ | |

## STAFF ASSISTANT

| STAFF ASSISTANT | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED ☐ WAIVED BY INMATE | ▶ | |

| | DATE | NAME OF STAFF |
|---|---|---|
| ☐ ASSIGNED | | |
| ☐ NOT ASSIGNED | REASON | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED ☐ WAIVED BY INMATE | ▶ | |

| | DATE | NAME OF STAFF |
|---|---|---|
| ☐ ASSIGNED | | |
| ☐ NOT ASSIGNED | REASON | |

EVIDENCE/INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE ☐ STAFF ASSISTANT ☐ INVESTIGATIVE EMPLOYEE ☐ OTHER ______ ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE | | DATE |
|---|---|---|---|
| | ▶ | | |
| ☐ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME | DATE |

CDC 115-A (7/88)

*— If additional space is required use supplemental pages —*

OSP 98 8819

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART A - COVER SHEET

CDCR 837-A (Rev. 07/05)

| PAGE 1 OF 2 | INCIDENT LOG NUMBER | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| | SVP-FC3-06-03-0167 | 03/23/06 | 1330 |

| INSTITUTION | FACILITY | FACILITY LEVEL | INCIDENT SITE | LOCATION | | SEG YARD | USE OF FORCE |
|---|---|---|---|---|---|---|---|
| SVSP | C | ☐ I ☐ II ☐ III ☒ IV | C Facility | Building 3 | ☐ ASU ☐ SHU ☐ PSU ☐ SNY ☐ PHU ☐ CTC ☒ GP ☐ RC | ☐ CC ☐ WA ☐ RM | ☒ YES ☐ NO |

| SPECIFIC CRIME / INCIDENT | | NUMBER/SUBSECTION: |
|---|---|---|
| Resisiting Staff/ Use of Physical Force | ☒ CCR ☐ PC ☐ N/A | 3005 (c) |

| D. A. REFERRAL ELIGIBLE | CRISIS RESPONSE TEAM ACTIVATED | MUTUAL AID REQUEST | PIO/AA NOTIFIED |
|---|---|---|---|
| ☐ YES ☒ NO | ☐ YES ☒ NO | ☐ YES ☒ NO | ☐ YES ☒ NO |

### RELATED INFORMATION (CHECK ALL THAT APPLY OR N/A)

| DEATH | CAUSE OF DEATH | ASSAULT / BATTERY | TYPE OF ASSAULT / BATTERY |
|---|---|---|---|
| ☐ INMATE<br>☐ STAFF<br>☐ VISITOR<br>☐ OTHER: ____<br>☒ N/A | ☐ ACCIDENTAL ☐ NATURAL<br>☐ EXECUTION ☐ UNKNOWN<br>☐ HOMICIDE<br>☐ SUICIDE<br>☐ OVERDOSE<br>☒ N/A | ☐ ON INMATE<br>☐ ON STAFF<br>☐ ON VISITOR<br>☐ OTHER: ____<br>☒ N/A | ☐ BEATING ☐ SPEARING<br>☐ GASSING ☐ STABBING<br>☐ POISONING ☐ STRANGLING<br>☐ SEXUAL ☐ OTHER: ____<br>☐ SHOOTING<br>☐ SLASHING ☒ N/A |

| SERIOUS INJURY | INMATE WEAPONS | TYPE OF WEAPON / SHOTS FIRED / FORCE |
|---|---|---|
| ☐ INMATE<br>☐ STAFF<br>☐ VISITOR<br>☐ OTHER: ____<br>☒ N/A | ☐ CHEMICAL SUBSTANCE<br>☐ CLUB / BLUDGEON<br>☐ EXPLOSIVE<br>☐ FIREARM<br>☐ HANDS / FEET<br>☐ KNIFE<br>☐ SAP/SLUNG SHOT<br>☐ PROJECTILE<br>☐ SPEAR<br>☐ SLASHING INSTRUMENT: (TYPE) ____<br>☐ STABBING INSTRUMENT: (TYPE) ____<br>☐ OTHER: ____<br>☐ BODILY FLUID ☐ OTHER FLUID: ____<br>☐ UNKNOWN LIQUID<br>☒ N/A<br>TYPE: ☐ COMMERCIAL WEAPON ☐ INMATE MANUFACTURED WEAPON | WEAPON: (WARNING # / EFFECT #) ☐ MINI 14 ☐ 38 CAL. ☐ 9MM ☐ SHOTGUN<br>LAUNCHER: ☐ 37MM ☐ L8 ☐ 40MM ☐ 40MM MULTI ☐ HFWRS<br>FORCE: ☐ EXPANDABLE BATON ☒ PHYSICAL FORCE ☐ X10 ☐ OTHER: ____<br>BATON ROUND TYPE / NO: WOOD ____ RUBBER ____ FOAM ____<br>STINGER: .32 (A) ____ .60 (B) ____<br>EXACT IMPACT: CTS 4557 ____ XM 1006 ____<br>CHEMICAL: ☐ OC ☐ CN ☐ CS ☐ N/A |
| **ESCAPES**<br>☐ W / FORCE<br>☐ W/O FORCE<br>☐ ATTEMPTED<br>☒ N/A | | |

| CONTROLLED SUBSTANCE | WEIGHT | PROGRAM STATUS | EXCEPTIONAL ACTIVITY |
|---|---|---|---|
| ☐ POSITIVE UA<br>☐ CONTROLLED MEDS<br>☐ AMPHETAMINE<br>☐ BARBITURATES<br>☐ COCAINE<br>☐ CODEINE<br>☐ HEROIN<br>☐ MARIJUANA/THC<br>☐ METHAMPHETAMINE<br>☐ MORPHINE<br>☐ OTHER: ____<br>☒ N/A | ☐ WITH PACKAGING<br>☐ W/O PACKAGING<br>PRELIMINARY / LAB | ☐ MODIFIED PROGRAM<br>☐ LOCKDOWN<br>☐ STATE OF EMERGENCY<br>IF YES, LIST AFFECTED PROGRAMS:<br>☒ N/A | ☐ EMPLOYEE JOB ACTION ☐ WEATHER<br>☐ ENVIRONMENTAL HAZARD ☐ SEARCH WARRANT<br>☐ EXPLOSION ☐ ARREST<br>☐ FIRE ☐ OTHER:<br>☐ GANG/DISRUPTIVE GROUP<br>☐ HOSTAGE<br>☐ INMATE STRIKE EXTRACTION:<br>☐ MAJOR DISTURBANCE ☐ CALCULATED<br>☐ MAJOR POWER OUTAGE ☐ EMERGENCY<br>☐ NATURAL DISASTER<br>☐ PUBLIC DEMONSTRATION<br>☐ SPECIAL INTEREST I/M ☒ N/A |

BRIEF DESCRIPTION OF INCIDENT (ONE OR TWO SENTENCES):

On March 23, 2006 at approximately 1330 hours Inmate Woodson P-76095, C3-105L began to resist staff as he was being escorted to the program area. Escorting staff used physical force to gain control of the inmate.

