C-07-4925-CW

FILED
SEP 21 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND     SF

EXHIBIT

"L"

3
of

California Department of Corrections and Rehabilitation                                    Salinas Valley State Prison

# *M E M O R A N D U M*



Date:        April 12, 2006

To:          Inmate Woodson
             P-76095 C3-105L

Subject:     **WARDEN CORRESPONDENCE # 7019**

Your letter to Warden M. S. Evans regarding staff misconduct has been received and assigned to my office for a response.

In reviewing your correspondence it addresses an issue that can be resolved through the appeal process. You should be aware that you are required to comply with the Inmate Appeal Process noted in Article 8, Chapter 1 of Title 15 of the California Code of Regulations, specifically section 3084 Appeals.  This procedure provides three levels of review and specifies that the third level constitutes the Director's decision, which is conducted under the supervision of the Chief of Inmate Appeals. Therefore, there are processes in place at Salinas Valley State Prison for handling complaints and issues that you feel impact you personally. I note you are aware of the process as you have submitted an appeal log# 06-00952.

In review it appears that by writing to the Warden you have circumvented the very processes established to protect your best interests. By utilizing these processes you will receive an adequate and timelier response.

This response should address your concerns.  Should you have any questions, please communicate with the assigned staff in your building, the assigned Sergeant, your assigned Correctional Counselor, Unit Lieutenant or Utilize the Inmate Appeals process.

D TRAVERS
Correctional Administrator
Complex II

cc: Warden

California Department of Corrections and Rehabilitation                                    Salinas Valley State Prison

# *M E M O R A N D U M*



Date:     August 23, 2006

To:       Inmate Woodson P76095
          D 2 Administrative Segregation Unit

Subject:  **Warden's Assignment, Inmate Correspondence Inmate Woodson P76095**

On August 23, 2006, Correctional Lieutenant N. Walker interviewed Inmate
Woodson regarding the claims of harsh and unfair treatment in the Delta
Administrative Segregation Units (ASU). Inmate Woodson claimed the retaliation
against him was for complaining about staff misconduct within the ASU. After a
review of the Inmate Segregation Records (CDC114-A), all the issues pertaining
to Inmate Woodson complaint has been addressed or rectified.

On July 6, 2006, Caplain D. Moon authored a Religious Dietry Chrono that was
provided to the Central Kitchen authorizing Inmate Woodson to receive a special
meal in place of the regular food items served daily. Inmate Woodson has been
receiving the religious substitute since obtaining the chrono. Woodson had a
serviceable mattress inside his cell at time of interview. Woodson said he
eventually received the mattress after being in ASU several days. There is a
"Food Port Restriction Chrono" authorized by Sergeant Selby placing Inmate
Woodson on the restriction. Woodson said currently he's had no problems
pertaining to his special diet living conditions.

In review your correspondence addresses an issue that can be resolved through
the appeal process. You should be aware that you are required to comply with
the Inmate Appeals Process noted in Article Charter 1 of Title 15 of the California
Code of Regulations, specifically section 3084 Appeals. This procedure provides
three levels of review and specifies that the third level constitutes the Directors
decision, which is conducted under the supervision of the Chief of Inmate
Appeals. Therefore, there are processes in place at Salinas Valley State Prison
for handling complaints and issues that you feel impact you personally.

In review it appears that by writing to the Warden you have circumvented the very process established to protect your best interests. By utilizing these processes you will receive an adequate and timelier response. You would be better served to send a request for interview to the Lieutenant. The next attempt by you to circumvent these processes will result in disciplinary action.


M.P. MOORE, III
Correctional Administrator, Complex II

California Department of Corrections and Rehabilitation                                    Salinas Valley State Prison

# *MEMORANDUM*



Date:    September 26, 2006

To:    Woodson, P76095    D8 225
       Salinas Valley State Prison

Subject:  **WARDENS CORRESPONDENCE, CONTROL #7459**

This memorandum is regarding your correspondence dated August 31, 2006, addressed to the Warden and concerning reprisals since filing an Inmate Appeal. Your letter has been forwarded to my office for review and response.

The Administrative Segregation Unit (ASU) Property Officer is processing large quantities of property daily. Delays in receiving property depend on the sending facilities and inmate movement between ASU. Your property was issued as soon as practical. The mailroom was experiencing some delays due to work loads and a previous hiring shortage. This matter has thus been rectified since the hiring of additional mailroom staff. Medical hardship forms are available through your counselor. You can contact your counselor via an Inmate Request Form. Your ASU placement was initiated for an investigation into allegations of staff misconduct. You can obtain the appropriate documents to address your allegations via the CDCR 602 Inmate Appeals process and Staff Complaint Form.

Since the date of the interview, no evidence of misconduct has been produced, reported or inappropriate behavior sustained concerning your allegations.

