IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS RAY WOODSON, | No. C 07-04925 CW (PR) |
|     Plaintiff, | ORDER OF SERVICE |
|   v. | |
| J. RODRIGUEZ, et al., | |
|     Defendants. / | |

    Plaintiff Thomas Ray Woods, a state prisoner, has filed the present pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging a constitutional rights violation while incarcerated at Salinas Valley State Prison (SVSP).  His motion for leave to proceed in forma pauperis (IFP) has been granted.  Venue is proper in this district because the events giving rise to the action occurred at SVSP, which is located in this district.  See 28 U.S.C. § 1371(b).

### BACKGROUND

    Plaintiff alleges that Defendants SVSP Sergeant Kircher and SVSP Correctional Officers J. Rodriguez, E. Camarena, J. Parra and D. Vega used excessive physical force in violation of the Eighth Amendment.  Specifically, Plaintiff claims that at around 1:00 p.m. on March 23, 2006, a mass cell search occurred because a sheet pan was missing from the kitchen.  Defendants Rodriguez, Camarena and Parra approached Plaintiff's cell during the search, ordered Plaintiff to put his hands through the food port in order to place handcuffs on him, and handcuffed him for cell removal.  Afterwards, Defendants Rodriguez and Camarena "thrash[ed] Plaintiff's cell" while Defendant Parra detained Plaintiff against the wall outside of his cell.  Plaintiff then attempted to inform Defendant Kircher

"about the harrassment [sic] he was going through under the guise of a cell search." (Compl. at 4.)  Plaintiff slightly turned his head to convey his message and stated, "I need to speak with you Sergeant, I am being harassed." (Id.)  When Plaintiff received no response, he asked Defendant Kircher if he was "condoning this harrassment [sic]." (Id.)  Defendant Kircher ignored Plaintiff and ordered Defendants Parra and Vega to remove Plaintiff from the area.  As Defendants Parra and Vega removed Plaintiff, Plaintiff asked Defendant Kircher again if he was "sanctioning this harrassment [sic]."  Defendant Kircher then ordered Defendants Parra and Vega "to take Plaintiff down." (Id.)  Defendant Parra kicked Plaintiff's feet out from under him causing him to fall face first onto the pavement and to suffer from a swollen right eye. While Plaintiff was on the ground, Defendant Parra "used further unnecessary brut force by bending Plaintiffs [sic] cuffed right wrist and arm up towards Plaintiff's head causing excruciating pain to Plaintiffs [sic] wrist and shoulder joints." (Id.)  Defendant Vega "dropped his knee with [his] full body weight [on] Plaintiffs [sic] neck and upper back, laughing and giggling at Plaintiff's squeels [sic] of pain." (Id.)  In response to the commotion, Defendants Camarena and Rodriguez along with "several other unidentified guards" approached Plaintiff while he was on the floor and began kicking Plaintiff in the legs and hips.

After shackling Plaintiff's legs, Defendants Parra and Vega forced Plaintiff to stand up and walk with his boxers down exposing his genitalia.  Plaintiff was then taken outside where Defendants Parra and Vega threw him to the ground again damaging his knees, dislocating his shoulder, and scraping the skin off of his swollen

2

right eye.  Plaintiff told Defendant Kircher that his shoulder was dislocated.  Defendant Kircher instructed Defendants Camarena and Rodriguez to take over as Plaintiff's escorts.  Defendant Kircher later ordered them to check Plaintiff's handcuffs and to put him down.  After his handcuffs were checked, Plaintiff was yanked to his feet by Defendants Rodriguez and Camarena and again "thrown" to the cement pavement, which caused his shoulder to "pop[] back into [its] socket."  (Id. at 5.)

Subsequently, Plaintiff was placed in a standing room only holding cell.  While in the cell, he asked for a doctor to treat his dislocated shoulder and for pictures to be taken of his injuries, but Nurse Moore denied Plaintiff's request.  After some time had passed, Doctor Sue arrived and found several injuries on Plaintiff's body after conducting a visual examination.  As a result, Doctor Sue ordered Nurse Moore to document Plaintiff's injuries on a CDC Form 7219.  Plaintiff was escorted back to the general population at approximately 4:15 p.m.

Plaintiff filed several 602 inmate appeals, but he claims they were screened out.  After filing more 602 appeals, Plaintiff claims that he received a retaliatory CDC 115 write-up on April 5, 2006.

