EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Acting Senior Assistant Attorney General
JONATHAN L. WOLFF
Supervising Deputy Attorney General
JOSE A. ZELIDON-ZEPEDA, State Bar No. 227108
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5781
  Fax: (415) 703-5843
  Email: Jose.ZelidonZepeda@doj.ca.gov

Attorneys for Defendants J. Rodriguez, M. Kircher, J. Parra, D. Vega and E. Camarena

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THOMAS RAY WOODSON,<br><br>                     Plaintiff,<br><br>v.<br><br>J. RODRIGUEZ, et al.,<br><br>                     Defendants. | C 07-4925 CW |

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES**

**TABLE OF CONTENTS**

| | Page |
|---|---|
| MEMORANDUM OF POINTS AND AUTHORITIES | 2 |
| INTRODUCTION | 2 |
| LEGAL STANDARD | 4 |
| ARGUMENT | 4 |
|     I.   The Court Should Dismiss Plaintiff's Retaliation Claim Because it Fails to State a Claim Upon Which Relief Can Be Granted. | 4 |
|         A.   Plaintiff's Retaliation Claim Fails Because Plaintiff Does not Allege that Any of the Named Defendants Violated His Rights. | 5 |
|         B.   Plaintiff's Factual Allegations Fail to State a Claim for Retaliation. | 6 |
|     II.   The Court Should Dismiss Plaintiff's Complaint Because Plaintiff Did Not Exhaust Administrative Remedies for these Claims. | 8 |
| CONCLUSION | 11 |

Defs.' Not. Mot. & Mot. Dism.; Mem. P. & A.

T. R. Woodson v. J. Rodriguez, et al.
C 07-4925 CW

i

# TABLE OF AUTHORITIES

Page

**Cases**

*Austin v. Terhune*
367 F.3d 1167 (9th Cir. 2004) ..... 7

*Bell Atlantic Corp. v. Twombly*
127 S. Ct. 1955 (2007) ..... 4, 7

*Bruce v. Ylst*
351 F.3d 1283 (9th Cir. 2003) ..... 7

*Butler v. Adams*
397 F.3d 1181 (9th Cir. 2005) ..... 9

*Coakley v. Murphy*
884 F.2d 1218 (9th Cir. 1989) ..... 4

*Gray v. Terhune*
2002 WL 31819232 (N.D. Cal. Dec. 10, 2002) ..... 6

*Huskey v. City of San Jose*
204 F.3d 893 (9th Cir. 2000) ..... 7

*Jenkins v. Baumler*
2007 U.S. Lexis 50155 (E.D. Cal. July 11, 2007) ..... 9

*Jones v. Bock*
549 U.S. 199, 127 S. Ct. 910 (2007) ..... 8

*Lee v. City of Los Angeles*
250 F.3d 668 (9th Cir. 2001) ..... 9

*Leer v. Murphy*
844 F.2d 628 (9th Cir. 1988) ..... 5

*Martinez v. Lunes*
2007 U.S. Lexis 93099 (E.D. Cal. Dec. 19, 2007) ..... 10

*Papasan v. Allain*
478 U.S. 265 (1986) ..... 4

*Pratt v. Rowland*
65 F.3d 802 (9th Cir. 1995) ..... 6

*Resnick v. Hayes*
213 F.3d 443 (9th Cir. 2000) ..... 5

*Rhodes v. Robinson*
408 F.3d 559 (9th Cir. 2005) ..... 5, 6

Defs.' Not. Mot. & Mot. Dism.; Mem. P. & A.              T. R. Woodson v. J. Rodriguez, et al.
                                                                          C 07-4925 CW

ii

## TABLE OF AUTHORITIES (continued)

Page

*Teahan v. Wilhelm*
481 F. Supp. 2d 1115 (S.D. Cal. 2007) ..... 2

*Thinket Ink Inf. Res., Inc. v. Sun*
368 F.3d 1053 (9th Cir. 2004) ..... 6

*Woodford v. Ngo*
548 U.S. 81 (2006) ..... 8-10

*Wyatt v. Terhune*
315 F.3d 1108 (9th Cir. 2003) ..... 1, 2, 4, 8

**Constitutional Provisions**

United States Constitution
    First Amendment ..... 3, 6
    Eighth Amendment ..... 4

