IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **THOMAS RAY WOODSON,** | C 07-4925 CW |
| Plaintiff, | **[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| **v.** | |
| **J. RODRIGUEZ, et al.,** | Judge:     The Honorable Claudia Wilken |
| Defendants. | |

### INTRODUCTION

This is a civil rights action under 42 U.S.C. § 1983.  Plaintiff alleges that Defendants J. Rodriguez, M. Kircher, J. Parra, D. Vega, and E. Camarena (Defendants) used excessive force against him on March 23, 2006, during an altercation at Salinas Valley State Prison, in Soledad, California.  Plaintiff also alleges that other officials at SVSP retaliated against him for submitting an inmate grievance regarding the March 23, 2006 incident.

Defendants move to dismiss this action under Federal Rule of Civil Procedure 12(b).  Specifically, Defendants contend that Plaintiff's retaliation claim fails because Plaintiff has not

1  tied any of the named defendants to the alleged retaliatory actions.  Defendants also contend that

2  Plaintiff's factual allegations do not meet the elements for a retaliation claim.  Lastly, Defendants

3  argue that Plaintiff did not exhaust administrative remedies for his claim for monetary damages

4  for the alleged excessive force, as required by the Prison Litigation Reform Act, 42 U.S.C. §

5  1997e(a).

6      The Court has reviewed the moving papers, the declarations and exhibits in support and

7  opposition thereto, and any reply.  Good cause appearing and for the reasons set forth below, the

8  motion to dismiss is GRANTED.

9                                    . LEGAL STANDARD

10      Under Federal Rule of Civil Procedure 12(b)(6), a case should be dismissed if it fails to

11  state a claim upon which relief can be granted.  Although a complaint attacked by a motion to

12  dismiss does not need "detailed factual allegations," it must contain "more than labels and

13  conclusions, and a formulaic recitation of the elements of a cause of action will not do." *See Bell*

14  *Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citation omitted).  Where a

15  complaint's defects are not curable, the court should dismiss without leave to amend. *See*

16  *Coakley v. Murphy*, 884 F.2d 1218, 1222 (9th Cir. 1989).

17      Under *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), this motion is also brought in

18  part as an unenumerated Federal Rule of Civil Procedure 12(b) motion.  In ruling on an

19  unenumerated Rule 12(b) motion, the Court may consider evidence other than that which is

20  presented by the complaint itself. *Id.* at 1119-20 ("In deciding a motion to dismiss for failure to ·

21  exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed

22  issues of fact.").

23                                    DISCUSSION

24      Under 42 U.S.C. § 1983, any "person" who violates the constitutional rights of another

25  under color of state law is liable. *Leer v. Murphy*, 844 F.2d 628, 632 (9th Cir. 1988).  A person

26  deprives another of a constitutional right "if he does an affirmative act, participates in another's

27  affirmative acts, or omits to perform an act which he is legally required to do that *causes* the

28  deprivation" of a right. *Id.* at 633 (emphasis in original).  The causation analysis "must be

[Proposed] Ord. Granting Defs.' Mot. Dism.                    T. R. Woodson v. J. Rodriguez, et al.
                                                              C 07-4925 CW

1  individualized and focus on the duties and responsibilities of each individual defendant whose

2  acts or omissions are alleged to have caused a constitutional deprivation." *Id.*; *see also Resnick*

3  *v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000) ("In a constitutional tort, as in any other, a plaintiff

4  must allege that the defendant's actions caused him some injury."). Here, Plaintiff does not

5  allege that the named Defendants, J. Rodriguez, M. Kircher, J. Parra, D. Vega, and E. Camarena,

6  caused the disciplinary "write up," the purportedly-retaliatory transfer, or his placement in

7  administrative segregation. Instead, Plaintiff complains that some unnamed individual wrote a

8  rules violation report against him, and that other individuals not named as defendants authorized

9  his transfer to another prison and placement in administrative segregation. Thus, Plaintiff has

10  failed to show that any of the Defendants retaliated against him.

11      Further, Plaintiff fails to state a claim for retaliation because his allegations merely allege

12  that some adverse action was taken after he submitted an inmate grievance. As the Court

13  explained to Plaintiff in its May 21, 2008 Order, his allegation "that the transfer occurred after

14  the grievances were filed does not, without more, establish retaliation." Ultimately, a retaliation

15  claim cannot rest solely on the fallacy of *post hoc, ergo propter hoc* (i.e., after this, therefore

16  because of this). *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000). Plaintiff's

17  entire retaliation claim rests on his allegations of "suspect" or "dubious" timing of the allegedly

18  retaliatory actions. Plaintiff's retaliation claim offers nothing more than "labels and

19  conclusions," and thus should be dismissed. *See Twombly*, 127 S. Ct. at 1965.

