EDMUND G. BROWN, JR.
Attorney General of California
JAY C. RUSSELL (CA SBN 122626)
Supervising Deputy Attorney General
JOSE A. ZELIDON-ZEPEDA (CA SBN 227108)
Deputy Attorney General
Jose.ZelidonZepeda@doj.ca.gov
NEAH HUYNH (CA SBN 235377)
Deputy Attorney General
Neah.Huynh@doj.ca.gov
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102-5781
Telephone: 415.703.5781
Facsimile: 415.703.5843

Attorneys for Defendants
J. RODRIGUEZ, E. CAMARENA, J. PARRA,
D. VEGA, and SERGEANT KIRCHER

MATTHEW I. KREEGER (CA SBN 56398)
MKreeger@mofo.com
CATHARINE B. BAKER (CA SBN 210011)
CBaker@mofo.com
JANELLE SAHOURIA (CA SBN 253699)
JSahouria@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Plaintiffs
THOMAS RAY WOODSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THOMAS RAY WOODSON,<br><br>    Plaintiff,<br><br>    v.<br><br>J. RODRIGUEZ, *et al.*,<br>    Defendants. | Case No.   4:07-CV-04925-CW<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**<br><br>Judge:   The Honorable Claudia Wilken<br><br>Complaint Filed: September 21, 2007<br>Trial Date:   June 27, 2011 |

1  Plaintiff Thomas R. Woodson ("Plaintiff") and Defendants J. Rodriguez, E. Camarena,
2  J. Parra, D. Vega and Sergeant Kircher (collectively, "Defendants"), recognizing that the Parties
3  or non-parties may have confidential or private information relevant to the subject matter of this
4  lawsuit that would otherwise be subject to discovery, have agreed to this Order on the terms set
5  forth below.  It appearing to the Court that the Parties have agreed to the terms of an appropriate
6  Order to govern discovery proceedings in this action, and good cause appearing,
7  IT IS HEREBY ORDERED:

**1. PURPOSES AND LIMITATIONS**

9  Discovery activity in this action is likely to involve disclosures and production of
10 confidential or private information requiring special protection from public disclosure and
11 restricting its use solely to the litigation of this case, *Thomas Ray Woodson v. J. Rodriguez, et al.*,
12 Case No. 4:07-CV-04925-CW.

**2. DEFINITIONS**

14  2.1  Party:  any Party to this action, including employees, consultants, retained experts,
15  and counsel for any Party.

16  2.2  Documents:  all items or information, regardless of the medium or manner
17 generated, stored, or maintained, including but not limited to:  written, recorded or graphic matter,
18 whether in hard copy or electronic form; testimony or transcripts, whether in written or oral form;
19 interrogatory answers, requests to admit and responses thereto in this action; designs, technical
20 data, or drawings; any portion of any court paper filed in this action that quotes or summarizes
21 any of these items; or any tangible things.

22  2.3  Disclosures or Discovery Material:  all documents that are produced or generated
23 by the Parties or non-parties in disclosures or in response to any request for production, any
24 interrogatory response, any response to a request for admission, or any response to a subpoena.

25  2.4  "Confidential" Information or Items:  all documents that a Designating Party in
26 good faith believes contain confidential or personal information that is not publicly known,
27 cannot be ascertained from an inspection of publicly available documents, includes an

28

1  individual's private information, or qualifies for protection under standards developed under
2  California or federal law.  These items are to be marked "Confidential."

3       2.5     <u>"Confidential - Attorneys' Eyes Only" Information or Items</u>:  all documents that a
4  Designating Party in good faith believes contain confidential or personal information, or an
5  individual's private information that is not publicly known and cannot be ascertained from an
6  inspection of publicly available documents, and whose disclosure to a Receiving Party or non-
7  party would create a substantial risk of injury to the Designating Party, Producing Party, or
8  persons identified in the materials (including but not limited to impacting prison safety and
9  security) that could not be avoided by less restrictive means.  These items are to be marked
10 "Confidential - Attorneys' Eyes Only."

11      2.6     <u>Producing Party</u>:  a Party or non-party that produces Disclosures or Discovery
12 Material in this action.

