UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| THOMAS RAY WOODSON, | No. C 07-04925 CW (LB) |
| Plaintiff, | **ORDER REGARDING JANUARY 12, 2011 JOINT DISCOVERY LETTER** |
| v. | |
| J. RODRIGUEZ, *et al.*, | |
| Defendants. | |

# I. INTRODUCTION

This case involves Plaintiff Thomas Ray Woodson's claim that prison guards at Salinas Valley State Prison used excessive force in violation of the Eighth Amendment and 42 U.S.C. § 1983 during a search of his cell in March 2006. *See* Complaint, ECF No. 1.[1] The district court referred discovery disputes to this court.

# II. PENDING DISCOVERY DISPUTES

On January 12, 2011, the parties filed a joint letter about their discovery disputes. Plaintiff seeks, and the defendant prison guards oppose, disclosure of the following: (A) the defendant prison guards' personnel records (except for time cards, private contact information, or life insurance information) or, in the alternative, a privilege log; (B) complaints, grievances, and lawsuits against the defendants; and (C) operational procedures about alarms. ECF No. 105 at 1-2. The court held a

---

[1] Citations are to the Clerk's Electronic Case File (ECF) with pin cites to numbers at the top (as opposed to the bottom) of the page.

ORDER (C 07-04925 CW (LB))

telephonic hearing on February 15, 2011 and rules as follows.

## III. DISCOVERY DISPUTES

### A. Plaintiff's Request for Defendants' Personnel Records

Plaintiff seeks either (a) production of Defendants' entire personnel record, except for administrative records related to time cards, private contact information, and life insurance information, or (b) a privilege log outlining the documents withheld. *Id*. at 2-3.

The specific requests for production of the documents are as follows:

RFP 1: The complete prison work history, background, including reprimand for misbehavior and suits.

RFP 21: All documents or briefings concerning the hiring, appointment, promotion, demotion or confirmation of defendants to any position [at various CDC facilities] . . . held for any length of time, including but not limited to [] documents concerning vetting background checks, questionnaires sent to third persons concerning defendants, and interviews of third persons concerning defendants.

RFP 22: All documents concerning disciplinary investigations of defendants including but not limited to any draft or final reports concerning any such investigations.

Exhs. A, & D, ECF Nos. 105-1 at 2 and 105-4 at 4-5. As to RFP 1, Defendants objected to the production as overbroad and privileged and provided a privilege log that did not identify contents about the personnel files but listed only "Personnel file of defendant [*name*]." Exhs. A & C, ECF Nos. 105-1 at 2 and 105-3 at 4. As to RFP 21 and 22, the prison custodian and defendants objected to the requests as overbroad, burdensome, and privileged. Exh. D, ECF No. 105-4 at 5 ; Exh. F, ECF No. 105-6 at 5; *see also* Exh. E, ECF No. 105-5 at 17-19 (privilege log pertains only to requests for information from Plaintiff's central file).

Defendants subsequently produced information about promotions, demotions, and adverse actions. Joint Letter, ECF No. 105 at 2. Plaintiff does not seek personal information like time cards, personal contact information, or life insurance information. *Id.*

The parties' positions are summarized in the next section, and the court's ruling follows.

### 1. Parties' Arguments

Plaintiff argues that the remaining personnel records are relevant to the guards' "knowledge and motives in using excessive force on Mr. Woodson" and that past acts of violence or past complaints would "highlight a pattern or practice of abuse." Joint Letter, ECF No. 105 at 3 (citing district court

ORDER (C 07-04925  CW (LB))

2

1 cases holding that personnel records are discoverable for different reasons including credibility,
2 knowledge, motive, preparation, opportunity, adherence to practices and procedures, identity, or
3 absence of mistake or accident). Plaintiff also argues that the privilege logs produced are
4 insufficient because they do not reveal the contents of the files. *Id.* and n.2. For example, recent
5 productions included performance reports for a guard from 2001 to 2003 and 2008 to 2009 but not
6 from 2003 to 2008 (a period that spanned the incident here). *Id.* and n.3. The idea is that the
7 productions themselves suggest that more responsive documents exist, but Plaintiff cannot evaluate
8 whether that is true without a privilege log. Finally, Plaintiff argues that the court should reject the
9 defendants' assertion of official privilege in part because the defendants have not satisfied the
10 requirements to invoke the privilege, including identifying the privilege, describing the substantial
11 risk of harm to the privilege, and projecting how much harm would occur. *See id.* at 3-4.

