UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| THOMAS RAY WOODSON,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>J. RODRIGUEZ, *et al.*,<br><br>　　　　　　Defendants.<br>_____/ | No. C 07-04925 CW (LB)<br><br>**ORDER REGARDING MARCH 1,**<br>**2011 JOINT DISCOVERY LETTER**<br><br>**[ECF No. 114]** |

## I. INTRODUCTION

This case involves Plaintiff Thomas Ray Woodson's claim that prison guards at Salinas Valley State Prison used excessive force in violation of the Eighth Amendment and 42 U.S.C. § 1983 during a search of his cell in March 2006. *See* Complaint, ECF No. 1.[1] The district court referred discovery disputes to this court.

## II. PENDING DISCOVERY DISPUTE

The parties originally filed a joint discovery letter on January 12, 2011 in which Plaintiff sought disclosure by Defendants of its operational policies about alarms. 1/12/11 Discovery Letter, ECF No. 105 at 1-2. In its February 15, 2011 order, this court ordered Defendants to submit the alarm policy for *in camera* review and also for the parties to submit a joint letter brief if they had any

---

[1] Citations are to the Clerk's Electronic Case File (ECF) with pin cites to numbers at the top (as opposed to the bottom) of the page.

C 07-04925 CW (LB)
ORDER RE 3/1/11 DISCOVERY LETTER

1   additional facts relevant to the court's inquiry. 2/15/11 Order, ECF No. 112 at 7.  Pursuant to that
2   order, the parties submitted a joint discovery letter on March 1, 2011.  3/1/11 Discovery Letter, ECF
3   No. 114.

4       Plaintiff argues that the alarm protocol is relevant because evidence produced by Defendants
5   indicates that someone sounded a personal alarm during the March 23, 2006 incident at issue in this
6   case. *Id.* at 1.  Therefore, Plaintiff is entitled to know the policies and procedures pertaining to the
7   triggering of an alarm and the appropriate response thereto. *Id.*  Plaintiff also argues that the alarm
8   procedures are relevant to determining whether the conduct of the officers involved in the incident
9   exceeded the scope of reasonable conduct that is outlined in the alarm policy. *Id.* at 2.  Lastly,
10  Plaintiff contends that Defendants have failed to demonstrate that the official privilege should apply
11  because they have not shown why the July 1, 2010 protective order is inadequate to address their
12  concerns. *Id.*

13      Defendants respond stating that the alarm protocol contains "critical prison-security information
14  that, if disclosed, could endanger prison staff and inmates and compromise tactical responses to
15  prison emergencies." *Id.*  Furthermore, the alarm response is irrelevant because the issue in this case
16  is whether the officers involved in the incident used excessive force.  The alarm protocol does not
17  make Plaintiff's claim of excessive force any more or less probable. *Id.* at 3.  Likewise, information
18  concerning the number of officers present during the incident does not make Plaintiff's excessive
19  force claims any more or less probable. *Id.*  Defendants also argue that Plaintiff has already deposed
20  all guards involved and the alarm protocol will not assist him in determining the officers' states of
21  mind during the incident. *Id.* at 3-4.

22      After considering the parties' arguments and reviewing the alarm protocol itself, the court holds
23  that the protocol is not relevant to a claim or defense, and therefore, it is not discoverable.  This case
24  is about whether five officers used excessive force on Plaintiff in violation of the Eight Amendment
25  to the Constitution.  Plaintiff deposed the officers involved and obtained discovery regarding the
26  incident, including incident reports.  According to Sergeant Kircher and Officer Cano, Sergeant
27  Kircher ordered Officer Cano to sound the alarm, and Officer Cano did.  Officers then responded to
28  the alarm.  The facts about the incident matter to whether or not the officers used excessive force,

UNITED STATES DISTRICT COURT
For the Northern District of California

and the alarm protocol itself does not contain information bearing on the ultimate inquiry under the Eighth Amendment about whether the officers acted "maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation and citation omitted). Moreover, the alarm protocol contains security information that if released, would compromise tactical responses to prison alarms and endanger the safety of inmates, correctional officers, and other prison staff. *See Ibanez v. Miller*, No. CIV S-06-2668 JAM EFB P, 2009 WL 3481679, at *3 (E.D. Cal. Oct. 22, 2009). The serious consequences of disclosure teamed with the attenuated relevance of the alarm protocol supports the court's conclusion that it is not discoverable. *See id.* at *3 (holding that alarm protocols were not discoverable where its relevance to the plaintiff's claims was attenuated).

Plaintiff suggests that a protective order would be sufficient to address Defendants' concerns. ECF No. 114 at 2. The court disagrees. The alarm protocol is not relevant (or at best is marginally relevant), and the consequences of disclosure are serious. In this situation, the protective order will not adequately address Defendants' concerns for safety and security. Accordingly, Plaintiff's request for the alarm protocol is denied.

### III. CONCLUSION

Plaintiff's request for disclosure of the alarm protocol is denied.

This disposes of ECF No. 114.

**IT IS SO ORDERED.**

Dated: March 10, 2011

_____
LAUREL BEELER
United States Magistrate Judge