UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| THOMAS RAY WOODSON, | No. C 07-04925 CW (LB) |
| Plaintiff, | **ORDER REGARDING APRIL 14, 2011 JOINT DISCOVERY LETTER** |
| v. | |
| J. RODRIGUEZ, et al., | **[ECF No. 124]** |
| Defendants. | |

# I. INTRODUCTION

This case involves Plaintiff Thomas Ray Woodson's claim that prison guards at Salinas Valley State Prison used excessive force in violation of the Eighth Amendment and 42 U.S.C. § 1983 during a search of his cell in March 2006. *See* Complaint, ECF No. 1.[1] The district court referred discovery disputes to this court.

# II. PENDING DISCOVERY DISPUTE

On April 14, 2011, the parties filed a joint discovery letter. 4/14/11 Joint Letter, ECF No. 124. Defendants ask the court to strike a report by Mr. Woodson's medical expert, Dr. Steven Graboff, and subsequent deposition testimony by Dr. Graboff regarding the report. *Id.* at 5. Mr. Woodson contends the report is a reply to Defendants' medical expert rebuttal report and therefore,

---

[1] Citations are to the Clerk's Electronic Case File (ECF) with pin cites to numbers at the top (as opposed to the bottom) of the page.

appropriate. *Id.* at 6-12.

## III.  DISCOVERY DISPUTE

The discovery deadline for medical expert reports was February 18, 2011 and the expert rebuttal deadline was March 9, 2011.  2/15/11 Order, ECF No. 111 at 3; 3/10/11 Order, ECF No. 117.[2]

Mr. Woodson retained Dr. Steven Graboff as his medical expert, and Defendants retained Dr. Robert Bowman.  4/14/11 Joint Letter, ECF 124 at 2.  The parties exchanged initial medical expert reports by the February 18, 2011 deadline.  *Id.*  On March 10, the district court granted a stipulation to extend the deadline for expert rebuttal reports by one day to March 9.  3/10/11 Order, ECF No. 117 at 1-2.  Defendants produced Dr. Bowman's rebuttal report on March 9, 2011.  4/14/11 Joint Letter, ECF No. 124 at 2.

On March 15, 2011, Mr. Woodson's counsel contacted Defendants' counsel to request an extension of time to submit a "reply report" by Dr. Graboff.  *Id*. at 2.  Defendants declined the request.  *Id.*  That same day, Mr. Woodson attempted to directly serve Defendants with a copy of Dr. Graboff's six-page "reply report," but Defendants' counsel rejected service.  *Id*. at 2, 8.  Plaintiff again attempted to provide a copy of Dr. Graboff's report to Defendants' counsel shortly before Dr. Graboff's deposition on March 23, 2011, but Defendants counsel again declined service.  *Id*.

At the deposition, Mr. Woodson's counsel again offered Defendants' counsel the opportunity to review the report when she admitted it into evidence.  *Id*.  Once more, Defendants' counsel refused to review the report because the deadline for rebuttal reports had expired and Mr. Woodson's counsel had not timely requested an extension.  *Id*. at 2.  When Plaintiff's counsel began questioning Dr. Graboff about the report, Defendants' counsel left the deposition.  *Id.* at 2.

Defendants now ask the court to strike Dr. Graboff's reply report and his deposition testimony regarding the report.  *Id.* at 5.

**1. Defendants' Argument**

Defendants argue this court should strike Dr. Graboff's additional report and limit his testimony

---

[2] These are the final dates.  The parties stipulated to modifying the original dates several times.

C 07-04925 CW (LB)
ORDER RE 4/14/11 DISCOVERY DISPUTE

2

to the opinions expressed in his original report because the additional report was untimely. *Id*. at 3. The deadline for disclosing rebuttal expert reports was March 9, 2011, but Mr. Woodson did not attempt to produce what he now classifies as a reply report until March 15, 2011. *Id*. at 3, 5. Defendants argue that Mr. Woodson failed to request additional time from the court and has offered no explanation for the late production. *Id.*

Defendants further argue that the late production was prejudicial because they were unable to investigate the additional opinions in the report prior to Dr. Graboff's deposition. *Id.* at 5. Furthermore, because Defendants produced their rebuttal report on time, Dr. Graboff had the opportunity to review the rebuttal report and prepare a response. *Id*.

Defendants also contend that Mr. Woodson's categorization of the report as a "reply report" is improper because the Federal Rules of Civil Procedure do not contemplate such a report. *Id*. at 3. The report is thus only proper if it is a supplemental report submitted under Rule 26(e)(2). *Id.* Even if it is a supplemental report, it is improper because the court did not issue an order requiring Mr. Woodson to file a supplemental report, Mr. Woodson did not assert that Dr. Graboff's original report was inaccurate or incomplete, and the additional report was not in response to any further discovery. *Id*. at 3-4.