COMPLETE SYNOPSIS / SUMMARY ON PART A1

| NAME OF REPORTING STAFF (PRINT/TYPE) | TITLE | ID # | BADGE # |
|---|---|---|---|
| J. Celaya | Lieutenant | [redacted] | 34889 |
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. (INCIDENT SITE) | DATE |
| [signature] LT | | [redacted] | 3/23/06 |
| NAME OF WARDEN / AOD (PRINT/SIGN) | | TITLE | DATE |
| G. Ponder [signature] | | Captain | 3/24/06 |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART A1 - SUPPLEMENT

CDCR 837-A1 (07/05)

PAGE 2 OF 2

INCIDENT LOG NUMBER: SVP-FC3-06-01-0012

| INSTITUTION | FACILITY | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|
| SVSP | "C" | 03/23/06 | 1330 |

TYPE OF INFORMATION:
[X] SYNOPSIS/SUMMARY OF INCIDENT [ ] SUPPLEMENTAL INFORMATION [X] AMENDED INFORMATION [ ] CLOSURE REPORT

NARRATIVE:

On March 23, 2006 at approximately 1330 hours Inmate Woodson P-76095, C3-105 was becoming belligerent and argumentative as staff attempted to search his cell. To prevent further disruption Correctional Sergeant M. Kircher instructed Officers D. Vega and J. Parra to escort Inmate Woodson to the Health Services Annex and secured him on a holding cell. As the escort was proceeding out of the section Inmate Woodson began to twist his upper body back and forth in an attempt to break the control of the officers escorting him. Officer Vega and Parra utilizing their body weight forced Inmate Woodson to the ground. Inmate Woodson continued to resist by kicking his legs and twisting his upper body. Correctional Sergeant M. Atchley instructed Officer J. Rodriguez to place leg restraints on Woodson. Inmate Woodson was then escorted from the unit to the facility program area. Inmate Woodson was secured in the Health Service Annex in holding cell #1.

SUSPECT(S): Woodson P-76095, C3-105

VICTIM(S): N/A

ESCORT(S): Officer's D. Vega and J. Parra were the initial escort team and were relieved by Correctional Officers J. Rodriguez and E. Camarena who completed the escort and secured Inmate Woodson in holding cell #1.

USE OF FORCE: Correctional Officers D. Vega and J. Parra utilized physical force on Inmate Woodson.

EVIDENCE: N/A

MEDICAL/MENTAL HEALTH EVALUATION: RN N. Moore examined Inmate Woodson and noted an abrasion to the right temple, swelling to the right shoulder and abrasion and both knees. Inmate Woodson is a participant of the Mental Health Delivery System at the CCCMS level of care.

CONCLUSION: Inmate Woodson will receive a Rule Violation Report for the specific act of "Resisting Staff".

NOTIFICATIONS: This case will not be referred to the Monterey County District Attorney's for possible prosecution. All appropriate administrative staff were notified of this incident. You will be appraised of further developments on this matter via supplemental report as they occur.

[ ] CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1

| NAME OF REPORTING STAFF (PRINT/TYPE) | TITLE | ID # | BADGE # |
|---|---|---|---|
| J. Celaya | Lieutenant | [redacted] | 34889 |
| SIGNATURE OF REPORTING STAFF: [signature] LT | | PHONE EXT. (INCIDENT SITE): [redacted] | DATE: 3/23/06 |
| NAME OF WARDEN / AOD (PRINT/SIGN): G. Ponder | | TITLE: Captain | DATE: 3/24/06 |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART B1 - INMATE**
CDCR 837-B1 (07/05)

PAGE 1 OF 1

INSTITUTION: SVSP
FACILITY: C Facility
INCIDENT LOG NUMBER: SVP-FC3-06-03-0167

**INMATE (ENTIRE SHEET)**

NAME: LAST Woodson | FIRST T | MI | CDC # P76095 | SEX M | ETHNICITY Bla | FBI # [redacted] | CII # [redacted]

CHECK ONE: ☐ VICTIM ☒ SUSPECT ☐ WITNESS
CLASS SCORE: [redacted]
PV RTC: ☐ YES ☒ NO
DATE REC'D BY CDC: [redacted]
DATE REC'D BY INST: [redacted]
ANTICIPATED RELEASE DATE: [redacted]
EXTRACTION: ☐ YES ☒ NO
DOB: [redacted]
HOUSING ASSIGN.: C3-105L
CCCMS / MHCB / EOP / DDP / DPP / N/A / DMH: [redacted]
COMMITMENT OFFENSE: [redacted]
COUNTY OF COMMITMENT: [redacted]

DESCRIPTION OF INJURIES:
Scratch to right cheek, Swollen Right Shoulder, abrasions to both knees
☐ N/A

PRISON GANG / DISRUPTIVE GROUP: ☐ VALIDATED ☐ ASSOCIATED ☒ N/A

☐ HOSPITALIZED ☒ TREATED & RELEASED ☐ REFUSED TREATMENT ☐ N/A
☐ DECEASED DATE: ______

NAME/LOCATION OF HOSP./TREAT. FACILITY: ☐ N/A Facility C health Svc. Annex

---

NAME: LAST | FIRST | MI | CDC # | SEX | ETHNICITY | FBI # | CII #

CHECK ONE: ☐ VICTIM ☐ SUSPECT ☐ WITNESS
CLASS SCORE
PV RTC: ☐ YES ☐ NO
DATE REC'D BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE
EXTRACTION: ☐ YES ☐ NO
DOB | HOUSING ASSIGN.
☐ CCCMS ☐ EOP ☐ DPP ☐ DMH ☐ MHCB ☐ DDP ☐ N/A
COMMITMENT OFFENSE | COUNTY OF COMMITMENT

DESCRIPTION OF INJURIES:
☐ N/A

PRISON GANG / DISRUPTIVE GROUP: ☐ VALIDATED ☐ ASSOCIATED ☐ N/A

☐ HOSPITALIZED ☐ TREATED & RELEASED ☐ REFUSED TREATMENT ☐ N/A
☐ DECEASED DATE: ______

NAME/LOCATION OF HOSP./TREAT. FACILITY: ☐ N/A

---

NAME: LAST | FIRST | MI | CDC # | SEX | ETHNICITY | FBI # | CII #

CHECK ONE: ☐ VICTIM ☐ SUSPECT ☐ WITNESS
CLASS SCORE
PV RTC: ☐ YES ☐ NO
DATE REC'D BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE
EXTRACTION: ☐ YES ☐ NO
DOB | HOUSING ASSIGN.
☐ CCCMS ☐ EOP ☐ DPP ☐ DMH ☐ MHCB ☐ DDP ☐ N/A
COMMITMENT OFFENSE | COUNTY OF COMMITMENT