I would like to advise you that by writing to the Warden in lieu of submitting an inmate appeal, (CDCR-602) could cause you to waive certain valuable due process rights not granted to letters such as this.

In the future it would be advisable to utilize the Inmate Appeals System.

It would appear that your concerns are no longer warranted.

L. Negron
Facility Captain (A)
Salinas Valley State Prison

EXHIBIT

"M"

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MONTEREY

**FILED**

**OCT 0 5 2006**

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
MELISSA MENDOZA DEPUTY

In re

Michael C. Pearson (T-15673), and

Thomas R. Woodson (P76095)

On Habeas Corpus.

Case No.: HC 5430

ORDER

Petitioners are cell-mates at Salinas Valley State Prison (SVSP) and raise identical challenges to their conditions of confinement. Specifically, they contend prison officials have improperly refused to issue them mattresses for their bunks, have engaged in medical neglect, have violated their religious rights (dietary restrictions), have engaged in cruel and unusual punishment, and have failed to process their administrative appeals. This Court will address each issue in order.

Petitioners are housed in the Administrative Segregation Unit (ASU). They contend that without prior notice, they were moved from the D-8 housing unit to the D-2 housing unit, which they explain is a disciplinary housing unit. They were held, handcuffed, in a holding cell throughout the dinner hour on the day of the transfer, and did not receive an evening meal. They were later placed in a cell that had bugs on the floor, and no mattresses on the bunks. As attested to by inmates in the D-2 housing units, Petitioners have made numerous oral requests for mattresses, which have been ignored. Apparently, their mail delivery is also being neglected, including their submission of CDCR 602 administrative appeals. This course of conduct allegedly continued for approximately 5 weeks, causing the Petitioner's to suffer back and muscle pain. Their medical requests were ignored, as were their requests that a religious diet be served to the inmates in accordance with their dietary chronos.

1

1    *Request for mattresses.* SVSP Operation Procedure #29B.5.25.1.16 pertains to bedding

2    restrictions. It provides that inmates placed on bedding restriction will have their mattresses

3    removed "only when the offense involves misuse of the items including using the mattress to

4    construct a barricade within the cell. The restriction may only be imposed for a period of 10 days

5    unless the Associate Warden approves an extension of this time period. Appellants assert that

6    they were not written up for any violation involving the misuse of bedding. However, even if

7    they were, the Operations Procedure calls for a 5-day restriction (absent authorization, not

8    established here), not a 5-week restriction. Appellants appear to have stated a prima facie case

9    for relief as to this claim. *People v. Duvall* (1995) 9 Cal.4th 464.

10    *Request for medical treatment.* Petitioner have appended to the petition numerous

11    requests made for medical treatment, which they contend were ignored. The medical conditions

12    necessitating treatment appear to be directly related to the extended period of time in which

13    Petitioners were denied the right to humane conditions of prison life, that is, a simple mattress to

14    sleep on rather than a cold, bug-infested concrete floor. Petitioners sought treatment for back and

15    shoulder pain, including pain killers, and stated their needs for a mattress. There is no evidence

16    that Petitioners received the requested treatment, or any treatment whatsoever. Such inaction by

17    the institution violates CDCR rules and regulations. 15 CCR secs. 3350-3350.1. Accordingly,

18    Petitioners appear to have stated a prima facie cause of action with respect to this claim. *People*

19    *v. Duvall, supra,* 9 Cal.4th 464.

20    *Request for religious diet compliance.* "Each facility shall make reasonable efforts, as

21    required by law, to accommodate those inmates who have been verified to require special

22    religious diets." 15 CCR sec. 3054(a). Petitioners meet these criteria. Pet. Ex. H. Chaplain

23    Moon executed CDCR 11617 Memorandum establishing this fact in April 2006. Petitioners aver

24    that staff members do not always comply with this requirement, which leaves them without a

25    meal. (They further contend that on at least one occasion, as documented in an inmate's

2

1  declaration appended to the petition, a staff member allegedly stuck his fingers into Petitioner's

2  food trays, depriving them of a sanitary meal, in violation of 15 CCR sec. 3052.) Petitioners

3  contend that their needs for a religious diet have been ignored and/or that they have been

4  retaliated against for requesting a religious meal while housed in the D-2 unit, and that such

5  actions continue through the present time. As alleged, Petitioners appear to have stated a prima

6  facie claim that prison officials are in violating of the institution's regulations concerning special

7  religious dietary needs.

8  *Claimed cruel and unusual punishment.* To state a claim for cruel and unusual

9  punishment in violation of the Eighth Amendment in the context of medical care, a petitioner

10  must satisfy two requirements. First, he must establish that the alleged deprivation or injury is

11  "objectively 'sufficiently serious'" to warrant relief. *Farmer v. Brennan* (1994) 511 U.S. 825, 834.