Plaintiff alleges he eventually exhausted his administrative remedies with respect to these claims.  He seeks monetary compensation and injunctive relief for his physical and emotional injuries.

DISCUSSION

I.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity

3

or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). It its review, the court must identify cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

    A supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). This includes evidence that a supervisor implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Redman, 942 F.2d at 1446; see Jeffers v. Gomez, 267 F.3d 895, 917 (9th Cir. 2001).

4

II.   Plaintiff's Claims

    A.   Use of Excessive Force

A prisoner has the right to be free from cruel and unusual punishment, including physical abuse by guards.  Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.  Hudson v. McMillian, 503 U.S. 1, 6 (1992) (citing Whitley v. Albers, 475 U.S. 312, 317 (1986)).

Based on the allegations motioned above, the Court is unable to say that Plaintiff can prove no set of facts which would entitle him to relief in support of his claim of the malicious and sadistic use of force.  Accordingly, the Court finds this claim cognizable.

    B.   Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).  To prove retaliation, a plaintiff must show that the defendants took adverse action against him or her that "would chill or silence a person of ordinary firmness from future First Amendment activities."  White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000) (citing Mendocino Envtl. Ctr. v. Mendocino

County, 192 F.3d 1283, 1300 (9th Cir. 1999)).

First, Plaintiff alleges that Defendants retaliated against him for filing inmate grievances. Specifically, Plaintiff argues that a retaliatory motive can be inferred against Defendants because after he filed inmate grievances relating to the alleged excessive force incident, he was "denied timely and adequate medical treatment for his injuries sustained on March 23, 2006"[1] and also "denied a mattress to sleep on for over a month and a half." (Compl. at 8.) Even if Plaintiff experienced delays in care that he attributed to Defendants, these delays would not dissuade a person of reasonable firmness from exercising his or her right to free speech by filing inmate grievances. Consequently, Plaintiff fails to state a cognizable claim.

Plaintiff also claims that his transfer from SVSP to HDSP was the result of retaliation by Defendants for Plaintiff's filing inmate grievances. (Compl. at 9.) Although prison officials are invested with broad discretion to handle transfers of prisoners, they may not retaliate against inmates for the exercise of their First Amendment rights. However, a retaliation claim is not stated where the prisoner does not allege that the defendants' actions caused him some injury, Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000 ), or, in the case of alleged retaliatory transfer, if the decision may be upheld on a constitutionally valid basis, Sher v. Coughlin, 739 F.2d 77, 82 (2d Cir. 1984).

---

[1] Plaintiff does not allege a claim of deliberate indifference to his medical needs stemming from the March 23, 2006 incident. Nor does he allege that he has exhausted such a claim through the prison administrative appeals process.

6

1    Here, Plaintiff alleges that after he filed inmate grievances,
2 he was transferred to a prison "500 miles away from his home,
3 family and loved ones." (Compl. at 9.)  However, his allegation
4 that the transfer occurred after the grievances were filed does
5 not, without more, establish retaliation; rather, Plaintiff must
6 allege a nexus between the two.  See Huskey v. City of San Jose,
7 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on
8 the logical fallacy of post hoc, ergo propter hoc, i.e., "after
9 this, therefore because of this").  Here, Plaintiff does not allege
10 any nexus between his grievances and the transfer.  While Plaintiff
11 claims that prison officials transferred him to HDSP without a
12 legitimate administrative purpose, there is no indication that
13 prison officials would not have transferred Plaintiff even if he
14 had not filed the inmate grievances.  See Sher, 739 F.2d at 82 (no
15 retaliatory transfer claim stated where administrative reasons
16 relied on by defendants would have caused them to transfer prisoner
17 whether or not they also entertained thoughts of retaliation).
18 Accordingly, Plaintiff's retaliation claim based on retaliatory
19 transfer to HDSP is DISMISSED with leave to amend.  He may file an
20 amendment to the complaint to allege that the transfer was in
21 retaliation for the exercise of his constitutional rights.  In his
22 amendment to the complaint, Plaintiff must also link specific
23 Defendants to his claim by explaining what that Defendant did that
24 caused a violation of Plaintiff's constitutional rights.  Leer v.
25 Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed
26 on an individual defendant under section 1983 if the plaintiff can
27 show that the defendant proximately caused the deprivation of a
28 federally protected right).