**Statutes**

California Code of Regulations
    Title 15
        § 3084 ..... 8
        § 3084.2(a) ..... 9
        § 3084.6(c) ..... 9

Prison Litigation Reform Act (PLRA)
    United States Code
        Title 42
            § 1997e(a) ..... 8

United States Code
    Title 28
        § 1915A ..... 2

United States Code
    Title 42
        § 1983 ..... 5

**Court Rules**

Federal Rule of Civil Procedure
    Rule 12(b)(6) ..... 1, 2, 4

Defs.' Not. Mot. & Mot. Dism.; Mem. P. & A.    T. R. Woodson v. J. Rodriguez, et al.
C 07-4925 CW

iii

EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Acting Senior Assistant Attorney General
JONATHAN L. WOLFF
Supervising Deputy Attorney General
JOSE A. ZELIDON-ZEPEDA, State Bar No. 227108
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5781
  Fax: (415) 703-5843
  Email: Jose.ZelidonZepeda@doj.ca.gov

Attorneys for Defendants J. Rodriguez, M. Kircher, J. Parra, D. Vega, and E. Camarena

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THOMAS RAY WOODSON,<br><br>                    Plaintiff,<br><br>v.<br><br>J. RODRIGUEZ, et al.,<br><br>                    Defendants. | C 07-4925 CW<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge:    The Honorable<br>             Claudia Wilken |

TO PLAINTIFF THOMAS RAY WOODSON:

PLEASE TAKE NOTICE that Defendants J. Rodriguez, M. Kircher, J. Parra, D. Vega, and E. Camarena (Defendants) move to dismiss Plaintiff's retaliation claim for failure to state a claim upon which relief can be granted, under Federal Rule of Civil Procedure 12(b)(6).

PLEASE TAKE FURTHER NOTICE that Defendants move to dismiss the complaint for failure to exhaust administrative remedies. Failure to exhaust is appropriately raised in an unenumerated Rule 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). The Court may look beyond the pleadings and decide disputed issues of fact when ruling on

Defs.' Not. Mot. & Mot. Dism.; Mem. P. & A.          T. R. Woodson v. J. Rodriguez, et al.
                                                                       C 07-4925 CW

1

Defendants' unenumerated Rule 12(b) motion. *Wyatt*, 315 F.3d at 1119-20. Plaintiff may provide evidence to the Court to dispute that which is presented by Defendants. *Id.* & at n.14.

This motion is based on this notice of motion and motion, the attached memorandum of points and authorities, the declarations and exhibits filed concurrently with this motion, and the court file in this case. If the Court denies this motion, in whole or in part, Defendants respectfully request that the Court grant them a 30-day extension of time to file an answer, and 90-day extension to file a motion for summary judgment.[1]

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiff is an inmate in the California prison system. The events giving rise to this case took place in Salinas Valley State Prison. (Compl. 4.)[2]

Plaintiff alleges that on March 23, 2006, Defendants used excessive force against him, in violation of the cruel-or-unusual punishment clause of the Eighth Amendment. (Compl. 7-9.) On March 26, 2006, Plaintiff allegedly submitted an inmate grievance regarding the purported excessive use of force. (*Id.* at 12.) According to the records kept by Salinas Valley State Prison, the institution received only one grievance submitted by Plaintiff within 15 days after the March 23, 2006 incident. (Decl. E. Medina ¶ 7 & Ex. A thereto.) In his inmate grievance, Plaintiff requested that the Department of Internal Affairs conduct an investigation of his allegations of excessive force. (Compl. 14; Ex. A to Pl.'s Compl.) Plaintiff's grievance also requested that Defendants be disciplined, and that the institution abide by the "no reprisal" policy under the California regulations. (Ex. A to Pl.'s Compl.) Plaintiff's inmate grievance did not request any other form of relief. (*Id.*)

---

1. Although the Court already screened the complaint under 28 U.S.C. § 1915A and found that it states a cognizable claim, this finding does not foreclose Defendants' right under Rule 12 to file a motion to dismiss. *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007). Moreover, a party moving for dismissal under Rule 12(b) must do so before filing a responsive pleading. Fed. R. Civ. P. 12(b).