20      Additionally, Plaintiff's claim for monetary damages for alleged excessive use of force

21  during the March 23, 2006 incident is not cognizable because Plaintiff did not exhaust

22  administrative remedies for this claim, as required by the PLRA. The PLRA provides that "No

23  Action shall be brought with respect to prison conditions under section 1983 . . . until such

24  administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Proper

25  exhaustion under the PLRA requires that an inmate comply with applicable administrative

26  guidelines and procedural rules. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). These

27  procedural rules "are defined not by the PLRA, but by the prison grievance process." *Jones*, 549

28  U.S. at ___, 127 S. Ct. at 922. Ultimately, "[t]he level of detail necessary in a grievance to

[Proposed] Ord. Granting Defs.' Mot. Dism.                    T. R. Woodson v. J. Rodriguez, et al.
                                                                          C 07-4925 CW

1  comply with the grievance procedures will vary from system to system and claim to claim, but it

2  is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."

3  *Id.* at ___, 127 S. Ct. at 923. In situations where a prisoner has failed to exhaust administrative

4  remedies, the proper course of action is dismissal without prejudice. *See Wyatt*, 315 F.3d at

5  1120.

6       The California Department of Corrections and Rehabilitation (CDCR) has an administrative

7  appeals system for prisoner complaints. *See* Cal. Code Regs. tit. 15, § 3084, *et seq.* Under this

8  appeals system, "Any inmate or parolee under the department's jurisdiction may appeal any

9  departmental decision, action, condition, or policy which they can demonstrate as having an

10  adverse effect upon their welfare." *Id.* at § 3084.1(a); *see also Ngo*, 548 U.S. at 85-86.

11  (describing CDCR prisoner grievance procedure). The California regulations require that an

12  inmate "describe the problem and action requested" in the requisite CDCR Form 602. Cal. Code

13  Regs. tit. 15, § 3084.2(a); *Butler v. Adams*, 397 F.3d 1181, 1183 (9th Cir. 2005).

14       Here, the exhibits to Plaintiff's complaint reflect that Plaintiff submitted a CDCR Form 602

15  inmate grievance regarding his claim of excessive force.[1] This grievance, which was assigned

16  log number SVSP-C-06-00952, was received by the prison on March 27, 2006. According to the

17  electronic records maintained by the prison, this is the only grievance submitted by Plaintiff

18  within 15 days after the March 23, 2006 incident at issue in this litigation.[2] Plaintiff's grievance

19  did not request any monetary, punitive or nominal damages, which is the relief he seeks in this

20  Court. Likewise, Plaintiff's inmate grievance did not request a transfer to another prison. Thus,

21  he did not comply with the procedural requirements of the California regulations, which require

22  that an inmate "describe the problem *and action requested*." Cal. Code Regs. tit. 15, § 3084.2(a)

23  (emphasis added). In fact, Plaintiff's inmate grievance requested solely that his allegations of

24

---

25      1. In ruling on a motion to dismiss, a court can rely on documents appended to the complaint

26  without converting the motion into a motion for summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

27

28      2. Any grievance submitted later than 15 days after the incident in question would be untimely. Cal. Code Regs. tit. 15, § 3084.6(c); *Ngo*, 548 U.S. at 83.

[Proposed] Ord. Granting Defs.' Mot. Dism.        T. R. Woodson v. J. Rodriguez, et al.
C 07-4925 CW

1   excessive force be investigated, that the officers involved be disciplined, and that the institution

2   abide by the no-reprisal policy. Accordingly, he failed to exhaust by complying with the prison's

3   procedural guidelines, and this claim will be dismissed. *Ngo*, 548 U.S. at 90.

### CONCLUSION

5       In light of the foregoing, Plaintiff's retaliation claim is dismissed, without leave to amend.

6   Plaintiff's excessive force claim is also dismissed, without prejudice.

7       All claims having been disposed of, the Clerk shall enter judgment in this case.[3]

8       IT IS SO ORDERED.

9

10

11   _____          _____
                           Claudia Wilken
12   Dated                 United States District Judge

13

14   20123811.wpd
     SF2008200044
15

16

17

18

19

20

21

22

23

24

25

26

27
_____
     3.  In light of this Order, all other pending motions (including Plaintiff's motion for
28   appointment of counsel) are denied as moot.

     [Proposed] Ord. Granting Defs.' Mot. Dism.                T. R. Woodson v. J. Rodriguez, et al.
                                                                               C 07-4925 CW