13      2.7     <u>Receiving Party</u>:  a Party that receives Disclosures or Discovery Material from a
14 Producing Party.

15      2.8     <u>Designating Party</u>:  a Party or non-party that designates information or items that it
16 produces in disclosures or in responses to discovery as "Confidential" or "Confidential -
17 Attorneys' Eyes Only."

18      2.9     <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as
19 "Confidential" or "Confidential - Attorneys' Eyes Only."

20      2.10     <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to
21 the litigation who has been retained by a Party or its counsel to serve as a consultant or an expert
22 witness in this action and who is not a past or a current employee of a Party and who, at the time
23 of retention, is not, or is not anticipated to become, an employee of a Party.  This definition
24 includes a professional jury or trial consultant retained in connection with this litigation.

25      2.11     <u>Professional Vendors</u>:  persons or entities providing litigation support services
26 (including, but not limited to, photocopying, videotaping, translating, preparing exhibits or
27 demonstrations, organizing, storing, or retrieving data in any form or medium), and their
28 employees and subcontractors.

**3. DESIGNATING PROTECTED MATERIAL**

3.1 If any Party or non-party to this action claims any document or other material produced by such Party or non-party or any information contained in the document or material is confidential, then the Party or non-Party claiming confidentiality shall mark the document or other material with a stamp identifying it as "Confidential" or "Confidential - Attorneys' Eyes Only," in accordance with this Order.

3.2 <u>Timing of Designations</u>: Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

3.3 <u>Manner of Designations</u>: Designation in conformity with this Order requires the Producing Party to do the following:

(a) <u>Information in documentary form</u>: (excluding testimony in pretrial or trial proceedings), affix the legend "Confidential" or "Confidential - Attorneys' Eyes Only" on each page that contains protected material. If only a portion(s) of the material on a page qualifies for protection, the Producing Party must clearly identify the protected portion(s) and must specify the appropriate designation. In order to speed up the process of producing large volumes of Protected Material, for multi-page documents in which some, but not all, pages contain Protected Material, the Designating Party can mark every page of the document "Confidential" or "Confidential — Attorneys' Eyes Only" and produce the document, and then have within ten (10) calendar days from production to de-designate specific pages, if any. Where it is not possible to affix a legend to particular Protected Material, the Producing Party shall take reasonable steps to give all Receiving Parties notice of the Protected Material's status as such.

(b) <u>Testimony given in pretrial or trial proceedings</u>: identify on the record, before the close of the deposition, hearing, or other proceeding, the question or the line of questioning the answer to which discloses confidential information or could lead to the disclosure of confidential information and identify its appropriate level of designation. When it is impractical to identify separately each portion of testimony entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-

1  party that sponsors, offers, or gives the testimony may invoke on the record before the deposition
2  or proceeding is concluded a right to have up to ten (10) calendar days from receipt of a copy of
3  the deposition transcript to identify the specific portions of the testimony to be protected and to
4  specify its level of designation.  Only those portions of the testimony that are appropriately
5  designated for protection within the ten days shall be covered by the provisions of this Order.

6  Transcript pages containing Protected Material shall be separately bound by the court
7  reporter provided the reporter is given timely notice by the Designating Party before transcribing
8  the deposition, who must affix to the top of each such page the legend "Confidential" or
9  "Confidential - Attorneys' Eyes Only" as instructed by the Party or non-party offering or
10 sponsoring the witness or presenting the testimony.  Alternatively, the Party seeking such
11 protection may notify the other Parties within such ten- (10) day period by letter of the pages to
12 be deemed Protected Material.

13 (c)   <u>Non-documentary and all other tangible items</u>:  affix in a prominent place
14 on the exterior of the container(s) in which the information or item is stored the appropriate
15 designation.  If only portions of the information or item warrant protection, the Producing Party,
16 to the extent practicable, shall identify the protected portions and the appropriate designation.
17 Where a computer disk has been designated "Confidential" or "Confidential - Attorneys' Eyes
18 Only" pursuant to this Order and the files on it are not individually stamped or identified as
19 Protected Materials, all files contained on the disk shall be considered Protected Material in
20 accordance with the Producing Party's designation of the disk.