12 Defendants respond that they voluntarily produced – without waiving privilege – promotion and
13 demotion records, notices of adverse actions, and work evaluations but refused to disclose personal
14 information, health insurance, and similar documents because they were irrelevant and privileged.
15 *See id.* at 4-5. They argue that Plaintiff has not shown that the remaining records generally are
16 relevant to any claim or defense. *Id.* at 5 (citing a case where, by contrast, the plaintiffs asked only
17 for documents about the specific incident at issue in the litigation). Moreover, their obligation to
18 produce a privilege log applies only if the documents are discoverable. *Id.* at 5-6.

19 **2. Court's Ruling**

20 Here, Plaintiff's request must be limited to non-privileged matters relevant to any party's claim
21 or defense. *See* Fed. R. Civ. P. 26(b)(1). Parts of personnel files can be relevant to claims of
22 excessive force. *See, e.g., Soto v. City of Concord*, 162 F.R.D. 603, 614-15 (N.D. Cal. 1995)
23 ("information may lead to evidence of a continuing course of conduct reflecting malicious intent" or
24 "reveal the defendant officers' patterns of behavior as well as [their agency's] response to such
25 behavior"); *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992); *Baker v. Hatch*, No. CIV
26 S-07-2204 FCD EFB P, 2010 U.S. Dist. LEXIS 91974, at *2-*3 (E.D.Cal. Aug. 12, 2010). Also,
27 information can be relevant as to issues of credibility about the defendants. *See Tennison v. City &*
28 *County of San Francisco*, No. C 04 0574 CW (EMC), 2005 WL 89008, at *1 (N.D. Cal. Jan. 12,

2005); *Soto*, 162 F.R.D. at 615; *Miller*, 141 F.R.D at 296 n.3.  Training in areas related to areas touching on this specific incident (such as training in the use of force) also is relevant.  *See Hernandez v. City of Napa*, No. C 09 0782 EDL, 2010 WL 3001369, at *4 (N.D. Cal. July 29, 2010).

Here, Plaintiff's document requests ask for the entire personnel file.  With the input of the parties at the telephonic hearing, the court limits it to the following:

a. Specific instances of misconduct relevant to truthfulness.

b. Any agency findings of misconduct that reflect on the truthfulness of a defendant (including a finding of lack of candor during an administrative inquiry).

c. Any finding by any judge in any court or proceeding that reflect negatively on a defendant's credibility.

d. Any negative allegations or expressed opinions by a prosecutor or judicial officer, or any other negative allegations or expressions of opinions that have been publicly aired concerning a defendant's reputation or character for truthfulness.

e. Any other information that might subject the defendants to cross-examination for bias, dishonesty, or misconduct.

d. All information about the incident in this case.

g. Evidence of bias by a defendant against the plaintiff.

h. Any findings of misconduct, or allegations or pending investigations of misconduct, or information about misconduct (like information in a performance review) that are similar to this case (such as use of excessive force or a pattern of behavior or course of conduct reflecting the malicious intent that is required for an Eighth Amendment claim of excessive force).

i. Any present and pending allegations of misconduct.

j. Any criminal charges filed (regardless of outcome).

k. Information about training of the defendants that is relevant to this case (such as training in the use of force).

In response to Plaintiff's argument that Defendants produced only certain performance reports for a guard and did not produce performance reports for certain years, Defendants stated that they had produced all performance reports.  Defendants' counsel surmised that performance evaluations were not generated in some years.

If Defendants assert privilege as to any responsive documents, they shall provide a discovery log that complies with this court's discovery procedures, *see* Attachment 1 to ECF No. 103, and applicable case law so that Plaintiff "has a fair opportunity to challenge the bases for assertion of the

ORDER (C 07-04925  CW (LB))
4

privilege." *Miller v. Pancucci*, 141 F.R.D. 292, 296, 300 (C.D. Cal. 1992). As the court discussed with the parties, however, courts generally authorize disclosure of the categories identified by the court. The parties shall comply with this court's meet-and-confer and joint-letter procedures if they cannot resolve any assertions of privilege. *See* Standing Order, ECF No. 103-1 at 2-3.

The court also expects that the parties will address any concerns about private information by a protective order. If the existing protective order is not sufficient, *see* ECF No. 86, the parties should attempt to draft an additional order. The court observes that disclosing information is not the same as admitting it. A protective order could preserve the status quo and require Plaintiff to seek a further court order before seeking to admit potentially-private information in a public proceeding. Again, the parties should comply with the court's meet-and-confer and joint-letter procedures if they cannot resolve Defendants' privacy concerns.

## B. Plaintiff's Request for Complaints, Grievances, Investigations, or Lawsuits

Plaintiffs seek all complaints, grievances, and lawsuits against Defendants. Joint Letter, ECF No. 105 at 2. The specific request for production is as follows:

> RFP 11:   All documents concerning disciplinary measures, administrative proceedings, charges, complaints, grievances, or civil actions or lawsuits, which relate to the performance of defendants' duties at any correctional facility, including SVSP.