If the court does not strike the report, Defendants ask to further depose Dr. Graboff regarding the contents of the report at Mr. Woodson's expense. *Id.* at 5-6.

**2. Mr. Woodson's Argument**

Mr. Woodson contends that Dr. Graboff's report is not a supplemental report under Rule 26(e), rather, it is a "reply report." *Id.* at 6. He categorizes it as "simply a short, written disclosure of Dr. Graboff's opinions regarding Dr. Bowman's March 9, 2011 Rebuttal Report." *Id.* The purpose of the report was not to disclose new opinions or exceed the scope of proper expert discovery under the Rules. *Id.* Instead, Mr. Woodson sought merely to disclose Dr. Graboff's thoughts regarding Dr. Bowman's rebuttal report in writing for purposes of full disclosure. *Id.*

Mr. Woodson also argues that Defendants have not suffered any prejudice because he gave them numerous opportunities to review the report prior to Dr. Graboff's deposition. *Id.* at 8. Furthermore, Mr. Woodson attempted to produce the report only five days after Defendants

1 submitted Dr. Bowman's rebuttal report and ten days before Dr. Graboff's deposition, thus
2 providing Defendants ample opportunity to review it prior to the deposition. *Id.* Therefore,
3 Defendants' caused whatever prejudice they allegedly suffered. *Id.* Unless the court finds that
4 Defendants suffered prejudice, Mr. Woodson urges the court to prohibit further depositions of Dr.
5 Graboff because Defendants counsel could have finished the deposition but elected to leave before it
6 was over. *Id.* at 10.

### 3. Court's Ruling

Under Federal Rule of Civil Procedure 26(a)(2)(D), absent a stipulation or court order, parties must make their expert disclosures "at the times and in the sequence the court orders." A court may exclude information or witnesses from supplying evidence on a motion, at a hearing, or at a trial if a party violates the court's scheduling orders, unless the violation is harmless. Fed. R. Civ. P. 37 (c)(1).

The district court granted the parties' stipulation to extend the deadline to submit rebuttal reports for their medical experts to March 9, 2011. 3/10/11 Order, ECF No. 117. Defendants timely produced their expert rebuttal report, but Mr. Woodson did not, and instead produced a reply report after the deadline. The district court's original case management order and all of the subsequent stipulations modifying those dates do not contemplate reply reports.

Mr. Woodson's untimely filing of the report was harmless. The purpose of expert disclosures are to help counsel "prepare intelligently for trial and to solicit the views of other experts." *See Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 761 (7th Cir. 2010) (citation omitted). Mr. Woodson contends – and Defendants do not contest – that the report "elaborates on previously disclosed opinions and does not introduce new information." 4/14/11 Joint Letter, ECF No. 124 at 7. Thus, in so far as the reply report helps Defendants (1) prepare for Dr. Graboff's deposition and trial and (2) solicit the views of their experts by more specifically articulating Dr. Graboff's previously expressed opinions, Defendants have not suffered any harm by the untimely production. If anything, had Defendants accepted service, the reply report would have helped them prepare for Dr. Graboff's deposition. Though Mr. Woodson attempted to produce the report six days after the rebuttal expert deadline, Defendants still had ten days to review the report and prepare for Dr.

1 Graboff's deposition. That Defendants' counsel refused service does not change this fact. What is
2 more, trial is not scheduled to begin until August 5, 2011 so Defendants have approximately six
3 months to review the reply report and prepare for trial. Lastly, because the reply report offers no
4 new opinions or information, either party could have inquired into its substance even if Mr.
5 Woodson had not produced it. Accordingly, Mr. Woodson's late production of the reply report was
6 harmless. The court **DENIES** Defendants' motion to strike it.

7 The court also **DENIES** Defendants' request to strike Dr. Graboff's deposition testimony
8 following Defendants' counsel's departure from the deposition. Because the late production of the
9 reply report was harmless and therefore, exclusion is unwarranted, Mr. Woodson's counsel was
10 permitted to ask Dr. Graboff questions about the substance of the report. If Defendants wish to
11 question Dr. Graboff about any of the information contained in that portion of the deposition, they
12 may do so, but they may only ask questions relating to the reply report. Also, because Defendants'
13 counsel had the opportunity to depose Dr. Graboff regarding the substance of the report but elected
14 to leave the deposition, Defendants must bear the costs of any further deposition.

15 This disposes of ECF No. 124.

16 **IT IS SO ORDERED**

17 Dated: April 28, 2011

18 _____
LAUREL BEELER
United States Magistrate Judge