DESCRIPTION OF INJURIES:
☐ N/A

PRISON GANG / DISRUPTIVE GROUP: ☐ VALIDATED ☐ ASSOCIATED ☐ N/A

☐ HOSPITALIZED ☐ TREATED & RELEASED ☐ REFUSED TREATMENT ☐ N/A
☐ DECEASED DATE: ______

NAME/LOCATION OF HOSP./TREAT. FACILITY: ☐ N/A

---

NAME: LAST | FIRST | MI | CDC # | SEX | ETHNICITY | FBI # | CII #

CHECK ONE: ☐ VICTIM ☐ SUSPECT ☐ WITNESS
CLASS SCORE
PV RTC: ☐ YES ☐ NO
DATE REC'D BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE
EXTRACTION: ☐ YES ☐ NO
DOB | HOUSING ASSIGN.
☐ CCCMS ☐ EOP ☐ DPP ☐ DMH ☐ MHCB ☐ DDP ☐ N/A
COMMITMENT OFFENSE | COUNTY OF COMMITMENT

DESCRIPTION OF INJURIES:
☐ N/A

PRISON GANG / DISRUPTIVE GROUP: ☐ VALIDATED ☐ ASSOCIATED ☐ N/A

☐ HOSPITALIZED ☐ TREATED & RELEASED ☐ REFUSED TREATMENT ☐ N/A
☐ DECEASED DATE: ______

NAME/LOCATION OF HOSP./TREAT. FACILITY: ☐ N/A

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART B2- STAFF**
CDCR 837-B2 (07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE 1 OF 2

| INSTITUTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| SVSP | C Facility | SVP-FC3-06-03-0167 |

STAFF (ENTIRE SHEET)

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| Celaya | J | | Correctional Lieutenant | M | Oth | F/S |

BADGE #: [redacted] POST ASSIGN. #: [redacted] POSITION: Facility C Program Lieutenant

CHECK ONE: ☐ PRIMARY ☐ CAMERA ☒ RESPONDER ☐ WITNESS ☐ VICTIM

DESCRIPTION OF INJURIES: ☒ N/A

☐ HOSPITALIZED ☐ TREATED & RELEASED ☐ REFUSED TREATMENT ☐ DECEASED DATE: ______ ☒ N/A

NAME/LOCATION OF HOSP./TREAT. FACILITY: ☒ N/A

USED FORCE: ☐ YES ☒ NO TYPE: ______

PROCESSED EVIDENCE: ☐ YES ☒ NO

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| Kircher | M | | Correctional Sergeant | M | His | F/S |

BADGE #: [redacted] POST ASSIGN. #: [redacted] POSITION: Facility C Program Sergeant

CHECK ONE: ☐ PRIMARY ☐ CAMERA ☐ RESPONDER ☒ WITNESS ☐ VICTIM

DESCRIPTION OF INJURIES: ☒ N/A

☐ HOSPITALIZED ☐ TREATED & RELEASED ☐ REFUSED TREATMENT ☐ DECEASED DATE: ______ ☒ N/A

NAME/LOCATION OF HOSP./TREAT. FACILITY: ☒ N/A

USED FORCE: ☐ YES ☒ NO TYPE: ______

PROCESSED EVIDENCE: ☐ YES ☒ NO

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| Atchley | M | | Correctional Sergeant | M | Wht | T/W |

BADGE #: [redacted] POST ASSIGN. #: [redacted] POSITION: Fac. C Housing Sergeant

CHECK ONE: ☐ PRIMARY ☐ CAMERA ☐ RESPONDER ☒ WITNESS ☐ VICTIM

DESCRIPTION OF INJURIES: ☒ N/A

☐ HOSPITALIZED ☐ TREATED & RELEASED ☐ REFUSED TREATMENT ☐ DECEASED DATE: ______ ☒ N/A

NAME/LOCATION OF HOSP./TREAT. FACILITY: ☒ N/A

USED FORCE: ☐ YES ☒ NO TYPE: ______

PROCESSED EVIDENCE: ☐ YES ☒ NO

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| Parra | J | | Correctional Officer | M | His | M/T |

BADGE #: [redacted] POST ASSIGN. #: [redacted] POSITION: Facility C Recreation Officer

CHECK ONE: ☒ PRIMARY ☐ CAMERA ☐ RESPONDER ☐ WITNESS ☐ VICTIM

DESCRIPTION OF INJURIES: ☒ N/A

☐ HOSPITALIZED ☐ TREATED & RELEASED ☐ REFUSED TREATMENT ☐ DECEASED DATE: ______ ☒ N/A

NAME/LOCATION OF HOSP./TREAT. FACILITY: ☒ N/A

USED FORCE: ☒ YES ☐ NO TYPE: Physical

PROCESSED EVIDENCE: ☐ YES ☒ NO

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| Vega | D | | Correctional Officer | M | Bla | T/W |

BADGE #: [redacted] POST ASSIGN. #: [redacted] POSITION: C1 Yard #2

CHECK ONE: ☒ PRIMARY ☐ CAMERA ☐ RESPONDER ☐ WITNESS ☐ VICTIM

DESCRIPTION OF INJURIES: ☒ N/A

☐ HOSPITALIZED ☐ TREATED & RELEASED ☐ REFUSED TREATMENT ☐ DECEASED DATE: ______ ☒ N/A

NAME/LOCATION OF HOSP./TREAT. FACILITY: ☒ N/A

USED FORCE: ☒ YES ☐ NO TYPE: Physical

PROCESSED EVIDENCE: ☐ YES ☒ NO

STATE OF CALIFORNIA
# CRIME / INCIDENT REPORT
## PART B2- STAFF
CDCR 837-B2 (07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE 2 OF 2

| INSTITUTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| SVSP | C Facility | SVP-FC3-06-03-0167 |

STAFF (ENTIRE SHEET)

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| Camarena | E | | Correctional Officer | M | His | F/S |

CHECK ONE: ☐ PRIMARY ☐ CAMERA ☒ RESPONDER ☐ WITNESS ☐ VICTIM

BADGE #: [redacted] | POST ASSIGN. #: [redacted] | POSITION: Facility C2 Yard Officer #4

DESCRIPTION OF INJURIES: ☒ N/A

☐ HOSPITALIZED ☐ TREATED & RELEASED ☐ REFUSED TREATMENT ☐ DECEASED DATE: ______ ☒ N/A

NAME/LOCATION OF HOSP./TREAT. FACILITY: ☒ N/A

USED FORCE: ☐ YES ☒ NO TYPE: ______

PROCESSED EVIDENCE: ☐ YES ☒ NO

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| Rodriguez | J | J | Correctional Officer | M | His | F/S |

CHECK ONE: ☐ PRIMARY ☐ CAMERA ☒ RESPONDER ☐ WITNESS ☐ VICTIM

BADGE #: [redacted] | POST ASSIGN. #: [redacted] | POSITION: Facility C2 Yard #3

DESCRIPTION OF INJURIES: ☒ N/A

☐ HOSPITALIZED ☐ TREATED & RELEASED ☐ REFUSED TREATMENT ☐ DECEASED DATE: ______ ☒ N/A

NAME/LOCATION OF HOSP./TREAT. FACILITY: ☒ N/A

USED FORCE: ☐ YES ☒ NO TYPE: ______

PROCESSED EVIDENCE: ☐ YES ☒ NO

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| Cano | G | C | Correctional Officer | M | His | S/S |