12  An injury is deemed serious only if "the failure to treat a prisoner's condition could result in

13  further significant injury or the unnecessary and wanton infliction of pain." *(Doty v. County of*

14  *Lassen* (9th Cir. 1994) 37 F.3d 540, 546 (internal citations omitted). Second, the petitioner must

15  also establish that the named prison official acted with a sufficiently culpable state of mind, with

16  deliberate indifference. See *Estelle v. Gamble* (1975) 429 U.S. 97, 104. Deliberate indifference

17  is demonstrated only where a prison official "knows of and disregards an excessive risk to an

18  inmate's health or safety; the official must both be aware of facts from which the inference could

19  be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

20      Petitioners have failed to make this necessary showing. They have represented

21  throughout their petition, supported by declarations from percipient witnesses, that their mail,

22  administrative appeals, and medical requests were not picked up and acted on by staff. There is

23  no evidence that the named prison official (the Warden) had actual knowledge of their back and

24  shoulder pain, or the concomitant conditions of prison life they now challenge, and intentionally

25  disregarded such conditions. Nor have Petitioners demonstrated that they have suffered an

# CERTIFICATE OF MAILING

## C.C.P. SEC. 1013a

I do hereby certify that I am not a party to the within stated cause and that on

October 6 2007 deposited true and correct copies of the following document

ORDER in sealed envelopes with postage thereon fully prepaid, in the mail at Salinas,

California, directed to each of the following named persons at their respective addresses as

hereinafter set forth.

Michael C. Pearson (T-15675)
Salinas Valley State Prison
P.O. Box 1050 D-2-127
Soledad, CA 93960-1050

Thomas R. Woodson (P-76095)
Salinas Valley State Prison
P.O. Box 1050 D-2-127
Soledad, CA 93960-1050

Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102
Attn: Correctional Law Section

Pam Ham, DDA
Office of the District Attorney
240 Church St., Rm. 101
Salinas, CA 93901
*Via interoffice mail*

Dated: October 6 2007

LISA M. GALDOS
Clerk of the Court

By: **MELISSA MENDONSA**
Deputy

6

1  BILL LOCKYER
   Attorney General of the State of California
2  MARY JO GRAVES
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  JENNIFER A. NEILL
   Supervising Deputy Attorney General
5  JESSICA N. BLONIEN, State Bar No. 189137
   Deputy Attorney General
6    1300 I Street, Suite 125
   P.O. Box 944255
7  Sacramento, CA 94244-2550
   Telephone: (916) 327-3893
8  Fax: (916) 322-8288

9  Attorneys for Respondent
   SF2006200551
10

11
                    SUPERIOR COURT OF CALIFORNIA
12
                       COUNTY OF MONTEREY
13
                        SALINAS DIVISION
14

15

16  | In re                                    | NO. HC5430
17  | **MICHAEL C. PEARSON (T-15673)**         | **REQUEST FOR EXTENSION**
    | **THOMAS R. WOODSON (P-76095),**         | **OF TIME TO FILE AN**
18  |                                          | **INFORMAL REPSONSE;**
    |                             Petitioners,  | **DECLARATION OF**
19  |                                          | **COUNSEL;**
    | On Habeas Corpus.                        | **[PROPOSED] ORDER**
20  |
21  |                                          | Judge:      The Honorable
    |                                          |             Marla O. Anderson

22        <u>**REQUEST FOR EXTENSION OF TIME TO FILE INFORMAL RESPONSE**</u>

23        Petitioners Michael Pearson and Thomas Woodson are California state inmates at Salinas

24  Valley State Prison, proceeding pro se in this habeas corpus action. Petitioners allege that prison

25  staff are unlawfully depriving them of mattresses, medical care, a religious diet, and access to the

26  inmate grievance system, thus violating their constitutional rights. This court issued an order for

27  an informal response, to be filed on or before October 25, 2006.

28  ///

                                        1

1    For the reasons set forth in the attached Declaration of Counsel, respondent requests a two-

2  week extension of time, up to and including November 8, 2006, to file an informal response in

3  this matter.

4    Dated:  October 23, 2006

5                                                Respectfully submitted,

6                                                BILL LOCKYER
                                                 Attorney General of the State of California

7                                                MARY JO GRAVES
                                                 Chief Assistant Attorney General
8
                                                 JULIE L. GARLAND
9                                                Senior Assistant Attorney General

10                                               JENNIFER A. NEILL
                                                 Supervising Deputy Attorney General

11

12

13                                               JESSICA N. BLONIEN
                                                 Deputy Attorney General

14

15                                               Attorneys for Respondent

16

17   10285820.wpd

18

19

20

21

22

23

24

25

26

27

28

                                          2

1

## DECLARATION OF COUNSEL

2      I, Jessica N. Blonien, declare:

3      1.    I am an attorney admitted to practice before the Courts of the State of California. I am

4  employed by the California Attorney General's Office as a Deputy Attorney General in the

5  Correctional Writs and Appeals section.

6      2.    I am the attorney assigned to respond to the Petition for Writ of Habeas Corpus filed by

7  inmates Michael Pearson and Thomas Woodson.