7

III. Defendants

    A.   Named Defendants

    Plaintiff has named and directly linked to his allegations of excessive force the following named Defendants: SVSP Sergeant Kircher as well as SVSP Correctional Officers J. Rodriguez, E. Camarena, J. Parra and D. Vega. Accordingly, the Court will order service of the complaint on these Defendants.

    B.   Doe Defendants

    Plaintiff identifies "several other unidentified guards" or Doe Defendants whose names he intends to learn through discovery. The use of Doe Defendants is not favored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. Id. Failure to afford the plaintiff such an opportunity is error. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, the claims against the Doe Defendants are DISMISSED. Should Plaintiff learn the identities of additional persons who violated his rights, he may move to file an amended complaint to add them as named defendants. See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

CONCLUSION

    For the foregoing reasons, the Court orders as follows:

    1.   Plaintiff has adequately alleged a cognizable Eighth Amendment claim against Defendants Kircher, Rodriguez, Camarena, Parra and Vega.

2. Plaintiff's retaliation claim based on retaliatory transfer to HDSP is DISMISSED WITH LEAVE TO AMEND as indicated above. Within <u>thirty (30) days</u> of the date of this Order Plaintiff may file an amended retaliation claim (Plaintiff shall resubmit <u>only</u> that claim and not the entire complaint) as set forth above in Section II(B) of this Order. He must clearly label the document an "Amendment to the Complaint," and write in the case number for this action. The failure to do so within the thirty-day deadline will result in the dismissal of Plaintiff's retaliation claim based on retaliatory transfer to HDSP.

His remaining retaliation claim based on delays in care is DISMISSED WITH PREJUDICE.

3. The claims against the Doe Defendants are DISMISSED WITHOUT PREJUDICE.

4. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1) and a copy of this Order to <u>SVSP Sergeant Kircher and SVSP Correctional Officers J. Rodriguez, E. Camarena, J. Parra and D. Vega</u>. The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

5. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the

1 Court, on behalf of Plaintiff, to waive service of the summons,
2 fail to do so, they will be required to bear the cost of such
3 service unless good cause be shown for their failure to sign and
4 return the waiver form.  If service is waived, this action will
5 proceed as if Defendants had been served on the date that the
6 waiver is filed, except that pursuant to Rule 12(a)(1)(B),
7 Defendants will not be required to serve and file an answer before
8 <u>sixty (60) days</u> from the date on which the request for waiver was
9 sent.  (This allows a longer time to respond than would be required
10 if formal service of summons is necessary.)  Defendants are asked
11 to read the statement set forth at the foot of the waiver form that
12 more completely describes the duties of the parties with regard to
13 waiver of service of the summons.  If service is waived after the
14 date provided in the Notice but before Defendants have been
15 personally served, the Answer shall be due <u>sixty (60) days</u> from the
16 date on which the request for waiver was sent or <u>twenty (20) days</u>
17 from the date the waiver form is filed, whichever is later.

18    6.   Defendants shall answer the complaint in accordance with
19 the Federal Rules of Civil Procedure.  The following briefing
20 schedule shall govern dispositive motions in this action:

21       a.   No later than <u>ninety (90) days</u> from the date their
22 answer is due, Defendants shall file a motion for summary judgment
23 or other dispositive motion.  The motion shall be supported by
24 adequate factual documentation and shall conform in all respects to
25 Federal Rule of Civil Procedure 56.  If Defendants are of the
26 opinion that this case cannot be resolved by summary judgment, they
27 shall so inform the Court prior to the date the summary judgment
28

10

motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

        b.   Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than <u>sixty (60) days</u> after the date on which Defendants' motion is filed.  The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element

11

of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce <u>evidence</u> in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

    c. If Defendants wish to file a reply brief, they shall do so no later than <u>thirty (30) days</u> after the date Plaintiff's opposition is filed.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

8. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion

10. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time

12

1  must be filed no later than <u>fifteen (15) days</u> prior to the deadline
2  sought to be extended.
3       IT IS SO ORDERED.
4  DATED: 5/21/08               
5                               CLAUDIA WILKEN
                                United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

THOMAS RAY WOODSON,

        Plaintiff,

  v.

J. RODRIGUEZ et al,

        Defendant.

Case Number: CV07-04925 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 21, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Thomas Ray Woodson
P-76095
"C" Facility, Calipatria State Prison
P.O. Box 5001
Calipatria, CA 92253

Dated: May 21, 2008

                              Richard W. Wieking, Clerk
                              By: Sheilah Cahill, Deputy Clerk