2. Citations to the Complaint refer to the page numbers assigned by the Court's e-filing system.

Defs.' Not. Mot. & Mot. Dism.; Mem. P. & A.                    T. R. Woodson v. J. Rodriguez, et al.
                                                                                      C 07-4925 CW

2

| | |
|---|---|
| 1 | Plaintiff also claims that on April 5, 2006, he received a CDCR 115 "write up" (also known |
| 2 | as a rules violation report) as retaliation for his submission of an inmate grievance. (Compl. 12.) |
| 3 | The CDCR 115 "write up" was purportedly used by prison personnel to "cover up, smear, and |
| 4 | justify" the use of force on March 23, 2006. (*Id.*) Further, Plaintiff alleges that on April 11, |
| 5 | 2006 he was placed in administrative segregation, also as "obvious retaliation for Plaintiff's |
| 6 | excorcising [*sic*] his First Amendment right to file a prison grievance." (*Id.* at 13.) |
| 7 | On May 21, 2008, the Court issued its order of service, finding that Plaintiff raised a |
| 8 | cognizable excessive force claim. (Order of Service 5.) The Court's order also dismissed |
| 9 | Plaintiff's retaliation claim, with leave to amend. (*Id.* at 7.) Specifically, the Court found that |
| 10 | the retaliation claim was deficient because it failed to allege a nexus between his transfer to a |
| 11 | different prison and the grievances he submitted. (*Id.*) Thus, the Court directed Plaintiff to file |
| 12 | an amendment to the complaint "to allege that the transfer was in retaliation for the exercise of |
| 13 | his constitutional rights." (*Id.*) The Court further instructed Plaintiff that in his amendment to |
| 14 | the Complaint, Plaintiff "must also link specific Defendants to his claim by explaining what that |
| 15 | Defendant did that caused a violation of Plaintiff's constitutional rights." (*Id.*) |
| 16 | As directed by the Court, Plaintiff filed an "amendment to the complaint" on June 23, 2008, |
| 17 | solely relating to his retaliation claim. In it, Plaintiff contends that on April 5, 2006, he received |
| 18 | a rules violation report that contains false information, designed to make Plaintiff appear |
| 19 | culpable for the use of force during the March 23, 2006 incident. (Am. to Compl. 1.) Plaintiff |
| 20 | alleges that the "dubious timing" of the rules violation report was intended to put a "chilling |
| 21 | effect" on Plaintiff's First Amendment rights. (*Id.*) Plaintiff does not state who was responsible |
| 22 | for the rules violation report. (*See generally id.*) |
| 23 | Plaintiff further alleges that on April 11, 2006, a Sergeant Selby put Plaintiff in |
| 24 | administrative segregation due to an investigation into the March 23, 2006 incident. (Am. to |
| 25 | Compl. 2.) Plaintiff contends that this placement was in retaliation for his submission of an |
| 26 | inmate grievance regarding the March 2006 incident. (*Id.*) Plaintiff also complains of a pattern |
| 27 | of actions by other prison staff, including an individual named Blevens and the appeals |
| 28 | coordinator, Eloy Medina, which he contends were also retaliatory in nature. (*Id.*) Lastly, |

Defs.' Not. Mot. & Mot. Dism.; Mem. P. & A.    T. R. Woodson v. J. Rodriguez, et al.
C 07-4925 CW