21 3.4   <u>Inadvertent Designation</u>:  If it comes to a Party's or a non-party's attention that
22 information or items that it designated for protection do not qualify for protection at all, or do not
23 qualify for the level of protection initially asserted, that Party or non-party must notify, no later
24 than ten (10) days from production or discovery of the inadvertent designation, whichever comes
25 later, all other Parties that it is withdrawing the mistaken designation.

26 3.5   <u>Inadvertent Failure to Designate</u>:  An inadvertent failure to designate qualified
27 information or items as "Confidential" or "Confidential - Attorneys' Eyes Only" does not,
28 standing alone, waive the Designating Party's right to secure protection under this Order for such

1  material, provided the Designating Party asserts such designation in writing to the Receiving

2  Party within ten (10) calendar days of the Designating Party's discovery of such inadvertent

3  failure to designate.  If material is designated as "Confidential" or "Confidential - Attorneys'

4  Eyes Only" after the material was initially produced, the Receiving Party, on timely notification

5  of the designation, must make all reasonable efforts to assure that the material is treated in

6  accordance with the provisions of this Order.

7       3.6    Redaction of Certain Personal Information:  The following private personal

8  information of Defendants that is contained in the Confidential Material shall be redacted by the

9  Producing Party:  personal telephone numbers, home addresses, Social Security numbers, names

10 of family members, and financial records.  If the Receiving Party discovers such private personal

11 information in the Confidential Material that should have been redacted in accordance with this

12 order, the Receiving Party shall promptly notify the Producing Party and take immediate steps to

13 maintain the strict confidentiality of such information.  Upon producing documents with redacted

14 information, the Producing Party shall also serve on the Receiving Party an index providing a

15 description of the information redacted and the reason for the redaction.  This index shall be

16 produced as promptly as practicable but no later than 10 calendar days from the date on which

17 production was due.

18 **4.    INADVERTENT PRODUCTION**

19      If the Producing Party inadvertently discloses information, including electronic

20 documents, that is privileged (including, without limitation, information that is subject to the

21 attorney-client or work product privileges), and the Producing Party discovers the inadvertent

22 disclosure, the Producing Party shall promptly, but not later than ten (10) calendar days upon

23 discovery of such disclosure, so advise the Receiving Party in writing and request that the item or

24 items of information be returned; alternatively, if the Receiving Party discovers the inadvertent

25 disclosure, the Receiving Party shall promptly, but not later than ten (10) calendar days upon

26 discovery of such disclosure, so advise the Producing Party in writing and return the item or

27 items.  No Party to this action shall thereafter assert that such disclosure standing alone waived

28 any privilege.  It is further agreed that the Receiving Party shall return or destroy such privileged

1  documents, and all copies thereof, within 10 calendar days of receiving a written request for the
2  return of such item or items of information.  To the extent such information is otherwise
3  discoverable, the Receiving Party having returned such documents may thereafter, without
4  asserting waiver because of inadvertent production, seek production of any such documents in
5  accordance with the Federal Rules of Civil Procedure.

6  **5.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7          5.1     <u>Timing of Challenges</u>:  Unless a prompt challenge to a Designating Party's
8  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary
9  burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right
10 to challenge a confidentiality designation by electing not to mount a challenge promptly after the
11 original designation is disclosed.

12         5.2     <u>Meet and Confer</u>:  A Party that elects to challenge a Designating Party's
13 confidentiality designation must do so in good faith and must begin the process by conferring
14 directly with counsel for the Designating Party.  The Receiving Party must explain in writing sent
15 to counsel for the Designating Party the basis for its belief that the confidentiality designation was
16 not proper and must give the Designating Party five (5) court days to review the designated
17 material, to reconsider the circumstances, and, if no change in designation is offered, to explain
18 the basis for the chosen designation.  The Receiving Party may proceed to the next stage of the
19 challenge process only if it has engaged in this meet and confer process first.

20         5.3     <u>Judicial Intervention</u>:  A Party that elects to press a challenge to a confidentiality
21 designation after considering the justification offered by the Designating Party may file and serve
22 a motion that identifies the challenged material and sets forth in detail the basis for the challenge.
23 Each such motion must be accompanied by a competent declaration that affirms that the movant
24 has complied with the meet and confer requirements imposed in the preceding paragraph and that
25 sets forth with specificity the justification for the confidentiality designation that was given by the
26 Designating Party in the meet and confer dialogue.