Exh. D, EFC No. 105-4 at 2. Defendants objected to this request as privileged, overbroad, and private, and (as to the public lawsuits) public information equally available to Plaintiff. *Id.*

The parties' positions are summarized in the next section, and the court's ruling follows.

### 1. Parties' Arguments

Plaintiff argues – as with information in the personnel files – that the information is relevant to establishing "a pattern and practice of abuse against inmates by the defendants" and "modus operandi, history of violence, and inability to follow protocol and proper prison procedures." Joint Letter, ECF No. 105 at 6. The defendants respond that the request is overbroad, the documents are privileged and private, and lawsuits are available to Plaintiff by a public records search. *Id.* at 6-7.

### 2. Ruling

The analysis from the previous section generally applies here. The discovery here must be relevant to a claim or defense. *See* Fed. R. Civ. P. 26(b)(1). So, for example, if information is

1  relevant to the claim of excessive force, then it is discoverable. *See, e.g., Soto*, 162 F.R.D. at 620; *cf.*
2  *Miller*, 141 F.R.D. at 296 (no discovery about misuse of firearms or equipment or lawsuits alleging
3  bigotry because the plaintiff's claim did not concern those topics).  The information also might be
4  relevant to issues of credibility about the defendants.  The court thus orders disclosure of the same
5  information in the list in the previous section.   To the extent that public lawsuit information is not in
6  the personnel files and is not readily ascertainable in an agency file, the defendants need not take
7  additional steps beyond review of their own files to produce the information.   This exception,
8  however, does not extend to the information about "any criminal charges filed" because the state has
9  the ability to run criminal history checks against the defendant prison guards.

10     The court reviewed the privilege log at ECF No. 105-4 at 17-19 and discussed the identified
11 information with the parties.  Some documents appear to involve allegations of excessive force and
12 potentially relevant bias, and some do not.  To the extent that they do, they should be disclosed and
13 should not be redacted to omit the inmates' names.  The court appreciates the defendants' concerns
14 that disclosure might affect inmates' cooperation in future investigations and the facilities' ability to
15 investigate effectively and safely.  *See* M. Nilsson Declaration, ECF No. 105-5 at 12, ¶ 8.  That
16 concern, however, does not prevent discovery.  *See, e.g., Kelly*, 114 F.R.D. at 665-66; *Soto*, 162
17 F.R.D. at 620-21; *Miller*, 141 F.R.D. at 301.  The concerns about privacy and admissibility in a
18 public forum can be addressed in a protective order.  The parties also should follow the procedures
19 in the previous section for any privilege assertions.

20 **C. <u>Plaintiff's Request for "Alarm" Policy and Procedures</u>**

21     Plaintiff seeks operational procedures regarding responding to "alarms."  Joint Letter, ECF No.
22 105 at 7.  The reason that it is relevant, Plaintiffs argue, is that Plaintiffs surmise that an unusual
23 number of guards attacked Plaintiff, and that must mean that an alarm was triggered.  *Id.* at 7.
24 Defendants respond that alarm procedures are not relevant to a claim of excessive force and that the
25 procedures are privileged.  *Id.* at 8.

26     Defendants' concern – that disclosure of the alarm protocol might undermine the safety and
27 security of the prison – appears well-founded.  *See* M. Nilsson Declaration, ECF No. 105-5 at 10-13;
28 *Ibanez v. Miller*, No. CIV S-06-2668 JAM EFB P, 2009 WL 3481679, at *2-*3 (E.D. Cal. Oct. 22,

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

2009).  Under the facts articulated in the letter brief, the alarm response procedures seem attenuated at best.  *See Ibanez*, 2009 WL 3481679 at *2-*3.

The court will review the alarm procedures in camera.  If the parties have additional facts relevant to the court's inquiry, they may submit them in a supplemental joint letter brief.

### IV.  CONCLUSION

The defendants shall produce personnel files, complaints, grievances, investigations, and lawsuits according to the procedures and in the manner outlined above by March 8, 2011.

As to the alarm protocol, Plaintiff should provide its additional facts to the defendants by February 22, 2011.  The parties' joint letter brief to the court with facts and any other relevant facts and argument should be filed by March 1, 2011.  The defendants also should submit the alarm policy to the court for in camera review by March 1, 2011.  As part of its submission, the defendants may identify any parts of the policy that it is concerned about but are directed to include in the joint letter any parts of its argument that do not need to be submitted in camera.  That joint letter is subject to the court's requirements in its standing order (meaning, the court contemplates a back-and-forth between the parties so that they can fully air their arguments in the letter brief).

This disposes of ECF No. 105.

**IT IS SO ORDERED.**

Dated: February 15, 2011

_____
LAUREL BEELER
United States Magistrate Judge