CHECK ONE: ☐ PRIMARY ☐ CAMERA ☐ RESPONDER ☒ WITNESS ☐ VICTIM

BADGE #: [redacted] | POST ASSIGN. #: [redacted] | POSITION: C3 Control

DESCRIPTION OF INJURIES: ☒ N/A

☐ HOSPITALIZED ☐ TREATED & RELEASED ☐ REFUSED TREATMENT ☐ DECEASED DATE: ______ ☒ N/A

NAME/LOCATION OF HOSP./TREAT. FACILITY: ☒ N/A

USED FORCE: ☐ YES ☒ NO TYPE: ______

PROCESSED EVIDENCE: ☐ YES ☒ NO

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| Moore | N | | Registered Nurse | F | Wht | S/S |

CHECK ONE: ☐ PRIMARY ☐ CAMERA ☒ RESPONDER ☐ WITNESS ☐ VICTIM

BADGE #: N/A | POST ASSIGN. #: N/A | POSITION: Facility C Nurse

DESCRIPTION OF INJURIES: ☒ N/A

☐ HOSPITALIZED ☐ TREATED & RELEASED ☐ REFUSED TREATMENT ☐ DECEASED DATE: ______ ☒ N/A

NAME/LOCATION OF HOSP./TREAT. FACILITY: ☒ N/A

USED FORCE: ☐ YES ☒ NO TYPE: ______

PROCESSED EVIDENCE: ☐ YES ☒ NO

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| | | | | | | |

CHECK ONE: ☐ PRIMARY ☐ CAMERA ☐ RESPONDER ☐ WITNESS ☐ VICTIM

BADGE #: | POST ASSIGN. #: | POSITION:

DESCRIPTION OF INJURIES: ☐ N/A

☐ HOSPITALIZED ☐ TREATED & RELEASED ☐ REFUSED TREATMENT ☐ DECEASED DATE: ______ ☐ N/A

NAME/LOCATION OF HOSP./TREAT. FACILITY: ☐ N/A

USED FORCE: ☐ YES ☐ NO TYPE: ______

PROCESSED EVIDENCE: ☐ YES ☐ NO

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART C- STAFF REPORT**
CDCR 837-C (Rev. 07/05)

PAGE 1 OF 2

INCIDENT LOG NUMBER: SVP-FC3-06-03-0167

| NAME: LAST | FIRST | MI | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|
| Kircher | M | J | 03/23/06 | 1330 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 230333 | C Program Sgt. | 9 YR. 7 MO. | 03/23/06 | C3 A Section |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE ☐ N/A |
|---|---|---|---|
| F/S | 0600-1400 | Resisting Staff w/ Physical Force | 3005 (c) |

**YOUR ROLE:** ☐ PRIMARY ☐ RESPONDER ☒ WITNESS ☐ VICTIM ☐ CAMERA

**WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER):**

| | |
|---|---|
| Lt. J. Celaya (s) | C/O E. Camarena (s) |
| Sgt. M. Atchley (s) | C/O D. Cano (s) |
| C/O J. Parra (s) | RN N. Moore (s) |
| C/O D. Vega (s) | |
| C/O J.J. Rodriguez (s) | |

**INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS):**

| | |
|---|---|
| I/M Woodson | (P-76095, C3-105L) |

**FORCE USED BY YOU:** ☐ WEAPON ☐ PHYSICAL ☐ CHEMICAL ☒ NONE

**FORCE OBSERVED BY YOU:** ☐ WEAPON ☒ PHYSICAL ☐ CHEMICAL ☐ NONE

**WEAPONS AND SHOTS FIRED BY YOU:** ☐ MINI-14 ☐ 9 MM ☐ 38 CAL ☐ SHOTGUN ☒ N/A ☐ 37MM ☐ 40 MM ☐ L8 ☐ 40 MULTI ☐ HFWRS ☐ BATON (NO: / NO: / TYPE:)

**CHEMICAL AGENTS USE BY YOU:** ☐ OC ☐ CN ☐ CS ☐ OTHER: ☒ N/A (TYPE:)

**EVIDENCE COLLECTED BY YOU:** ☐ YES ☒ NO

**EVIDENCE DESCRIPTION:** ☒ N/A

**EVIDENCE DISPOSITION:** ☒ N/A

**BIO HAZARD:** ☐ YES ☒ NO

**PPE:** ☐ YES ☒ NO

**REPORTING STAFF INJURED:** ☐ YES ☒ NO

**DESCRIPTION OF INJURY:** ☒ N/A

**LOCATION TREATED (HOSPITAL / CLINIC):** ☒ N/A

**FLUID EXPOSURE:** ☐ BODILY ☒ N/A ☐ UNKNOWN ☐ OTHER:

**SCIF 3301 / 3067 COMPLETED:** ☐ YES ☒ NO

**NARRATIVE:**

On Thursday, March 23, 2006 at about 1300 hours, i was performing my duties as Facility C program Sergeant when I was supervising cell searches in building C-3. I saw Inmate Woodson (P76095,C3-105L) starting to become argumentative with staff in front of cell 105. Inmate Woodson was already in handcuffs and was raising his voice to staff who were starting to search his cell. I instructed Officer J. Parra and Officer D. Vega to escort Inmate Woodson out of the building to a temporary holding cell in the Facility C Health Services Annex to provide him with a cool down period. I started to walk along with the escorting officers and Inmate Woodson started to resist the two officers who were escorting him. Inmate Woodson began to twist his body from left to right trying to pull away from the grasp of Officers Vega and Parra. I looked up and told Control Booth Officer G. Cano to activate his personal alarm. Inmate Woodson was still trying to pull away from Officers Parra and Vega, I ordered Inmate Woodson to stop resisting with negative results. Officer Parra and Vega then maintaining control of Inmate Woodson forced him down to the floor utilizing their body weight. Inmate Woodson was held down on the floor by Officer Vega and Parra. Sergeant M. Atchley instructed Officer J. Rodriguez to place leg restraints on Inmate Woodson. Officer Rodriguez obtained leg restraints from Officer Cano and placed them on Inmate Woodson. Inmate Woodson continued to twist

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| | Corr. Sergeant | [redacted] | 03/23/06 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| | | ☐ YES ☐ NO | ☐ YES ☐ NO | |

Distribution: Original: Incident Package Copy: Reporting Employee Copy: Reviewing Supervisor

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDCR 837-C1 (Rev. 07/05)

PAGE 2 OF 2

INCIDENT LOG NUMBER: SVP-FC3-06-03-0167

| NAME: LAST | FIRST | MI |
|---|---|---|
| Kircher | M | |

TYPE OF INFORMATION:

[X] CONTINUATION OF REPORT [ ] CLARIFICATION OF REPORT [ ] ADDITIONAL INFORMATION

NARRATIVE:

and turn his body trying to pull away from Officers Vega and Parra. I instructed Parra and Vega to maintain control of Woodson, which they did by holding him down on his stomach. Sergeant M. Atchley instructed Officers J. Rodriguez and E. Camarena to lift Inmate Woodson to his feet and then to escort him to a temporary holding cell inside the Facility C Health Services Annex. Sergeant Atchley, Officer Camarena, and Officer Rodriguez then escorted Inmate Woodson out of the building and placed him into temporary holding cell #1. RN N. Moore medically evaluated Inmate Woodson. Lieutenant J. Celaya was notified of this incident.

[ ] CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
|---|---|---|---|---|
| | Corr. Sergeant | [redacted] | [redacted] | 03/23/06 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| | | [ ] YES [ ] NO | [ ] YES [ ] NO | |

Distribution: Original: Incident Package Copy: Reporting Employee Copy: Reviewing Supervisor

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART C- STAFF REPORT**
CDCR 837-C (Rev. 07/05)

PAGE 1 OF 2

INCIDENT LOG NUMBER: SVP-FC3-06-03-0167

| NAME: LAST | FIRST | MI | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|
| ATCHLEY | M. | B | 03/23/06 | 1330 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 324720 | C2 YARD SGT. | 3 YR. 8 MO. | 03/23/06 | BUILDING C3 |

| RDO'S | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| T/W | 0600 1400 | RESISTING STAFF PHYSICAL | 3005(c) ☐ N/A |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | (S) D. VEGA C/O | (S) WOODSON, P. 76095, C3-105L |
| ☐ RESPONDER | (S) J. PARRA C/O | |
| ☒ WITNESS | (S) J. RODRIGUEZ C/O | |
| ☐ VICTIM | (S) CAMARENA C/O | |
| ☐ CAMERA | (S) RN. A. MOORE | |

FORCE USED BY YOU: ☐ WEAPON ☐ PHYSICAL ☐ CHEMICAL ☒ NONE

FORCE OBSERVED BY YOU: ☐ WEAPON ☒ PHYSICAL ☐ CHEMICAL ☐ NONE

WEAPONS AND SHOTS FIRED BY YOU (NO: / NO: / TYPE:): ☐ MINI-14 ☐ 9 MM ☐ 38 CAL ☐ SHOTGUN ☒ N/A ☐ 37MM ☐ 40 MM ☐ L8 ☐ 40 MULTI ☐ HFWRS ☐ BATON

CHEMICAL AGENTS USE BY YOU (TYPE:): ☐ OC ☐ CN ☐ CS ☐ OTHER: ☒ N/A

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ YES ☒ NO | ☐ YES ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ BODILY ☒ N/A ☐ UNKNOWN ☐ OTHER: | ☐ YES ☒ NO |

NARRATIVE:
ON 03/23/06, AT ABOUT 1330 HOURS, WHILE SUPERVISING CELL SEARCHING IN BUILDING C3, I HEARD A COMMOTION AND TURNED TO SEE OFFICERS J. PARRA & D. VEGA ESCORTING I/M WOODSON, P76095, C3-105L. I/M WOODSON WAS SHOUTING AND ~~BECAME VERY~~ BEGAN TO PHYSICALLY RESIST OFFICERS VEGA AND PARRA BY TWISTING HIS UPPER BODY BACK AND FORTH. WHILE OFFICER VEGA MAINTAINED CONTROL OF I/M WOODSONS LEFT ARM AND OFFICER PARRA HELD HIS RIGHT, BOTH OFFICERS ~~CONTINUED THE~~ FORCED INMATE WOODSON TO THE GROUND, USING THIER BODY WEIGHT. INMATE WOODSON, WHO WAS ALREADY IN HAND-CUFFS FROM THE ESCORT, CONTINUED TO RESIST. WOODSON CONTINUED TO TWIST HIS BODY AND KICK HIS FEET. AT THAT TIME I ORDERED OFFICER J. RODRIGUEZ TO PLACE I/M WOODSON

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| [signature] | SERGEANT | [redacted] | 03/23/06 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| [signature] LT | 3/23/06 | ☒ YES ☐ NO | ☐ YES ☐ NO | |

STATE OF CALIFORNIA
CRIME / INCIDENT REPORT
PART C1- SUPPLEMENT
CDCR 837-C1 (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE 2 OF 2

INCIDENT LOG NUMBER SVSP-FC3-06-03-0167

| NAME: LAST | FIRST | MI |
|---|---|---|
| ATCHLEY | M. | B. |

TYPE OF INFORMATION:

[X] CONTINUATION OF REPORT [ ] CLARIFICATION OF REPORT [ ] ADDITIONAL INFORMATION

NARRATIVE:

IN LEG RESTRAINTS. I THEN ORDERED OFFICERS RODRIGUEZ AND CAMARENA TO RELIEVE OFFICERS VEGA AND PARRA AND ESCORT HIM TO THE C-FACILITY HOLDING CELLS. I REMAINED WITH BOTH OFFICERS AND I/M WOODSON THROUGH THE ESCORT. WHILE ESCORTING I/M WOODSON, HE CONTINUED TO SCREAM AND REFUSED TO WALK. I THEN INSTRUCTED BOTH OFFICERS TO STOP THE ESCORT WHILE I CHECKED THE RESTRAINTS ON I/M WOODSON WHILE I/M WOODSON WAS ON HIS KNEES. ENSURING THE RESTRAINTS WERE SECURE BUT NOT TOO TIGHT, I INSTRUCTED OFFICERS RODRIGUEZ AND CAMARENA TO CONTINUE THE ESCORT. I/M WOODSON WAS THEN PLACED INTO HOLDING CELL # I, IN THE C-FACILITY HEALTH SERVICES ANNEX, WHERE HE WAS MEDICALLY EVALUATED AND TREATED BY RN. A. MOORE.

[ ] CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
|---|---|---|---|---|
| [signature] | SERGEANT | [redacted] | [redacted] | 03/23/06 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| [signature] | 3/23/06 | [X] YES [ ] NO | [ ] YES [ ] NO | |

Distribution: Original: Incident Package Copy: Reporting Employee Copy: Reviewing Supervisor

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART C- STAFF REPORT**
CDCR 837-C (Rev. 07/05)

PAGE 1 OF 1

INCIDENT LOG NUMBER: SVP-FC3-06-03-0167

| NAME: LAST | FIRST | MI | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|
| PARRA | J | C | 3-23-06 | 1330 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 233416 | C-REC Officer | 4 YR. 4 MO. | 3-23-06 | C-3-A Section |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| M/T | 0600-1400 | Resisting staff w/ physical Force | 3005 (C) ☐ N/A |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|---|---|---|---|
| ☒ PRIMARY | D. VEGA c/o (S) | Woodson (S) | P-76095 |
| ☐ RESPONDER | SGT. M Kircher (S) | | |
| ☐ WITNESS | E. Camarena c/o (S) | | |
| ☐ VICTIM | J. Rodriguez c/o (S) | | |
| ☐ CAMERA | | | |

FORCE USED BY YOU: ☐ WEAPON ☒ PHYSICAL ☐ CHEMICAL ☐ NONE

FORCE OBSERVED BY YOU: ☐ WEAPON ☐ PHYSICAL ☐ CHEMICAL ☒ NONE

WEAPONS AND SHOTS FIRED BY YOU: ☐ MINI-14 ☐ 9 MM ☐ 38 CAL ☐ SHOTGUN ☒ N/A ☐ 37MM ☐ 40 MM ☐ L8 ☐ 40 MULTI ☐ HFWRS ☐ BATON (NO: / TYPE:)