8      3.    On October 5, 2006, this court directed respondent to file an informal response to

9  petitioners' habeas corpus petition by October 25, 2006. However, the court's order did not

10 include a copy of the petition. Without a copy of the petition I was unable to request relevant

11 documents from Salinas Valley State Prison.

12     4.    Once the petition was received I requested relevant documents from Pearson and

13 Woodson's central files. However, these documents have not yet arrived.

14     5.    For the above reason, I respectfully request a two-week extension of time, up to and

15 including November 8, 2006, to file an informal response in this matter.

16     6.    This request for extension of time is not made for any purpose of harassment, undue

17 delay, or for any improper purpose.

18     I declare under penalty of perjury that the foregoing is true and correct, and that this

19 declaration was executed on October 24, 2006, in Sacramento, California.

20

21                                                    Jessica N. Blonien
                                                     Deputy Attorney General
22

23

24

25

26

27

28

3

1

## [PROPOSED] ORDER

2    GOOD CAUSE SHOWN, respondent is hereby GRANTED an extension of time, to and

3  including November 8, 2006, to file an informal response in this matter.  Thereafter, petitioner

4  may file a reply within 15 days of receipt of the informal response.

5    DATED: _____

6

7
                                    _____
8                                   Hon. Marla O. Anderson
                                    Judge of the Superior Court
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Req. for EOT; Decl. of Counsel; [Prop.] Order                *In re Pearson & Woodson*, No. HC 5400

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **In re Woodson**

No.:   **HC5430**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>October 24, 2006</u>, I served the attached **REQUEST FOR EXTENSION OF TIME TO FILE AN INFORMAL REPSONSE; DECLARATION OF COUNSEL; [PROPOSED] ORDER** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

Michael C. Pearson T-15673          Thomas R. Woodson P-76095
Salinas Valley State Prison          Salinas Valley State Prison
P.O. Box 1020                        P.O. Box 1020
Soledad, CA 93960-1020               Soledad, CA 93960-1020

in pro per                           in pro per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on October 24, 2006, at Sacramento, California.

| L. Sandoval | _Signature_ |
|---|---|
| Declarant | Signature |

10286072.wpd

*BILL LOCKYER*
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*



1300 I STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CA 94244-2550

Public: (916) 445-9555
Telephone: (916) 327-3893
Facsimile: (916) 322-8288
E-Mail: Jessica.Blonien@doj.ca.gov

November 4, 2006

The Honorable Marla O. Anderson
Monterey County Superior Court
P.O. Box 1051
Salinas, CA 93902-0414

RE:    Informal Response; Case No. HC5430
       *In re Michael C. Pearson (T-15673); Thomas R. Woodson (P-76095)*

Dear Judge Anderson:

This letter is in response to the Court's October 5, 2006 request for an informal response to the petition for writ of habeas corpus. In the petition Pearson and Woodson alleged that they were being housed in substandard conditions without a mattress, medical care, or appropriate food. Petitioners have moved so their claims are moot. Also, petitioners failed to exhaust their administrative remedies, thus the petition must be dismissed.

## The Petition Is Moot and Must Be Denied.

A petition for a writ of habeas corpus is moot if there is no existing controversy. "Although a case may originally present an existing controversy, if before decision it has, through acts of the parties or other cause, occurring after the commencement of the action, lost that essential character, it becomes a moot case which will not be considered by the court." (*Wilson v. L.A. County Civil Service Com.* (1952) 112 Cal.App.2d 450, 453.) Since filing the petition Pearson has moved twice and Woodson moved once. (Ex. A.) Woodson has also been recommended for transfer to another institution. (Ex. B.) Therefore Respondent respectfully asks that the petition be dismissed.

## The Claims Must Be Dismissed for Failure to Exhaust Administrative Remedies.

It is well settled that an inmate must exhaust all administrative remedies available to him before he may seek relief in a habeas corpus petition. (*In re Dexter* (1979) 25 Cal.3d 921, 925; *In re Muszalski* (1975) 52 Cal.App.3d 500, 503.) The Department of Corrections and Rehabilitation (CDCR) "has provided inmates with viable, efficacious, administrative remedies which must be exhausted by an inmate before resorting to a petition for habeas corpus in the

The Honorable Marla O. Anderson
November 4, 2006
Page 2

courts." (*In re Muszalski, supra*, 52 Cal.App.3d at p. 508; *In re Strick* (1983) 148 Cal.App.3d 906, 911.)