3

Plaintiff contends that on July 20, 2006, members of the inmate classification committee–including Moore, Meden, Garcia, Trexler and Rankin–ordered Plaintiff's transfer to High Desert State Prison, also in retaliation for his inmate grievance. (*Id.* at 3.) None of the Defendants named in this action are named as individuals engaging in the purportedly retaliatory actions. (*See generally id.*)

## LEGAL STANDARD

A case should be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it fails to state a claim upon which relief can be granted. Although a complaint attacked by a motion to dismiss does not need "detailed factual allegations," it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citation omitted). Further, in ruling on a motion to dismiss, this Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Where a complaint's defects are not curable, the court should dismiss without leave to amend. *See Coakley v. Murphy*, 884 F.2d 1218, 1222 (9th Cir. 1989) (affirming dismissal without leave to amend where complaint's defects were not curable).

In accordance with *Wyatt*, 315 F.3d at 1119, this motion is also brought in part as an unenumerated Federal Rule of Civil Procedure 12(b) motion. In ruling on an unenumerated Rule 12(b) motion, the Court may consider evidence other than that which is presented by the complaint itself. *Id.* at 1119-20 ("In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact.").

## ARGUMENT

I.  <u>The Court Should Dismiss Plaintiff's Retaliation Claim Because it Fails to State a Claim Upon Which Relief Can Be Granted.</u>

In his "amendment to the complaint," filed on June 23, 2008, Plaintiff raises a retaliation claim. Specifically, Plaintiff contends that because he submitted an inmate grievance regarding his Eighth Amendment claim, prison officials issued a disciplinary "write up," placed him in

Defs.' Not. Mot. & Mot. Dism.; Mem. P. & A.                                    T. R. Woodson v. J. Rodriguez, et al.
                                                                                C 07-4925 CW

4

administrative segregation, and transferred him to a distant prison . (*See* Am. to Compl. 2-3.) But Plaintiff does not allege that any of the Defendants named in the complaint were responsible for these actions. Moreover, Plaintiff also fails to state a claim on his retaliation claim under the substantive law.

  A. <u>Plaintiff's Retaliation Claim Fails Because Plaintiff Does not Allege that Any of the Named Defendants Violated His Rights.</u>

Under 42 U.S.C. § 1983, any "person" who violates the constitutional rights of another under color of state law is liable. *Leer v. Murphy*, 844 F.2d 628, 632 (9th Cir. 1988). A person deprives another of a constitutional right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation" of a right. *Id.* at 633 (emphasis in original). The causation analysis "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Id.*; *see also Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000) ("In a constitutional tort, as in any other, a plaintiff must allege that the defendant's actions caused him some injury."). The causation element is also inherent in a retaliation claim, which requires, *inter alia*, that Plaintiff allege that Defendants took some adverse action because of a prisoner's protected conduct. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Here, Plaintiff does not allege that the named Defendants, J. Rodriguez, M. Kircher, J. Parra, D. Vega, and E. Camarena, caused the disciplinary "write up," the purportedly-retaliatory transfer, or his placement in administrative segregation. (*See* Am. to Compl. 1-3.) Instead, Plaintiff complains that some unnamed individual wrote a rules violation report against him (*id.* 1), that a sergeant Selby authorized his placement in administrative segregation (*id.* at 2) and that other individuals not named as defendants authorized his transfer to another prison. (*Id.* at 2-3.) Thus, Plaintiff has failed to show that any of the Defendants retaliated against him, and the Court

Defs.' Not. Mot. & Mot. Dism.; Mem. P. & A.  T. R. Woodson v. J. Rodriguez, et al.
C 07-4925 CW

5

1  should dismiss the retaliation claim, without leave to amend.[3/]

2      B.  Plaintiff's Factual Allegations Fail to State a Claim for Retaliation.

Plaintiff's retaliation claim also fails as a matter of law because it does not meet the elements for such a cause of action. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes*, 408 F.3d at 567-68 (internal footnote omitted).