27         5.4     <u>Burden of Persuasion</u>:  In any such challenge proceeding, the burden shall be
28 allocated according to applicable law.  Until the court rules on the challenge, all parties shall

1  continue to afford the material in question the level of protection to which it is entitled under the
2  Producing Party's designation.

3  **6.      ACCESS TO AND USE OF PROTECTED MATERIAL**

4      6.1    Except as otherwise agreed upon by the Parties in writing, all Protected Material
5  produced in this litigation shall be used only by persons permitted access to it pursuant to this
6  Order, and shall be used only for purposes of prosecuting, defending, or attempting to settle this
7  action, and any appeal thereof, and may not be used for any other purposes.  This limitation on
8  usage is without prejudice to any subsequent agreement in writing between the Parties to permit
9  use of Protected Material, or specific documents or portions thereof, in other actions.  This
10 limitation on usage is also without prejudice to the right of either Party to seek leave of court to
11 permit use of Protected Material, or specific documents of portions thereof, in other actions.

12     6.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>:  Use of any information
13 and documents marked "Confidential," including all information derived therefrom, shall be
14 restricted solely to the following persons, who agree to be bound by the terms of this Order,
15 unless additional persons are stipulated by counsel or authorized by the Court.  When this
16 litigation has been terminated, a Receiving Party must comply with the provisions of section 10,
17 below (entitled "FINAL DISPOSITION"):

18         (a)    Employers or employees of any Party for whom it is necessary for this
19 litigation to disclose the confidential information and documents;

20         (b)    Counsel of record for the Parties, including employees of said counsel to
21 whom it is reasonably necessary to disclose the information for this litigation;

22         (c)    Those representatives (including legal representatives) of the Parties
23 deemed necessary to aid counsel in the conduct of the action;

24         (d)    Any and all individual Parties in this action;

25         (e)    Unless otherwise agreed to by the parties, during their depositions,
26 witnesses (excluding inmates and parolees) in the action to whom disclosure is reasonably
27 necessary and who have signed the "Agreement to Be Bound by Protective Order" set forth in
28 Exhibit A;

      (f)      Such consultants, experts and investigators (including their professional staffs) retained by the Parties to whom disclosure is reasonably necessary for this action, provided that such individual has signed the "Agreement to Be Bound by Protective Order" set forth in Exhibit A;

      (g)      The Court, its personnel, and potential jurors and alternate jurors;

      (h)      Professional vendors and their staff to whom disclosure is reasonably necessary for this litigation;

      (i)      Court reporters and videographers used in connection with the conduct of this action;

      (j)      Any author or recipient of the document or the original source of the information;

      (k)      Any person that may be liable to satisfy part or all of any judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy a judgment; and

      (l)      Any other persons as to whom the Parties in writing agree.

6.3      <u>Disclosure of "CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items</u>: Use of any information and documents designated "Confidential - Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Order, unless additional persons are stipulated by counsel or authorized by the Court:

      (a)      Counsel representing either Party, including employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

      (b)      Consultants, experts, and investigators (including their professional staffs) retained by the Parties to whom disclosure is reasonably necessary for this litigation, provided that such individual signs the "Agreement to Be Bound by Protective Order" set forth in Exhibit A;

      (c)      The Court, its personnel, jurors, and potential trial and alternate jurors;

1              (d)     Professional vendors and their staff to whom disclosure is reasonably

2  necessary for this action;

3              (e)     Court reporters and videographers used in connection with the conduct of

4  this action;

5              (f)     The author or recipient of the document or the original source of the

6  information;

7              (g)     Any person that may be liable to satisfy part or all of any judgment which

8  may be entered in the action or to indemnify or reimburse for payments made to satisfy a

9  judgment; and

10             (h)     Any other persons as to whom the Parties in writing agree.