CHEMICAL AGENTS USE BY YOU: ☐ OC ☐ CN ☐ CS ☐ OTHER: ☒ N/A (TYPE:)

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ YES ☒ NO | ☐ YES ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ BODILY ☐ UNKNOWN ☐ OTHER: ☒ N/A | ☐ YES ☒ NO |

NARRATIVE:

on march 23, 2006, while performing my duties as C yard Rec officer. At about 1330 hours while performing mass cell searches in C-3 A section. I/m Woodson P-76095 became disruptive. Sgt. M. Kircher order my self and c/o D vega to escort I/m woodson P76095 to C Health service annex. while escorting I/m Woodson he again became disruptive by screaming and yelling. At that time I/m Woodson resisted the escort by stoping and twisting his body. At that time I forced his body to the ground by pushing down on his arm and shoulder. c/o D. vega had control of his left arm and shoulder. c/o D. vega and myself had I/m woodson prone on the ground. At that time c/o J. Rodriguez placed leg restraints on I/m woodson and c/o J. Rodriguez and c/o E. Camarena relieved myself and c/o D. vega of the escort. This concludes my report

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| [signature] | C/O | [redacted] | 3-23-06 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| | | ☐ YES ☐ NO | ☐ YES ☐ NO | |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART C- STAFF REPORT**
CDCR 837-C (Rev. 07/05)

PAGE 1 OF 2

INCIDENT LOG NUMBER: SVP-FC3-06-03-0167

| NAME: LAST | FIRST | MI | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|
| RODRIGUEZ | J | J | 3-23-06 | 1330 HRS |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 233406 | C-2 YD #3 | 4 YR. 5 MO. | 3-23-06 | C-3 C-POD |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☐ N/A |
|---|---|---|---|---|
| F/S | 0800-1600 | RESISTING STAFF W/ PHYSICAL FORCE | 3005 (C) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | SGT. M. ATCHELEY (S) | WOODSON P76095 (S) |
| ☒ RESPONDER | C/O. V. VEGA | |
| ☐ WITNESS | C/O J PARRA | |
| ☐ VICTIM | C/O E. CAMERENA | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | | | CHEMICAL AGENTS USE BY YOU |
|---|---|---|---|---|---|
| | | NO: | | NO: TYPE: | TYPE: |
| ☐ WEAPON | ☐ MINI-14 | | ☐ 37MM | | ☐ OC |
| ☐ PHYSICAL | ☐ 9 MM | | ☐ 40 MM | | ☐ CN |
| ☐ CHEMICAL | ☐ 38 CAL | | ☐ LB | | ☐ CS |
| ☒ NONE | ☐ SHOTGUN | | ☐ 40 MULTI | | ☐ OTHER: |
| **FORCE OBSERVED BY YOU** | | | ☐ HFWRS | | |
| ☐ WEAPON | ☒ N/A | | ☐ BATON | | ☒ N/A |
| ☐ PHYSICAL | | | | | |
| ☐ CHEMICAL | | | | | |
| ☒ NONE | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ YES ☒ NO | ☒ YES ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☐ N/A | ☐ BODILY ☒ N/A ☐ UNKNOWN ☐ OTHER: | ☐ YES ☒ NO |

NARRATIVE:

ON THURSDAY MARCH 23, 2006 AT ABOUT 1330 HOURS, WHILE CONDUCTING MY DUTIES AS C-2 YARD OFFICER #3, I WAS ASSISTING WITH MASS CELL SEARCHES IN C-3. I WAS CONDUCTING A SEARCH OF CELL 105, WHILE I HEARD AN INMATE BECOME DISRUPTIVE BY YELLING. I STEPPED OUT OF CELL 105 AND SAW AN INMATE LATER IDENTIFIED AS WOODSON (P76095 C-3 105L), LYING ON THE GROUND IN THE PRONE POSITION IN FRONT OF THE A-POD DOOR. I RESPONDED TO THE AREA, AT WHICH I HEARD THE AUDIBLE ALARM SOUNDED. I SAW OFFICERS V. VEGA AND J. PARRA TRYING TO CONTROL INMATE WOODSON WHO WAS TRYING TO PULL AWAY FROM THE OFFICERS. SERGEANT M. ATCHELEY ORDERED ME TO PLACE LEG IRONS ON THE INMATE. I ASKED THE C-3 CONTROL BOOTH OFFICER G. CANO TO GIVE ME A SET OF LEG IRONS. I THEN PLACED THE LEG IRONS ON WOODSON. SGT. ATCHELEY INSTRUCTED OFFICER E. CAMERENA AND I TO ESCORT THE INMATE TO THE HEALTH SERVICES ANNEX. WHILE

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| [signature] | C/O | [redacted] | 3-23-06 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| | | ☐ YES ☐ NO | ☐ YES ☐ NO | |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART C1 - SUPPLEMENT**
CDCR 837-C1 (Rev. 07/05)

PAGE 2 OF 2

INCIDENT LOG NUMBER: SJP-FC3-06-03-0167

NAME: LAST: RODRIGUEZ FIRST: J MI: J

TYPE OF INFORMATION:

☒ CONTINUATION OF REPORT ☐ CLARIFICATION OF REPORT ☐ ADDITIONAL INFORMATION

NARRATIVE:

ESCORTING WOODSON ACROSS THE C-1 WARD, HE BECAME DISRUPTIVE BY SCREAMING AND YELLING. SGT. ATCHELEY INSTRUCTED CAMERENA AND I TO STOP THE ESCORT, AND PLACE WOODSON ON HIS KNEES, SO HE COULD CHECK THE MECHANICAL RESTRAINTS. SGT. ATCHELEY CLEARED THE RESTRAINTS, AN WE CONTINUED THE ESCORT TO THE HEALTH SERVICES ANNEX. CAMERENA CONDUCTED A SEARCH OF HOLDING CELL #1 WITH NEGATIVE RESULTS. CAMERENA AND I PLACED WOODSON INSIDE HOLDING CELL #1 TO RECIEVE MEDICAL EVALUATION.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
|---|---|---|---|---|
| [signature] | C/O | [redacted] | [redacted] | 3-23-06 |
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED ☐ YES ☐ NO | CLARIFICATION NEEDED ☐ YES ☐ NO | DATE |

Distribution: Original: Incident Package Copy: Reporting Employee Copy: Reviewing Supervisor

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C - STAFF REPORT

CDCR 837-C (Rev. 07/05)

PAGE 1 OF ______

INCIDENT LOG NUMBER

| NAME: LAST | FIRST | MI | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|
| Vega | D. | D | 3-23-06 | 1330 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 233400 | C1 yard 2 | 4 YR. 5 MO. | 3-23-06 | C3- Cell 105 |

| RDO'S | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | N/A |
|---|---|---|---|---|
| T/W | 0800-1600 | Resisting staff w/ Physical force | 3005 (C) | ☐ |

**YOUR ROLE**
- ☒ PRIMARY
- ☐ RESPONDER
- ☐ WITNESS
- ☐ VICTIM
- ☐ CAMERA

| WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|---|---|---|---|
| Kircher M | SGT | (S) Woodson | # P76095 |
| Parra J | C/O | | |
| Rodriguez J | C/O | | |
| Camarena E | C/O | | |