Adherence to the exhaustion principle ensures deference to the expertise and discretion of administrative agencies and forestalls a deluge of untimely petitions to an often overburdened judiciary. (*McKart v. United States* (1969) 395 U.S. 185, 193-195.) The requirement that one seeking judicial reversal of an adverse administrative order first exhaust his administrative remedies is ordinarily treated as a jurisdictional prerequisite, not as a matter within the court's discretion. (*Humes v. MarGil Ventures, Inc.* (1985) 174 Cal.App.3d 486, 494; *United States v. Superior Court* (1941) 19 Cal.2d 189, 194; *Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 293.)

Petitioners allege that they were improperly housed without a mattress, medical care, and appropriate food. However, petitioners failed to exhaust their administrative remedies regarding these claims. Pearson filed three inmate appeals in the last six months regarding his property, but he failed to appeal his housing, medical care, or food. (Ex. C.) Woodson filed thirteen inmate appeals in the last six months but failed to exhaust an appeal regarding his medical care, food, or housing. (Ex. D.) In the last year Woodson has only submitted one appeal to the third level and it involved disciplinary charges. (Ex. E.) Petitioners should be required to give CDCR officials an opportunity their issues before the Court intercedes. Accordingly, the petition should be denied until petitioners exhaust their administrative remedies.

Sincerely,

JESSICA N. BLONIEN
Deputy Attorney General
State Bar No. 189137

For    BILL LOCKYER
       Attorney General

JNB:

FILED

JAN 1 9 2007

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
_____ S. GARSIDE _____ DEPUTY

1    SUPERIOR COURT OF CALIFORNIA

2    COUNTY OF MONTEREY

3

4    In re                                )    Case No.: HC 5430
                                          )
5         Michael C. Pearson              )    ORDER
                                          )
6         Thomas R. Woodson               )
                                          )
7              On Habeas Corpus.          )

8

9         On July 21, 2006, Petitioners Michael C. Pearson (Pearson) and Thomas R. Woodson

10   (Woodson) filed a petition for writ of habeas corpus.  Petitioners are currently incarcerated at

11   Salinas Valley Sate Prison.

12        Petitioners complain about various prison conditions.  They claim that prison officials

13   have engaged in cruel and unusual punishment, have improperly refused to issue them mattresses

14   for their bunks, have engaged in medical neglect, have ignored their needs for a religious diet

15   and have failed to process their administrative appeals.

16        On October 5, 2006, the court requested an informal response from the Attorney

17   General's Office (Respondent).  On December 8, 2006,  Respondent filed an informal response.

18   On December 12, 2006, Petitioner Woodson filed his reply.  The court notes that Petitioner

19   Woodson did not serve a copy of his reply on Respondent.  In his reply, Petitioner Woodson

20   claims that he has mailed to the court a document entitled "Entry for Default."  The court has not

21   received such a document from Petitioner Woodson.

22        In its order of October 5, 2006, the court found that Petitioners failed to make a prima

23   facie showing as to their claim of cruel and unusual punishment.  (See Court's Order of October

24   5, 2006)  Thus, Petitioners' claim of cruel and unusual punishment fails.

25

1    As to the Petitioners' claims relating to mattresses, medical neglect and religious diet,

2  Petitioners have failed to show that they exhausted their administrative remedies. See *In re*

3  *Muszalski* (1975) 52 Cal.App.3d 500, 503. They have failed to show that they appealed these

4  issues through the director's level.

5    Both Petitioners claim that prison officials failed to process their appeals. Petitioners

6  have provided a copy of only one appeal dated June 19, 2006 pertaining to mattresses and

7  medical neglect. Petitioners have failed to meet their burden of providing copies of their appeals

8  concerning prison officials' failure to respond to their requests for religious diet. See *People v.*

9  *Duvall* (1995) 9 Cal.4th 464, 474 [The petition should include copies of reasonably available

10  documentary evidence supporting the claim]. To the extent that Petitioners claim that they

11  submitted other appeals, they have failed to provide copies of these appeals. *Id.* In addition,

12  Petitioners have failed to meet their burden of stating fully and with particularity the facts on

13  which relief is sought. *Id.* To the extent that Petitioners claim that their appeal dated June 19,

14  2006 was returned to them, they fail to state whether they inquired with an appeals coordinator

15  as to why it was returned to them or whether they attempted to resubmit this appeal. To the

16  extent that Petitioners claim that they submitted other appeals, Petitioners fail to state whether

17  they inquired with an appeals coordinator as to the status of their appeals. Since Petitioners

18  have failed to satisfy their burden of *pleading* adequate grounds for relief, Petitioners' claim that

19  prison officials failed to process their appeals fails.