Here, Plaintiff alleges generally that Defendants took retaliatory actions against him.[4/] But Plaintiff bases his claim solely on what he calls "suspect" or "dubious timing" of the purportedly retaliatory actions. (Am. to Compl. 1, 3.) As the Court informed Plaintiff in its Order of Service, his allegation "that the transfer occurred after the grievances were filed does not, without more, establish retaliation." (Ord. of Service 7.) While "timing can properly be considered as circumstantial evidence of retaliatory intent," *Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995), Plaintiff has offered no further allegations to substantiate his claim of retaliatory action. As another judge in this district has pointed out, timing alone cannot establish retaliation. *Gray v. Terhune*, No. C 99-5358 SI, 2002 WL 31819232, at *4 (N.D. Cal. Dec. 10, 2002) (citing *Pratt*). In *Gray*, the district judge determined that an inmate's allegation that a special diet was discontinued after the inmate submitted a grievance did not state a claim that the discontinuance was because of the grievance. *Id.*

---

3. Although leave to amend should generally be freely granted, here the Court already granted Plaintiff leave to amend the retaliation claim in its Order of Service. (Ord. of Service 7.) In fact, the Court's previous order instructed Plaintiff that he must "link specific Defendants to his claim by explaining what that Defendant did that caused a violation of Plaintiff's constitutional rights." *Id.* Plaintiff still failed to do so. Thus, the Court should dismiss without leave to amend. *Thinket Ink Inf. Res., Inc. v. Sun*, 368 F.3d 1053, 1061 (9th Cir. 2004).

4. As pointed out *supra*, Plaintiff does not ascribe any of the allegedly retaliatory actions to the four named Defendants. *See supra* Section I(A).

Defs.' Not. Mot. & Mot. Dism.; Mem. P. & A.                    T. R. Woodson v. J. Rodriguez, et al.
                                                                C 07-4925 CW

6

By contrast, cases where a prisoner states a viable retaliation claim are supported by allegations more substantial than mere timing. For example, in *Bruce v. Ylst*, the plaintiff alleged that prison personnel had retaliated against him by validating him as a gang member. 351 F.3d 1283 (9th Cir. 2003). In support of his claim, the plaintiff in *Bruce* noted the suspect timing of the validation, coming soon after his success on prison grievances, as well as the fact that the same evidence that was previously determined to be insufficient to classify him as a gang member was subsequently used to validate him. *Id.* at 1288. Further, the plaintiff in *Bruce* alleged that the individual validating him as a gang member had explicitly told him that he was validated because of his grievances. *Id.* at 1289. The Ninth Circuit determined that these alleged statements "combined with the suspect timing of the investigation and the fact that stale evidence was used . . . raise a triable issue of fact regarding whether the motive behind the validation was retaliatory." *Id.*

Similarly, in *Austin v. Terhune*, the plaintiff alleged that a correctional officer retaliated against him for reporting the officer's actions by citing the plaintiff for misconduct. 367 F.3d 1167 (9th Cir. 2004). The plaintiff alleged that the correctional officer apologized to him and attempted to dissuade him from reporting the incident. *Id.* at 1169-70. When the plaintiff reported the incident, the officer accused the plaintiff of misconduct. *Id.* at 1170. Thus, as in *Bruce*, the plaintiff in *Austin* supported his allegations of retaliatory motive with more than merely suspect timing.

Ultimately, the result in *Bruce* and *Austin* is in accord with the general rule that a retaliation claim cannot rest solely on the fallacy of *post hoc, ergo propter hoc* (i.e., after this, therefore because of this). *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000). But here, Plaintiff's entire retaliation claim rests on his allegations of "suspect" or "dubious" timing of the allegedly retaliatory actions. Plaintiff's retaliation claim offers nothing more than "labels and conclusions," and thus should be dismissed. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

For these reasons, Plaintiff's retaliation claim should be dismissed, without leave to amend.