11     6.4     Storage of Protected Material:  The Receiving Party of any Protected Material

12 shall maintain such information in a secure and safe area and shall use best efforts to maintain the

13 confidentiality of such information and ensure that access to the Protected Materials is strictly

14 limited to persons entitled to receive Protected Material in accordance with the provisions of this

15 Order.

16     6.5     Disclosure of Protected Material at Deposition:  No person shall attend portions of

17 depositions during which Protected Material is disclosed unless such person is an authorized

18 recipient of Protected Material under the terms of this Order.  If, during the course of a

19 deposition, the response to a question would require the disclosure of Protected Material, the

20 witness may refuse to answer or the Party whose Protected Material would be disclosed may

21 instruct the witness not to answer or not to complete his answer, as the case may be, until any

22 persons not authorized to receive Protected Material have left the room.

23 **7.     PROTECTED MATERIAL ORDERED PRODUCED IN OTHER LITIGATION**

24     If a Receiving Party is served with a subpoena or an order issued in other litigation that

25 would compel disclosure of any information or items designated in this action as "Confidential"

26 or "Confidential - Attorneys' Eyes Only," the Receiving Party must so notify the Designating

27 Party, in writing immediately and in no event more than seven (7) calendar days after receiving

28 the subpoena or order.  Such notification must include a copy of the subpoena or court order.

1  The Receiving Party also must immediately inform in writing the party who caused the
2  subpoena or order to issue in the other litigation that some or all the material covered by the
3  subpoena or order is subject to this Order. In addition, the Receiving Party must deliver a copy of
4  this Order promptly to the party in the other action that caused the subpoena or order to issue.

5  The purpose of imposing these duties is to alert the interested parties to the existence of
6  this Order and to afford the Designating Party in this case an opportunity to try to protect its
7  confidentiality interests in the court from which the subpoena or order issued. The Designating
8  Party shall bear the burdens and the expenses of seeking protection in that court of its confidential
9  material. Nothing in these provisions should be construed as authorizing or encouraging a
10 Receiving Party in this action to disobey a lawful directive from another court. The Party or non-
11 party receiving the subpoena or order shall be entitled to comply with it, except to the extent the
12 Party or non-party asserting the confidential treatment under this Order has filed for or succeeded
13 in obtaining an order modifying or quashing the subpoena or order.

14 **8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

15 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
16 Material to any person or in any circumstance not authorized under this Order, the Receiving
17 Party must immediately (a) notify in writing the Designating Party of the unauthorized
18 disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the
19 person(s) to whom unauthorized disclosures were made of all the terms of this Order, and (d)
20 request such person or persons execute an agreement to be bound by the Order as set forth in
21 Exhibit A.

22 **9.     FILING PROTECTED MATERIAL**

23 Without prior written permission from the Designating Party or a court order secured after
24 appropriate notice to all interested persons, a Party may not file in the public record in this action
25 any Protected Material. A Party seeking to file under seal any Protected Material with the Court
26 or include Protected Material in whole or in part in pleadings, motions, briefs, etc., must first
27 comply with all applicable rules and procedures.

28

In the event a Party inadvertently or otherwise files Protected Material in the public record without first obtaining written permission from the Designating Party or a court order authorizing public disclosure of the Protected Material, that Party shall immediately seek an expedited court order removing the Protected Material from the public record and placing the Protected Material conditionally under seal, and shall otherwise comply with the applicable rules and procedures for filing the Protected Material under seal.

**10.     FINAL DISPOSITION**

10.1     <u>Filed Documents</u>:  If portions of documents or other materials deemed "Confidential" or "Confidential - Attorneys' Eyes Only" are filed with the Court, they shall be marked with the appropriate designation required by the local rules, placed under seal in compliance with all applicable rules and procedures, and not be opened nor the contents revealed except if necessary to be revealed to the Court, and then immediately resealed, by agreement of the Parties, or by prior order of the court.

10.2     <u>Produced Documents</u>:  Within thirty (30) days after the entry of a final judgment in this case, or the execution of any agreement between the Parties to amicably resolve and settle this case, all documents, transcripts, or other materials marked "Confidential" or "Confidential - Attorneys' Eyes Only," including all copies, extracts, and complete or partial summaries thereof; shall either be destroyed or returned to counsel for the party whose confidential material constituted or was included within such documents, transcripts, or other materials at the option of the Designating Party.  The Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the thirty-(30) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing of any of the Protected Material.  This material shall be delivered to the respective counsel in sealed envelopes or packages marked "Confidential."