**FORCE USED BY YOU**
- ☐ WEAPON
- ☒ PHYSICAL
- ☐ CHEMICAL
- ☐ NONE

**FORCE OBSERVED BY YOU**
- ☐ WEAPON
- ☒ PHYSICAL
- ☐ CHEMICAL
- ☐ NONE

**WEAPONS AND SHOTS FIRED BY YOU**

| | NO: | | NO: | TYPE: |
|---|---|---|---|---|
| ☐ MINI-14 | | ☐ 37MM | | |
| ☐ 9 MM | | ☐ 40 MM | | |
| ☐ 38 CAL | | ☐ LB | | |
| ☐ SHOTGUN | | ☐ 40 MULTI | | |
| | | ☐ HFWRS | | |
| ☒ N/A | | ☐ BATON | | |

**CHEMICAL AGENTS USE BY YOU**

| | TYPE: |
|---|---|
| ☐ OC | |
| ☐ CN | |
| ☐ CS | |
| ☐ OTHER: | |
| ☒ N/A | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ YES ☒ NO | ☐ YES ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ BODILY ☒ N/A ☐ UNKNOWN ☐ OTHER: ______ | ☐ YES ☒ NO |

**NARRATIVE:**

On 23-March 2006. while performing my duties as C1 yard #2 officer. While conducting. mass searches of Charlie 3 Building. SGT Kircher instructed C/O Parra and myself to escort inmate Woodson # P76095 to the health Service Annex, while escorting Woodson became Resistive and started to twist and turn back and force fearing. That Woodson would break our grip. C/O Parra and myself using. physical force placed inmate Woodson on The ground. I placed my Right Arm under Woodson's left Arm to Apply physical force to Woodson upper back while placing my left hand on his neck and head Area C/O Parra was on his Right side" once Woodson was proned out. on The floor. Responding STAFF Arrived to ASSIST, someone placed leg Iron on Woodson, As A Result of C/O Parra and myself proning Woodson out. SGT Kircher instructed C/O Rodriguez and Camarena to continue The escort to The health Service Annex This concludes my Report.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| D Vega | C/O | [redacted] | 3-23-06 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| | | ☐ YES ☐ NO | ☐ YES ☐ NO | |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C- STAFF REPORT
CDCR 837-C (Rev. 07/05)

PAGE 1 OF 1

INCIDENT LOG NUMBER: SVP-FC3-06-03-0167

| NAME: LAST | FIRST | MI | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|
| CAMARENA. | E. | Y. | 3/23/06 | 1330 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 233407 | C-2 YRD #4 | 5 YR. Ø MO. | 3/23/06 | C-3 A-POD. |

| RDO'S | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| F/S | 0800/1600 | RESISTING STAFF w/PHYSICAL FORCE | 3005(C) ☐ N/A |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | SGT. M. ATCHLEY | (S) WOODSON P76095 C3 105L |
| ☒ RESPONDER | C/O D. VEGA | |
| ☐ WITNESS | C/O J. PARRA. | |
| ☐ VICTIM | C/O J. RODRIGUEZ | |
| ☐ CAMERA | | |

FORCE USED BY YOU: ☐ WEAPON ☐ PHYSICAL ☐ CHEMICAL ☒ NONE

FORCE OBSERVED BY YOU: ☐ WEAPON ☒ PHYSICAL ☐ CHEMICAL ☐ NONE

WEAPONS AND SHOTS FIRED BY YOU (NO: / TYPE:): ☐ MINI-14 ☐ 9 MM ☐ 38 CAL ☐ SHOTGUN ☐ 37MM ☐ 40 MM ☐ L8 ☐ 40 MULTI ☐ HFWRS ☐ BATON ☒ N/A

CHEMICAL AGENTS USE BY YOU (TYPE:): ☐ OC ☐ CN ☐ CS ☐ OTHER: ☒ N/A

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ YES ☒ NO | ☐ YES ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ BODILY ☐ UNKNOWN ☐ OTHER: ☒ N/A | ☐ YES ☒ NO |

NARRATIVE:

ON THURSDAY MARCH 23, 2006 AT APPROXIMATLEY 1330 HOURS WHILE PERFORMING MY JOB DUTIES AS C2 YARD OFFICER #4 I WAS CONDUCTING MASS CELL SEARCHES WHEN I HEARD INMATE WOODSON BEING DISRUPTIVE BY YELLING. AS I TURNED TO RESPOND I OBSERVED INMATE WOODSON LAYING ON THE GROUND BY C3 A-POD DOOR. OFFICER D. VEGA AND J. PARRA WERE TRYING TO CONTROL WOODSON WHO WAS RESISTING BY ATTEMPTING TO PULL AWAY FROM THEM. I HEARD THE AUDIBLE ALARM SOUND AND AS I RESPONDED SGT. M. ATCHLEY ORDERED OFFICER J. RODRIGUEZ AND MYSELF TO RELEIVE OFFICER D. VEGA AND OFFICER J. PARRA OF THE ESCORT. AS OFFICER J. RODRIGUEZ AND I ESCORTED WOODSON ACROSS C1 YARD HE BECAME DISRUPTIVE BY SCREAMING. SGT. M ATCHLEY ORDERED OFFICER J. RODRIGUEZ AND ME TO STOP THE ESCORT AND PLACED WOODSON ON HIS KNEES TO CHECK HIS MECHANICAL RESTRAINTS. SGT. M. ATCHLEY CHECKED THE RESTRAINTS AND WE CONTINUED WITH THE ESCORT TO C. HEALTH SERVICE ANNEX. I SEARCHED HOLDING CELL #1 WITH NEGATIVE RESULTS. OFFICER J. RODRIGUEZ AND I PLACED WOODSON INTO HOLDING CELL #1 TO RECEIVE A MEDICAL EVALUATION.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| E. Camarena | C/O | [redacted] | 3/23/06 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| | | ☐ YES ☐ NO | ☐ YES ☐ NO | |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART C- STAFF REPORT**
CDCR 837-C (Rev. 07/05)

PAGE 1 OF 2

INCIDENT LOG NUMBER: SVP-FC3-06-03-0167

| NAME: LAST | FIRST | MI | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|
| CANO | George | C | 3-23-06 | 1330 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 231307 | C-3 Control Booth | 2 YR. 6 MO. | 3-23-06 | C-3 A Pod |

| RDO'S | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☐ N/A |
|---|---|---|---|---|
| S/S | 0600-1400 | Resisting staff w/ physical Force | 3005 (C) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|---|---|---|---|---|
| ☐ PRIMARY | Vega D (S) | | Woodson | P76095 (S) |
| ☐ RESPONDER | Parra J (S) | | | |
| ☑ WITNESS | Kircher M (S) | | | |
| ☐ VICTIM | Rodriguez J (S) | | | |
| ☐ CAMERA | Camarena, E (S) | | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | NO: | | NO: | TYPE: | CHEMICAL AGENTS USE BY YOU | TYPE: |
|---|---|---|---|---|---|---|---|
| ☐ WEAPON | ☐ MINI-14 | | ☐ 37MM | | | ☐ OC | |
| ☐ PHYSICAL | ☐ 9 MM | | ☐ 40 MM | | | ☐ CN | |
| ☐ CHEMICAL | ☐ 38 CAL | | ☐ L8 | | | ☐ CS | |
| ☑ NONE | ☐ SHOTGUN | | ☐ 40 MULTI | | | ☐ OTHER: | |
| **FORCE OBSERVED BY YOU** | | | ☐ HFWRS | | | | |
| ☐ WEAPON | ☑ N/A | | ☐ BATON | | | ☑ N/A | |
| ☐ PHYSICAL | | | | | | | |
| ☐ CHEMICAL | | | | | | | |
| ☐ NONE | | | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☑ NO | ☑ N/A | ☑ N/A | ☑ NO | ☑ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY ☑ N/A | ☐ YES |
| ☑ NO | ☑ N/A | ☑ N/A | ☐ UNKNOWN<br>☐ OTHER: | ☑ NO |