20    The petition is denied.

21    IT IS SO ORDERED.

22  Dated: 1/18/07

23

24  _____
      Commissioner Timothy P. Roberts

25

2

## CERTIFICATE OF MAILING

### C.C.P. SEC. 1013a

I do hereby certify that I am not a party to the within stated cause and that on

JAN 1 9 2007 _____ I deposited true and correct copies of the following document:

ORDER in sealed envelopes with postage thereon fully prepaid, in the mail at Salinas,

California, directed to each of the following named persons at their respective addresses

as hereinafter set forth:

Michael C. Pearson T-15673
Salinas Valley State Prison
PO Box 1050
Soledad, CA 93960

Thomas Woodson P-76095
Salinas Valley State Prison
PO Box 1050
Soledad, CA 93960

Thomas Woodson P-76095
High Desert State Prison
PO Box 3030
Susanville, CA 96127

Office of the Attorney General
4500 Golden Gate Ave., Suite 11000
San Francisco, CA 94102
ATTN: Correctional Law Section

Dated: JAN 1 9 2007

LISA M. GALDOS,
Clerk of the Court

By: _____
Deputy          S. GARSIDE

EXHIBIT

"N"

# M E·M O R A N D U M
**Investigative Services Unit**

**Date:**     August 17, 2006

**To:**     Inmate Woodson  CDC# P76095
D2-127

**Subject:**     CORRESPONDENCE TO MONTEREY COUNTY DISTRICT ATTORNEY D. FLIPPO

Your letter addressed to Monterey County District Attorney, Dean Flippo was forwarded to the Salinas Valley State Prison Investigative Services Unit for review and disposition.

Be advised your allegations are currently being addressed via the Appeals Office (Staff Complaint-Appeal log #SVSP-C-06-00952). All staff personnel matters are confidential in nature. As such, results of any inquiry/investigation will not be shared with staff, members of the public, or inmates.

Should you have any questions regarding the status of your appeal, it is recommended that you contact the Appeals Office via a Request for Interview form.

G. Jordan
Investigative Lieutenant
Investigative Services Unit
Salinas Valley State Prison

*Put the District*
*Attorney on notice*
*3/26/06*

# MONTEREY COUNTY



## OFFICE OF THE DISTRICT ATTORNEY

DEAN D. FLIPPO
DISTRICT ATTORNEY
P.O. Box 1131
Salinas, CA 93902
831-755-5070

November 9, 2006

Thomas R. Woodson #P-76095
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960-1050

Re:   Your letter to the Monterey County District Attorney post dated October 2, 2006

Dear Mr. Woodson,

There was some delay by our office in referring your complaint to the ISU Commander at Salinas Valley State Prison. That was my fault. However, I did make the referral on August 3, 2006, so we are now inquiring to see why you have not been contacted by a CDC ISU Investigator.

Sincerely,

S. Stryker

# Exhibit



Thomas Woodson P-76095

Salinas Valley State Prison

P.O. Box 1050

Soledad  CA 93960-1050

We return your original letter ☒
and any docs you sent.
*No copies retained*

RECEIVED
MAY 0 1 2006
By____

To: Prison Law Office

RE: ON March 23, 2006 I, ⅍ woodsoN P-76095 was viciously assaulted while hand cuffed and NoN combative, by several Salinas Valley State Prison Green wall Gaurds. I suffered several injuries. Swelling, abrasions, bruising and a dislocation. I reported the misconduct via 602 appeals process. ON 4/11/06 my property was confiscated and I was sent to the AD-Seg in retaliation under the "guise," That I jeaparized the integrity of an investigation into the matter and I posed some sort of threat to the safety and security of staff and inmates. I believe I am being held back here vindictively and maliciously to surpress these truths. I am not being given my mail or any of my legal property per article 43 of the D.O.M. Myself as well as many other inmates are in the AD-Seg unit under dubious circumstances, being subjected to unfair and inhumane treatment. If there is any assistance advise or resources to

 

Victim Compensation & Government Claims Board

STATE OF CALIFORNIA
ARNOLD SCHWARZENEGGER, Governor

ROSARIO MARIN
Secretary
State and Consumer Services Agency
Chairperson

JOHN CHIANG
State Controller
Board Member

MICHAEL A. RAMOS
San Bernardino County District Attorney
Board Member

KAREN McGAGIN
Executive Officer

July 17, 2007

Thomas R. Woodson P76095
PO Box 1050 D2127
Soledad, CA 93960-1050

Re:    Request for Documents
       No. G562559

Dear Mr. Woodson:

The Victim's Compensation & Government Claims Board has received your request for the minutes of the February 22, 2007 hearing or transcript upon which the rejection of your claim is based.

Enclosed please find a letter previously sent to you explaining the reason for the Board's rejection of your claim. As the claim was on the consent agenda, the Board did not deliberate on any individual claims, so the minutes would only reflect the denial of the claim.