///

Defs.' Not. Mot. & Mot. Dism.; Mem. P. & A.                    T. R. Woodson v. J. Rodriguez, et al.
C 07-4925 CW

7

## II. The Court Should Dismiss Plaintiff's Complaint Because Plaintiff Did Not Exhaust Administrative Remedies for these Claims.

The Court should dismiss Plaintiff's excessive force claim because he did not exhaust administrative remedies, as required by the Prison Litigation Reform Act (PLRA).

The PLRA provides that "No Action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Proper exhaustion under the PLRA requires that an inmate comply with applicable administrative guidelines and procedural rules. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). In *Ngo*, the Supreme Court reversed a decision by the Ninth Circuit that held that a California prisoner who submitted an untimely prison grievance had exhausted administrative remedies simply because no such remedies remained available to him. *Id.* The *Ngo* court stressed that "The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules." *Id.* at 95; *see also Jones v. Bock*, 549 U.S. 199, ___, 127 S. Ct. 910, 922-23 (2007). These procedural rules "are defined not by the PLRA, but by the prison grievance process." *Jones*, 549 U.S. at ___, 127 S. Ct. at 922. Ultimately, "[t]he level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* at ___, 127 S. Ct. at 923. In situations where a prisoner has failed to exhaust administrative remedies, the proper course of action is dismissal without prejudice. *See Wyatt*, 315 F.3d at 1120.

The California Department of Corrections and Rehabilitation (CDCR) has an administrative appeals system for prisoner complaints. *See* Cal. Code Regs. tit. 15, § 3084, *et seq*. Under this appeals system, "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." *Id.* at § 3084.1(a); *see also Ngo*, 548 U.S. at 85-86. (describing CDCR prisoner grievance procedure). The California regulations require that an

Defs.' Not. Mot. & Mot. Dism.; Mem. P. & A.    T. R. Woodson v. J. Rodriguez, et al.
C 07-4925 CW

8.

1  inmate "describe the problem and action requested" in the requisite CDCR Form 602. Cal. Code
2  Regs. tit. 15, § 3084.2(a); *Butler v. Adams*, 397 F.3d 1181, 1183 (9th Cir. 2005). Inmate
3  grievances must be submitted within 15 days of the action complained of. Cal. Code Regs. tit.
4  15, § 3084.6(c); *Ngo*, 548 U.S. at 83 (affirming dismissal of civil rights action where inmate
5  submitted a grievance after 15-day deadline).

6      Here, Plaintiff submitted a CDCR Form 602 inmate grievance regarding his claim of
7  excessive force.[5] (Ex. A to Compl.) This grievance, which was assigned log number SVSP-C-
8  06-00952, was received by the prison on March 27, 2006. (Decl. E. Medina ¶ 7 & Ex. A
9  thereto.) This grievance was "denied" at the final level of review, the Director's Level, on
10 February 21, 2007. (Ex. A to Decl. T. Emigh.) According to the electronic records maintained
11 by the prison, this is the only grievance submitted by Plaintiff within 15 days after the March 23,
12 2006 incident at issue in this litigation.[6] (Decl. E. Medina ¶ 7 & Ex. A thereto.) Plaintiff's
13 grievance did not request any monetary, punitive or nominal damages, which is the relief he
14 seeks in this Court. (Ex. A to Compl.) Likewise, Plaintiff's inmate grievance did not request a
15 transfer to another prison. (*Id.*) Thus, he did not comply with the procedural requirements of the
16 California regulations, which require that an inmate "describe the problem and action requested."
17 Cal. Code Regs. tit. 15, § 3084.2(a). In fact, Plaintiff's inmate grievance requested solely that his
18 allegations of excessive force be investigated, that the officers involved be disciplined, and that
19 the institution abide by the no-reprisal policy. (Ex. A to Compl.) Accordingly, he failed to
20 exhaust by complying with the prison's procedural guidelines, and this action should be
21 dismissed. *Ngo*, 548 U.S. at 90.