1  **11.   SCOPE**

2       The protections conferred by this Order cover not only Protected Material (as defined

3  above), but also any information copied or extracted therefrom, as well as all copies, excerpts,

4  summaries, or compilations thereof; plus testimony, conversations, or presentations by parties or

5  counsel to or in court or in other settings that might reveal Protected Material.

6  **12.   DURATION**

7       Even after the termination of this litigation, including all appeals, the confidentiality

8  obligations imposed by this Order shall remain in effect until a Designating Party agrees

9  otherwise in writing or a court order otherwise directs.

10 **13.   RIGHT TO OBJECT**

11      By stipulating to the entry of this Order, no Party waives any right it otherwise would

12 have to object to disclosing or producing any information or item on any ground not addressed in

13 this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any

14 of the material covered by this Order.  Nothing in this Order shall be deemed to preclude any

15 Party from seeking and obtaining, on appropriate showing, such additional protection with respect

16 to Protected Material as that Party may consider appropriate.  Similarly, nothing in this Order

17 shall operate as an admission by any Party that any particular Document or information is or is

18 not confidential, or as an admission by any Party that any particular Document or information is

19 or is not subject to discovery or admissible in evidence at trial in this action.

20 **14.   RIGHT TO FURTHER RELIEF**

21      Nothing in this Order abridges the right of any person to seek its modification by the

22 Court in the future.  The Court may modify this Order in the interests of justice or for public

23 policy reasons.

24 **15.   RETENTION OF JURISDICTION**

25      The Parties and all persons subject to discovery in these proceedings or who receive a

26 copy of this Order, hereby consent to the jurisdiction of this Court for the purpose of enforcement

27 of the provisions of this Order.  The Court hereby retains jurisdiction to interpret and enforce this

28

1  Order during the pendency of this action and following dismissal, if any, and further retains

2  jurisdiction to modify, amend or make additions to this Order as it may from time to time deem

3  appropriate.  Any violation of the terms of this Order may result in the imposition of such relief as

4  the Court deems appropriate.

5  Dated: June _____, 2010                    Respectfully Submitted,

6                                                                      MATTHEW I. KREEGER
                                                                       CATHARINE B. BAKER
7                                                                      JANELLE SAHOURIA
                                                                       MORRISON & FOERSTER LLP
8

9                                                                      By: _____
                                                                              CATHARINE B. BAKER
10
                                                                       Attorneys for Plaintiff
11                                                                     THOMAS RAY WOODSON

12 Dated: June _____, 2010                    JOSE A. ZELIDON-ZEPEDA
                                                                       NEAH HUYNH
13                                                                     CALIFORNIA ATTORNEY GENERAL'S
                                                                       OFFICE
14

15                                                                     By: _____
                                                                              JOSE A. ZELIDON-ZEPEDA
16

17                                                                     Attorneys for Defendants
                                                                       J. RODRIGUEZ, E. CAMARENA, J.
18                                                                     PARRA, D. VEGA, AND SERGEANT
                                                                       KIRCHER

19

20

21 **IT IS SO ORDERED.**

22

23 Dated: **July 1, 2010**                    _____
                                                                       HONORABLE CLAUDIA WILKEN
24                                                                     United States District Court Judge

25

26

27

28

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, do solemnly swear or affirm that I have been provided with and have read the Stipulated Protective Order Regarding Confidential Information in *Thomas Ray Woodson v. J. Rodriguez, et al.*, Case No. 4:07-CV-04925-CW.  I understand the terms and effect of that Order.  I expressly agree that I will not disclose any information received by me pursuant to the Order and I agree to be bound by its terms as ordered by the Court.  I understand that if I violate the terms of the Order, I may be subject to an enforcement proceeding before the Court, and I will comply with and be bound by the terms and conditions of said Order unless and until modified by further order of the Court.  I hereby consent to the jurisdiction of the United States District Court for the Northern District of California for purposes of enforcing this Order.

Name: _____

Dated: _____

Address: _____

_____