NARRATIVE:

On MARCH 23rd 2006 while working position 231307 C-3 Control Booth officer, I was providing gun coverage for the cell searching in C-3, cell 105 solely occupied by inmate Woodson P76095, and I observed officer Parra and officer Vega escort inmate Woodson from cell 105 across A Pod to the rotunda, and just before entering inmate Woodson stopped and turned his head and twisted his body back towards officer Parra and officer Vega, and was taken down in the rotunda at which time 1330 hours Sgt. Kircher ordered me to activate my personal alarm Device, I then gave officer Rodriguez a set of leg irons to place on inmate Woodson, and then officer Rodriguez and officer Camarena escort inmate Woodson to the Hobby room.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| [signature] | C/O | [redacted] | 3-23-06 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| | | ☐ YES ☐ NO | ☐ YES ☐ NO | |

State of California

# INMATE / PAROLEE APPEAL SCREENING FORM

Department of Corrections and Rehabilitation
CDCR-695

INMATE: Woodson CDC #: P-76095 CDC HOUSING: C3-105

THIS IS *NOT* AN APPEAL RESPONSE – THIS APPEAL IS EITHER REJECTED FOR ONE OR MORE REASONS NOTED BELOW OR RETURNED TO YOU TO ATTACH SUPPORTING DOCUMENTS.

**YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):**

[ ] Duplicate Appeal; Same Issue
[ ] Do Not Combine Staff Complaints with Other Issues
[ ] Time Constraints Not Met
[ ] Cannot Submit On Behalf Of another Inmate
[ ] No Significant Adverse Effect Demonstrated
[ ] Pointless Verbiage/Appeal is vague
[X] Incomplete 602
[ ] Attempting to Change Original Appeal Issue
[ ] Not Authorized to Bypass Any Level
[ ] Request for Interview; Not an Appeal
[ ] Numerous and separate issues

[ ] Limit of One Continuation Page May Be Attached
[ ] Inappropriate Statements
[ ] Action / Decision Not Taken By CDCR
[ ] DRB Decisions Are Not Appealable
[ ] Appealing Action Not Yet Taken
[ ] May Submit One (1) Non-Emergency Appeal Per Week
[ ] Not A Request Form; Use CDCR-7362 – to access Medical Services, submit your request on a CDCR-Form 7362. If necessary, sign up for sick call.
[ ] Write your appeal in black or blue ink, this is a legal document and pencil/inks other than black or blue do not copy legibly

**PLEASE FOLLOW INSTRUCTIONS AND RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS**
**Comments: You may write on back of this form to clarify or respond to the above.**

attach 115A, 837

Enclosed is the 115 A and Correlated 837 A Reports

RECD JUL 14 2006

**Eloy Medina, CC-II**
**Appeals Coordinator**

**Date:** 6/27/06

**This screening action may not be appealed. If you allege the above reason is inaccurate, then attach an explanation on a separate piece of paper, or use the back of this screen out –** ***do not write any more on the appeal itself.*** **Please return this form to the Appeals Coordinator with the necessary information attached.**

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| P-76095 | Woodson | | SVSP | FC-B3-105 | C06- |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3005(c) | Resisting Staff With Physical Force | Fac 'C' C3 105 | 03-23-06 | 1330 Hours |

CIRCUMSTANCES On 03-23-06, at approximately 1330 hours, while performing my duties as C1 Yard #2 Officer, while conducting mass searches of Charlie 3 Building, Seargeant Kircher instructed C/O Parra and myself to escort inmate Woodson, P-76095 to the Health Service Annex. While escorting Woodson became resistive and started to twist and turn back and forth. Fearing that Woodson would break our grip, C/O Parra and myself using physical force placed inmate Woodson on the ground. I placed my right arm under Woodsons left arm to apply physical force to Woodsons upper back, while placing my left hand on his neck and head area. C/O Parra was on his right side. Once Woodson was proned out on the floor, responding staff arrived to assist. Someone placed leg irons on Woodson. As a result of C/O Parra and myself proning Woodson out, Sergeant Kircher instructed C/O Rodriguez and Camarena to continue the escort to the Health Service Annex. This concludes my report.

Inmate Woodson [is] [is not] a participant in the Mental Health Services Delivery System and is aware of this report.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ D. Vega, Correctional Officer [signature] | 3-30-06 | C1 Yard #2 | T/W |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING |
|---|---|---|
| ▶ [signature] | 3/29/06 | DATE ______ LOC. ______ |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | D | 4/30/06 | ▶ R. [illegible] CC II [signature] | ☐ HO ☒ SHO ☐ SC ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | |
|---|---|---|---|---|---|---|
| ☒ CDC 115 | ▶ [signature] | [illegible] | [illegible] | | | |
| ☒ INCIDENT REPORT LOG NUMBER: [illegible] | ▶ [signature] | [illegible] | [illegible] | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME |

HEARING

REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | | SIGNATURE | DATE | TIME |
|---|---|---|---|---|
| | | ▶ | | |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | |
| ▶ | | ▶ | | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME |

CDC 115 (7/88)

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**

PAGE___OF___

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P-75095 | Woodson | C05- | SVSP | 03-23-06 |

[X] SUPPLEMENTAL [ ] CONTINUATION OF: [ ] 115 CIRCUMSTANCES [ ] HEARING [ ] IE REPORT [ ] OTHER___

On 03-23-06, at approximately 1330 hours, while performing my duties as C Yard Recreation Officer, while conducting mass searches of C3-A-Section. Inmate Woodson became disruptive. Sergeant Kircher instructed myself and C/O D. Vega to escort inmate Woodson, P-75095 to the Health Service Annex. While escorting Woodson became disruptive by screaming and yelling. At that time Inmate Woodson resisted the escort by stopping and twisting his body. At that time I forced his body to the ground by pushing down on his arm and shoulder. C/O D. Vega and myself had inmate Woodson prone on the ground. At that time C/O J. Rodriguez placed leg restraints on Woodson and C/O J. Rodriguez and E. Camarena relieved myself and C/O D. Vega of the escort. This concludes my report.

Correctional Officer

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| | |

| [ ] COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| | | | |

CDC 115-C (5/95)

OSP 99 25082