Sincerely,

Jennifer Chmura
Senior Staff Counsel

Enclosure

STATE OF CALIFORNIA

ARNOLD SCHWARZENEGGER, Governor

**VICTIM COMPENSATION AND GOVERNMENT CLAIMS BOARD**
GOVERNMENT CLAIMS DIVISION
P O BOX 3035
SACRAMENTO, CALIFORNIA 95812-3035
Toll Free Number: 1-800-955-0045    Fax Number: (916) 323-5766
Internet: www.vcgcb.ca.gov

ROSARIO MARIN
Secretary
State and Consumer Services Agency
And Chairperson

STEVE WESTLY
State Controller
State Controller's Office
And Board Member

MICHAEL A. RAMOS
San Bernardino County District Attorney
Board Member

KAREN McGAGIN
Executive Officer

Thomas R Woodson P76095
PO Box 1050 D2127
Soledad, CA 93960-1050

January 18, 2007

RE:  Claim G562559 for Thomas R Woodson, P76095
Tort claim for CDC Inmates, General/Punitive Damages

Dear Thomas Woodson,

The Victim Compensation and Government Claims Board (VCGCB) received your claim on August 18, 2006.

Based on its review of your claim, Board staff believes that the court system is the appropriate means for resolution of these claims, because the issues presented are complex and outside the scope of analysis and interpretation typically undertaken by the Board. The claim has been placed on the consent agenda.  The VCGCB will act on your claim at the February 22, 2007 hearing. You do not need to appear at this hearing. The VCGCB's rejection of your claim will allow you to initiate litigation should you wish to pursue this matter further.

If you have questions about this matter, please mention letter reference 99 and claim number G562559 when you call or write your claim technician/analyst at (800) 955-0045.

Sincerely,

Government Claims Division
Victim Compensation and Government Claims Board

cc:  B-23 Corrections and Rehabilitation, Attn: Donna Corbin

Ltr 99 Complex Issue Reject



**U.S. Department of Justice**

Civil Rights Division

168-11-0/252837

*Special Litigation Section - PHB*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*

July 28, 2006

Thomas Woodson
#P-76095
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA  93960-1050

Dear Mr. Woodson:

     Thank you for your correspondence.  Under the Civil Rights of
Institutionalized Persons Act, 42 U.S.C. § 1997, the Special
Litigation Section of the United States Department of Justice has
authority to investigate complaints concerning conditions in state
or locally-operated institutions.  These institutions include, but
are not limited to prisons, jails, mental retardation/developmental
disability facilities, juvenile facilities, mental health, and
publicly-operated nursing homes.  When a systemic "pattern or
practice" of the deprivation of constitutional or statutory rights
is determined to exist, we have the authority to initiate civil
action in the name of the United States against state or local
officials to remedy such conditions.

     The Section's authority does not extend to investigating the
personal grievances of a single individual.  Moreover, the Section
is not authorized to represent individual citizens in legal matters
or to give them legal advice.  Therefore, we are unable to provide
you with legal opinions or assistance with personal lawsuits or
legal matters.  However, if you wish to pursue this matter further,
you might consider contacting a private attorney or a legal
services lawyer.  This individual may assist you in determining
what, if any, remedies may be available to you.

     We will consider your letter carefully along with other
information we may receive to determine whether a pattern or
practice investigation is warranted.  If you have additional
details that you believe may be relevant to our review, we would
appreciate it if you would forward that information to us.

We hope this information is useful.  For additional information, you may want to review our website:

http://www.usdoj.gov/crt/split/index.html

Sincerely,

Earl Saunders
Special Litigation Section
Civil Rights Division

SANFORD JAY ROSEN *
MICHAEL W. BIEN
ERNEST GALVAN

HOLLY BALDWIN
GAY C. GRUNFELD
JANE KAHN
MEGHAN LANG
ANNE MANIA
NURA MAZNAVI
THOMAS NOLAN
LORI RIFKIN **
KENNETH WALCZAK***
AMY WHELAN
SARAH OLSON ZIMMERMAN ****

## ROSEN, BIEN & ASARO, LLP
ATTORNEYS AT LAW
EIGHTH FLOOR
155 MONTGOMERY STREET
SAN FRANCISCO, CALIFORNIA  94104

TELEPHONE
(415) 433-6830

FAX
(415) 433-7104

EMAIL
rba@rbalaw.com

October 20, 2006

CONFIDENTIAL – LEGAL MAIL
Thomas Woodson, P-76095
Salinas Valley State Prison
PO Box 1020
Soledad, CA 93960

Re:   *Coleman v. Schwarzenegger*
      Our File No. 489-3

Dear Mr. Woodson:

I am writing to you in response to your letter our office received October 13, 2006. Your letter was enclosed with a letter from your cellmate, Michael Bell. You both write concerning an incident of staff misconduct that led Mr. Bell to attempt suicide. Thank you for writing to our office about this matter. I know how difficult it can be to come forward in a situation like the one you described. It is often important, and sometimes necessary, for inmates to inform someone if another inmate is feeling suicidal.