22     In *Jenkins v. Baumler*, the inmate brought a retaliation claim in district court under section
23 1983. No. 02-CV-05397-LJO-SMS, 2007 U.S. Lexis 50155 (E.D. Cal. July 11, 2007).

---

25     5. In ruling on a motion to dismiss, a court can rely on documents appended to the complaint
26 without converting it into a motion for summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d
   668, 688 (9th Cir. 2001).
27
28     6. Any grievance submitted later than 15 days after the incident in question would be
   untimely. Cal. Code Regs. tit. 15, § 3084.6(c); *Ngo*, 548 U.S. at 83.

1  Specifically, the inmate alleged that the prison librarian told him that he would inform other
2  inmates that restrictions on library usage were due to the inmate's grievance if the inmate did not
3  withdraw the grievance, and that several other prisoners had subsequently written threatening
4  notes to him that prison officials disregarded. *Id.* at *4. However, the "action requested" portion
5  of his grievance only sought that the officials produce the threatening notes to him and explain
6  why the notes were disregarded. *Id.* at *8. The court determined that the inmate did not exhaust
7  his allegations of retaliation because the only action requested in the grievance concerned the
8  threatening notes, not the retaliation issue. *Id.* at *11; *but see Martinez v. Lunes*, No. 04-CV-
9  6469-LJO-DLB, 2007 U.S. Lexis 93099 (E.D. Cal. Dec. 19, 2007) (rejecting argument that a
10  prisoner must exhaust claim for monetary relief).

11  Similarly, here Plaintiff did not exhaust his claim for money through the administrative
12  grievance process. The regulations clearly require that an inmate "describe the problem and the
13  action requested." In spite of this, Plaintiff never requested money damages for the alleged
14  mistreatment he suffered on March 23, 2006. Plaintiff's failure to do so precluded the prison
15  from addressing this aspect of his case, and developing a record as to the propriety of monetary
16  damages. *See Ngo*, 548 U.S. at 94-95 (discussing rationale for exhaustion requirement). As the
17  Supreme Court pointed out in *Ngo*, "The benefits of exhaustion can be realized only if the prison
18  grievance system is given a fair opportunity to consider the grievance." *Id.* at 95. Plaintiff did
19  not give the prison grievance system the chance to address his claim for damages.[7]

20  For these reasons, Plaintiff's excessive force claim should be dismissed, without prejudice.
21  ///
22  ///

---

7. Notably, prison officials did grant Plaintiff the relief he requested, namely an investigation into his allegations of misconduct. (Ex. A to Pl.'s Compl.)

Defs.' Not. Mot. & Mot. Dism.; Mem. P. & A.                    T. R. Woodson v. J. Rodriguez, et al.
                                                                                      C 07-4925 CW

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's retaliation claim, without leave to amend. Additionally, the Court should dismiss Plaintiff's excessive force claim for failure to exhaust, without prejudice.

Dated: July 18, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

ROCHELLE C. EAST
Acting Senior Assistant Attorney General

JONATHAN L. WOLFF
Supervising Deputy Attorney General

JOSE A. ZELIDON-ZEPEDA
Deputy Attorney General
Attorneys for Defendants J. Rodriguez, M. Kircher, J. Parra, D. Vega, and E. Camarena

20118910.wpd
SF2008200044

Defs.' Not. Mot. & Mot. Dism.; Mem. P. & A.    T. R. Woodson v. J. Rodriguez, et al.
C 07-4925 CW

11

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **T. R. Woodson v. J. Rodriguez, et al.**

Case No.:   **C 07-4925**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On July 18, 2008, I served the attached

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**

**DECLARATION E. MEDINA IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**DECLARATION OF T. EMIGH IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Thomas R. Woodson
P-76095
Calipatria State Prison
P.O. Box 5001
Calipatria, CA 92233-5001
Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **July 18, 2008**, at San Francisco, California.

| M. Xiang | *[signature]* |
|---|---|
| Declarant | Signature |