We are one of the law firms that represent the plaintiffs in the class action lawsuit *Coleman v. Schwarzenegger*. The *Coleman* case was brought on behalf of inmates with serious mental illness. The court ordered the defendant, California Department of Corrections (CDC), to make certain changes in the delivery of their mental health services. The court also appointed a special master to help develop plans to provide adequate mental health care and to monitor the defendant's compliance with those plans. As plaintiffs' counsel in the *Coleman* case we try to ensure that CDC provides court ordered levels of mental health care services.

If you, or someone you know, are ever having thoughts of hurting yourself you should let a custody officer, an MTA, a psych tech, or your case manager know how you are feeling. They have been trained to respond appropriately in these situations. If you do not feel comfortable telling anyone at your institution, please write to us before you harm yourself and we can fax the Coleman Project Team about your case. They are our contact in the CDC and the people whom we write to when we are concerned about an inmate's mental health. They would then contact the mental health staff at your institution, who would send someone from the mental health staff to visit you.

*      MEMBER OF THE CONNECTICUT AS WELL AS THE CALIFORNIA BAR
**     MEMBER OF THE CONNECTICUT, NEW YORK  AS WELL AS THE CALIFORNIA BAR
***    MEMBER OF THE ILLINOIS BAR
****   MEMBER OF THE ILLINOIS AS WELL AS THE CALIFORNIA BAR

Thomas Woodson, P-76095
October 20, 2006
Page 2

   Thank you again and please take care.

                                        Sincerely yours,

                                        ROSEN, BIEN & ASARO, LLP

                                        By: Kathleen Johnson-Silk
                                            Paralegal

KJ:kjs
Encl: Staff, FAQ, SASE

# Exhibit



Thomas Woodson P-76095, D-8-225
Salinas Valley State Prison
P.O. Box 1050
Soledad CA 93960    · ·

Date Sept. 23, 2006

We return your original letter
and any docs we received.
*No copies kept.*



RECEIVED
SEP 2 7 2006
By_____

RE: Appeals Coordinator abuse of administrative appeals process
Via Screen out CDC form 695, per title 15 Admin Code 3084.3
(being manipulated)

ON March 23, 2006 I, I/m woodson P-76095 became yet
again, a victim of Wanton, Sadistic, and Malicious use of un-
necessary excessive force by Salinas Valley State Prison "Green wall"
gaurds. I/m woodson P-76095 sustained injuries to his face, shoulders,
knees, and lower back as well as mental and emotional scars. I/m
woodson P-76095 filed a staff misconduct Citizens Complaint per
P.C. 832.5 and Title 15 Admin Code 3391(a). Timely Sent the
appeal to Appeals Coordinator Eloy Medina on March 26, 2006. As
a result I/m woodson P-76095 was placed in Administrative Segreg-
ation Unit pending a "thirty day investigation into the alleg-
ations" on April 11, 2006, I/m Woodson P-76095 30 day NON-disc-
iplinary A.S.U Stay pending investigation has turned into
five Months, thirteen days and counting, an adverse endorse-
ment transfer to a prison hundreds of miles further away
from his family and loved ones, and continuous A.S.U har-
assments and abuses all in retaliation. I/m woodson P-76095
has written several 602 appeals on the adverse treatment aff-
cting him as a result of this, so called, "non disciplinary placem-
ent," only to have the 602's unjustly and dubiously, lost, discarded

page2 Continued:

Be Canceled, or screened out several times by Appeals Coordinator
E. Medina under the pretext, Inmate will not cooperate per 3084.4
(d) or some other spurious technicality unlisted in the rejection
criteria per Title 15 Admin. Code 3084.3(c)V-8(d). I/m woodson
P-76095 has put warden M.S. Evans on notice of the problems
with Appeals Coordinator E. Medina. The last notice being sent
to the Warden on 9/6/06. The Warden continues to turn
a deaf ear and allows E. Medina to operate with impunity.
Putting a "chilling effect" on I/m woodson's P-76095 first Amendm-
ent Constitutional right to file a prison grievance.

I/m woodson P76095 request your offices, assistance,
information, instruction or suggestion that will help to era-
dicate and overcome arbitrary Administrative action creat-
ing liberty interest by way of undue state impediment.
What protects prisoners procedural safeguards if the
remedy is also the poison? your help is greatly appreciated
and immensley needed to secure fundamental human rights
inside these California penal institutions particularly at level IV
status. Constitutional provisions such as the first, fourteenth
and eighth Amendments still apply to Condemned citizens
and should be protected from manipulation and misuse. I/m
woodson P-76095 was sentenced to serve time, Not cruel.
and unusual punishments, tortures, or any other punitive
actions by sadistic individuals hiding behind and under.
color of State Law.

Respectfully /s/ Thomas N Woodson P-76095